FILED
DECEMBER 6, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VIRDA BELL BULLARD, JOHN G. ALEXANDER, CLARENCE EDWARD BATTS, SR., ELNORA BELL, PAULLETTE BLAYLOCK, CHARLES H. BOOKER, JAMES ROY BOOKER, JOHN R. BORGAS, DONNA FAYE BREE, LISA MICHELLE BREEDLOVE, KERWIN BROOKS, COPPIN ARDELL BROWN, FLORENE J. BROWN, CHENITHA LASHONE BURLESON, JAMES EARL BURNETT, JAMES ROY BUMS, CHARLES BYNAUM, EARNEST CARRATHUS, CLEMMIE LEE CARTER, DORLISHA CHILDS, BRENDA CLIFTON, DENNIE FAYE COOPER, LETETIA CREAR, INA SHERI CROSS, DON RAY DARDEN, BOBBIE B. DAVIS, JOHN DAVIS, JR., LEONARD EDWARD DAVIS, WALSH DAVIS, MARCELINA GONZALES DELEON, BILLIE JEAN DENSON, CHARLES RAY DEVAULT, TOM DEVAULT, JASPER DOTSON, NATHAN EWING, JR., FRANK LEE EWING, SR., TED ALEXANDER FLEMINGS, ALTER MAE FLETCHER, ORA NELL RAY FORD, LEE GEORGE, JR., ANTOINETTE DENISE GRANT, CARRIE LEE GRAY, C.D. GREEN, THOMAS HANK, JR., JIMMIE HEARD, JR., LUCY HENDERSON, WESELY EARL HENDERSON, CAROLYN JOYCE HENRY, DOCK HESTER, CANTREAS LASHA HOGUES, JESSE LOYD HOGUES, SR., LUMAN W. HOLLOWAY, SHARON SUE HOLLOWAY, LILLY M. HOLMES, CHARLES JACKSON, AUSTIN EARL JACKSON, JR., KESHA LASHA JACKSON, MINNIE OLA JACKSON, THOMAS JACKSON, JUNE MARIE JOHNSON, RUBY JEWEL JOHNSON, COLQUITT KENNERSON, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>**07 C 6883**<br><br>**JUDGE KENNELLY**<br>**MAGISTRATE JUDGE ASHMAN** |

| | |
|---|---|
| PAMELA DENISE LANKSTER, JESSIE RAY LAVAN, PATRICIA A. LAVAN, EARLENE LISTER, ELMER JOAN LISTER, FELIPE PONCE LOPEZ, JR., BOBBIE JEAN LOVINGS-MCCARTNEY, DONACIANO E. MARTINEZ, SHAUNDRA NECHELL MARTINEZ, STEPHANIE NICOLE MATHIS, BRISCOE TYRONE, ANEATHIA LOUISE MATHIS, MARIE MATHIS, RUBY LEE MATHIS, JAMES W. MCCOY, JANE G. MCCULLOUGH, CHARLES LOUIS MCNEIL, GILBERT MCNEIL, SR., JAMES E. MELTON, JR., CLINT MOLETT, BEVERLY ROSE MOORE, SHARLA MOORE, SHIRLEY ANN MOORE, STEPHANIE ELAINE MOORE, MELANIE CHANTEL MOSES, BELINDA W. NICHOLS, WALTER EARL NIX, JR., LAWRENCE CLARENCE NIX, WALTER EARL NIX, SR., GEORGE ALBERT PENNIE, LUELLA RAY, MECHERNETTE REDIC, CLIFTON ARNOLD ROBERTS, BOBBIE JEAN ROBINSON, RHONDA ROGERS, LEROY ROSS, HELEN D. SAMS, ELIZABETH SAUAGE, HENRY LEON SCARLETT, WANDA FAYE SCARLETT-BASS, JESSIE SCHULTZ, IOLA ELIZABETH SCOTT, EVERLENE SWEED, ANGELINA TAPLIN, EVA CLYDE TAYLOR, RUSSELL-CHARLES TAYLOR, SR., JANE THOMAS, MANUEL JAMES THOMAS, PATRICIA A. TOLBERT, FLOYD TOWSEND, SR., BEATRICE TOWNSEND-HURD, DONELL TRAVIS, MARY HELEN VASQUEZ, RITA Y. VASQUEZ, MAE RUTH WATSON, JEROME WHEELER, EDWARD JAMES WILLIAMS, LEE CHARLES WILLIAMS, LLOYD CURTIS WILLIAMS, CLEMON J. WILSON, SHELIA WILSON, MARTIN WISE, JR., CLARA WOODFORD, ROBERT K. WYATT, JIMMY LEE BLACKWELL | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

2

| | |
|---|---|
| DAVID CORONA, JOHN LEE DARDEN, EDDIE L. EVERLINE, SR., MELVIN FISHER, CHARLES LEE NORRIS KING, WILLIE LAVAN, SR., LUPE P. LOPEZ, JAMES EARL MELTON, SR., ROBBIE SMITH AS SPECIAL ADMINISTRATOR OF THE ESTATE OF ANDREW JAMES SMITH, DECEASED, SHARON JAMES AS SPECIAL ADMINISTRATOR OF THE ESTATE OF JOYCE MARIE HOUSTON, DECEASED, MAGGIE DAWSON AS SPECIAL ADMINISTRATOR OF THE ESTATE OF VERSIE BEE LISTER, DECEASED, WARREN SUMMER, JR. AS SPECIAL ADMINISTRATOR OF THE ESTATE OF WARREN J. SUMMERS, SR., DECEASED, DEANYA RANDLE AS SPECIAL ADMINISTRATOR OF THE ESTATE OF JAMES WILLIAMS, SR., DECEASED, AND CHARLESETTA MAYBERRY AS SPECIAL ADMINISTRATOR OF THE ESTATE OF ROBERT WILCOX, JR., DECEASED, <br><br>                Plaintiffs, <br> vs. <br><br> BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, KOPPERS INDUSTRIES, INC., MONSANTO COMPANY, DOW CHEMICAL COMPANY, AND VULCAN MATERIALS COMPANY, <br><br>                Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## DEFENDANTS' JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendants BNSF RAILWAY COMPANY ("BNSF"),[1] KOPPERS INC. ("Koppers"),[2] MONSANTO COMPANY

---

[1] BNSF is incorrectly identified as "Burlington Northern Santa Fe Railway Company" in Plaintiffs' Complaint.

[2] Koppers is incorrectly identified as "Koppers Industries, Inc." in Plaintiffs' Complaint.

3

("Monsanto"),[3] THE DOW CHEMICAL COMPANY ("Dow"),[4] and VULCAN MATERIALS COMPANY ("Vulcan") (hereinafter sometimes collectively referred to as "the Defendants"), by and through their undersigned counsel, hereby remove the above-entitled action from the Circuit Court of Cook County, Illinois, County Department, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

I.  **INTRODUCTION**

   A.  **The Present Action**

   1.  On October 31, 2007, this action was commenced in the Circuit Court of Cook County, Illinois entitled *Bullard, et. al. v. Burlington Northern Santa Fe Railway Company*, et. al., Case No. 2007-L-012332 (the "Bullard Action"). A copy of the Bullard Complaint is attached hereto as <u>Exhibit A</u>. On November 6, 2007, Koppers and Monsanto were the first Defendants served with the Bullard Complaint.[5]

   2.  The Bullard Complaint names 144 individual plaintiffs (the "Bullard Plaintiffs" or "Plaintiffs") who are allegedly "residents or former residents of Somerville, Burleson County, Texas" and current "citizens of Illinois, California, Arizona, Louisiana and Texas." (Bullard Complaint, ¶ 1.1, Attachment A).[6]

   3.  The Bullard Plaintiffs seek recovery based on operation of a wood treatment facility near Somerville, Texas (the "Somerville Plant"). The Defendants deny all claims of purported contamination, health risk, property damage, and personal injury made in connection with the Somerville Plant, whether made in this case or the other cases described below.

---

[3] The subject matter of this lawsuit relates to time periods before Monsanto was incorporated, and to products that were never manufactured, sold, and/or distributed by Monsanto. Monsanto was incorporated on February 9, 2000. The subject matter of this lawsuit relates to the alleged actions, and former business, of Pharmacia Corporation, f/k/a Monsanto Company.

[4] Dow is incorrectly identified as "Dow Chemical Company" in Plaintiffs' Complaint.

[5] Dow and BNSF were served with Plaintiffs' Complaint on November 8, 2007. Vulcan was served with Plaintiffs' Complaint on November 9, 2007.

4

4.  Among other things, the Bullard Plaintiffs claim that the "lack of containment of toxic chemicals" used at the Somerville Plant to "manufacture railroad cross ties, bride timbers, poles, pilings and other wood products" have "caused them injuries and damages." Bullard Complaint, ¶¶ 3.1, 3.5.

### B. The Putative Class Actions Involving The Same Or Similar Factual Allegations

5.  The Bullard Action is only one of a line of purported class actions that assert the same or similar factual allegations against some or all of the Defendants involving alleged toxic exposure and alleged contamination resulting from the operation of the Somerville Plant. As explained below, there have been three putative class actions in the past three years.

#### i. The Davis Putative Class Action

6.  On June 16, 2005, a putative class action was commenced in the United States District Court for the Western District of Texas entitled *Leonard Davis, et al. v. Koppers Industries, Inc., et al.*, Case No. A05CA464 SS (the "Davis Action"). A copy of the Davis Complaint is attached hereto as Exhibit B.

7.  Like the Bullard Plaintiffs, the Davis Plaintiffs[7] sued Koppers, BNSF, Monsanto, Dow, and Vulcan based on the operations of the Somerville Plant. Also like the Bullard Plaintiffs, the Davis Plaintiffs alleged that "toxic chemicals" were used at the Somerville Plant "to produce treated railroad ties and other chemically treated specialty wood products for the railroad industry" and that these chemicals had allegedly "contaminated plaintiffs' homes and real estate, places of business and public schools" as well as "the air, ground, and water resources of the Somerville environment." Davis Complaint, ¶¶ 2, 5. The Davis Plaintiffs also claimed

---

[6] The Bullard Complaint does not identify the citizenship of each individual plaintiff.
[7] One of the named plaintiffs in Davis – Leonard Edward Davis – is also an individual plaintiff in the Bullard Action.

5

that they were at "an unacceptably high risk for serious and life threatening diseases" as a result of their purported exposure to the alleged toxic chemicals. *Id.* at ¶¶ 5, 173-81.

8.  The Davis Plaintiffs purported to represent a class of past and present property owners and residents, and those who were employed and went to school, within five miles of the Somerville plant. Davis Complaint, ¶¶ 73-74.

9.  The Davis Plaintiffs converted their proposed class action to a mass tort action on December 23, 2005. The Davis Plaintiffs voluntarily dismissed their mass tort action on November 20, 2006.[8] At least twenty-five of the plaintiffs in the Davis mass tort action are now plaintiffs in the Bullard Action.[9]

10.  The Bullard Action and the Davis Action involve the same or similar factual allegations asserted against the same defendants.[10] In fact, many of the factual allegations in the Bullard Complaint are virtually identical to those in the Davis Complaint. *Compare, e.g.,* Bullard Complaint at ¶¶ 3.3-3.26 *with* Davis Complaint at ¶¶ 76-101; Bullard Complaint at ¶ 3.29 *with* Davis Complaint at ¶ 20. And many or most of the Bullard named plaintiffs herein were also putative class members in Davis.

   ii.   **The Batts Putative Class Action**

---

[8] The Davis court had ordered the Davis Plaintiffs to sever their individual claims and file separate suits stating each Plaintiff's claim against each Defendant with reasonable specificity. Rather than bring individual claims, however, the Davis Plaintiffs chose to voluntarily dismiss their claims and then brought the instant action in an effort to circumvent the Davis Court's order.

[9] Although there could be others given the similarity of names, at least the following Davis Plaintiffs are also Plaintiffs in the present action: Clarence Edward Batts, Sr.; James Roy Burns; Ina Sheri Cross; John Lee Darden; Leonard Edward Davis; Dock Hester; Cantreas Lasha Hogues; Jesse Lloyd Hogues, Sr.; Lilly M. Holmes; Austin Earl Jackson, Jr.; Charles Jackson; Kesha Jackson; Thomas Jackson; June Marie Johnson; Earlene Lister; Aneathia Louise Mathis; Stephanie E. Moore; Melanie Chantel Moses; Walter E. Nix, Sr.; George Albert Penny; Luella Ray; Rhonda Rogers; Rita Y. Vasquez; Edward J. Williams; and Clara Woodford.

[10] In addition, two of the plaintiffs' attorneys in the Bullard Action – Grover G. Hankins and Dwight E. Jefferson – also represented the plaintiffs in the Davis Action.

6

11.     On October 15, 2007, a putative class action was commenced in the United States District Court for the Western District of Pennsylvania entitled *Bill Batts, et al. v. Koppers, Inc.* (the "Batts Action"). A copy of the Batts Complaint is attached hereto as <u>Exhibit C</u>.

12.     The Batts Plaintiffs sought recovery based on the operation of the Somerville Plant, alleging that "processing and production of creosote treated railroad track crossties" purportedly resulted in "unsafe and highly toxic amounts of creosote, dioxins, pentachlorophenol chemicals, and other carcinogenic chemical by-products" being "released into the air and atmosphere immediately covering the community of Somerville" and falling or settling "upon Plaintiffs' homes, land, buildings, schools, and the community in general." Batts Complaint, ¶ 15. The Batts Plaintiffs also alleged that they were at "an increased and unreasonably dangerous risk of harm and injury" and that "[d]ozens of Somerville residents" suffered injuries, including death, "as a direct result of Defendant's processing operations of railroad ties and other wood products" at the Somerville Plant. *Id.* at ¶¶ 2, 4-5, 13-16, 58-68.

13.     The Batts Plaintiffs sought to represent a proposed class of "[a]ll past and present residents of the city of Somerville, in Burleson County, Texas since the commencement of wood treatment operations in Somerville, Burleson County, Texas by Defendant Koppers." Batts Complaint, ¶ 57(A).

14.     The Batts Plaintiffs voluntarily dismissed their complaint on November 16, 2007.

15.     Again, the Bullard Action and the Batts Action involve the same or similar factual allegations asserted against at least one of the same primary defendants, Koppers. Many of the factual allegations in the Bullard Complaint are virtually identical to those in the Batts Complaint. *Compare, e.g.*, Bullard Complaint at ¶¶ 3.3-3.33 *with* Batts Complaint at ¶¶ 19-47.

    iii.    **The Brinston Putative Class Action**

7

16. On October 25, 2007, a putative class action was commenced in the District Court of Burleson County, Texas entitled *Leon Brinston, et al. v. Koppers Industries Inc., et al.*, Case No. 25,099 (the "Brinston Action"). A copy of the Brinston Complaint is attached hereto as Exhibit D. On October 26, 2007, Koppers removed the Brinston Action to the United States District Court for the Western District of Texas under the Class Action Fairness Act.

17. Each Brinston Plaintiff was also a named plaintiff in the Davis Action. Brinston Complaint, ¶¶ 8-15; Davis Complaint, ¶¶ 9, 12, 14-19.

18. Among other things, the Brinston Plaintiffs alleged that "toxic chemicals" were used at the Somerville Plant "to produce treated railroad ties and other chemically treated specialty wood products for the railroad industry" and that these chemicals allegedly "injured and contaminated the plaintiffs" and their "homes and real estate, places of business and public schools" as well as "the air, ground, and water resources of the Somerville environment." Brinston Complaint, ¶¶ 2, 4, 36. The Brinston Plaintiffs also claim that they are at "an unacceptably high risk for serious and life threatening diseases" as a result of their purported exposure to the alleged toxic chemicals. *Id.* at ¶ 4.

19. The Brinston Plaintiffs purport to represent a class of "all persons who own property or lease property within 1 mile of the plant" and who allegedly "have had their person and/or property contaminated with the aforesaid toxins released from the Somerville plant." Brinston Complaint, ¶ 37.

20. Again, the Bullard Action and the Brinston Action involve the same or similar factual allegations asserted against at least two of the primary defendants in this case, Koppers and BNSF.[11] Many of the factual allegations in the Bullard Complaint are virtually identical to

---

[11] Three of the plaintiffs' attorneys in the Bullard Action – Grover G. Hankins, Dwight E. Jefferson, and James L. "Larry" Wright – also represent the plaintiffs in the Brinston Action.

those in the Brinston Complaint. *Compare, e.g.*, Bullard Complaint at ¶¶ 3.3-3.26 *with* Brinston Complaint at ¶¶ 41-66; Bullard Complaint at ¶ 3.29 *with* Brinston Complaint at ¶ 16. And many or most of the Bullard named plaintiffs herein are also putative class members in Brinston.

II.  **REMOVAL OF THIS ACTION IS PROPER**

    A.  **Notice Of Removal Is Timely**

    21.  On November 6, 2007, Koppers and Monsanto were the first Defendants served with the Bullard Complaint. This notice of removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

    B.  **Defendants Have Provided The Court With All Pleadings**

    22.  Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of pleadings and orders of which the Defendants are aware in this action is attached hereto as <u>Exhibit E</u>.

    C.  **Removal Is Proper Pursuant To 28 U.S.C. ¶¶ 1441 And 1446**

    23.  Pursuant to 28 U.S.C. § 1441, removal is proper because this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332(d) and 1453.

    24.  The Circuit Court of Cook County, Illinois is located within the Northern District of Illinois, Eastern Division. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending."[12] 28 U.S.C. § 1441(a).

    D.  **Notice Will Be Given**

    25.  Pursuant to 28 U.S.C. § 1446(a), Defendants will promptly file a Notice of Filing of Notice of Removal with the Circuit Court of Cook County, Illinois. Likewise, Defendants

---

[12] Venue in an action removed from state court to federal court is governed by the removal statute – 28 U.S.C. § 1441 – not by the general venue statute – 28 U.S.C. § 1391. *See, e.g., Travel Supreme, Inc. v. Nver Enter., Inc.*, No. 07-194, 2007 U.S. Dist. LEXIS 75482, at *19-21 (N.D. Ill. Oct. 5, 2007). Venue in this action is therefore proper in the Northern District of Illinois by virtue of the fact the Northern District embraces the Circuit Court of Cook County, Illinois, where Plaintiffs chose to file their Complaint. *See* 28 U.S.C. § 1441(a). Defendants reserve their right, however, to challenge venue in Cook County, Illinois under the Illinois state venue provisions if this case is ever remanded to state court.

will promptly serve the Bullard Plaintiffs' attorneys of record with this Notice of Removal and the Notice of Filing.

### E. This Court Has Jurisdiction Pursuant To The Class Action Fairness Act, 28 U.S.C. § 1332(d)

26. This case is subject to removal pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453 ("CAFA").

#### i. This Case Qualifies As A "Mass Action" As Defined In § 1332(d)(11)(B)

27. A case qualifies as a "mass action" under CAFA if it is one "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11). Additionally, it must be shown that at least one plaintiff seeks recovery in excess of $75,000. 28 U.S.C. § 1332(d)(11)(B)(i); *see Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1206-07 (11th Cir. 2007); *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 689-90 (9th Cir. 2006). The Bullard Complaint satisfies this standard and thus qualifies as a "mass action."[13]

##### (a) Claims Of 100 Or More Persons

28. The Bullard Complaint identifies 144 individual plaintiffs and seeks, among other things, personal injury damages, wrongful death damages, and punitive damages. Bullard Complaint, ¶¶ 10.1; 11.1-11.3; 13.1; Attachment A. The Bullard Action therefore meets the requirement of § 1332(d)(11)(B)(i) that the case involve the "monetary relief claims of 100 or more persons." 28 U.S.C. § 1332(d)(11)(B)(i).

##### (b) Alleged Common Questions Of Law Or Fact Sought To Be Tried Jointly

---

[13] The Defendants deny that the Bullard claims involve common questions of law or fact or are appropriate for a joint trial.

29. The Bullard Plaintiffs have joined the alleged claims of 144 individual plaintiffs under one caption, and filed a single complaint with that one caption in the Circuit Court of Cook County.

30. The Bullard Plaintiffs also generally allege one set of facts and one set of legal claims for all 144 individual plaintiffs, which arise out of the operation of the Somerville plant. In all substantial respects, the allegations in the Bullard Complaint parallel what the earlier Davis, Batts, and Brinston Complaints purported to be "common" issues. Defendants continue to deny the substance of these allegations, and also plaintiffs' characterization of these issues as common.

31. Although not explicitly stated, the Bullard Plaintiffs clearly seek a joint trial of such purported common legal and factual issues. As such, the Bullard Complaint meets the requirement of § 1332(d)(11)(B)(i) that the Plaintiffs' claims "are proposed to be tried jointly" on the ground that the claims allegedly "involve common questions of law or fact."[14] 28 U.S.C. § 1332(d)(11)(B)(i); *see also* S. Amy Spencer, *Once More Into the Breach, Dear Friends: The Case for Congressional Revision of the Mass Action Provisions in the Class Action Fairness Act of 2005*, 39 LOY. L.A. L. REV. 1067, 1079-81 (2006) ("If Congress intended to encompass 'class actions in disguise' and prevent plaintiffs from making an end run on the class action provisions, interpreting 'proposed to be tried jointly' to mean joined by the plaintiffs – not a court – would accomplish Congress's goal."); 151 Cong. Rec. H729 (daily ed. Feb. 17, 2005) (statement of Rep. Sensenbrenner) ("The Sponsors [of CAFA] wish to stress that a complaint in which 100 or more plaintiffs are named fits the criteria of seeking to try their claims together, because there would

---

[14] The Defendants deny Plaintiffs' allegations and, by filing this notice, do not concede that Plaintiffs' claims involve common issues of fact or law or are appropriate for joint trial.

be no other apparent reason to include all of those claimants in a single action unless the intent was to secure a joint trial of the claims asserted in the action.").

32. As noted above, many of these plaintiffs, and these same plaintiffs' counsel, have sought or proposed "joint trials" of purportedly "common issues" in other cases – either as class actions or as mass trials. The Defendants have always objected to joint trials, always maintaining that individual claims must be tried individually. The Defendants thus assert that the Bullard claims must be tried individually. The Bullard Complaint, however, purports to join all 144 claims in the same case, and with the same factual allegations, and thus qualifies as a "mass action" under CAFA.

### (c) Claims Exceeding $75,000

33. The Bullard Plaintiffs allege that "many of the claims being asserted herein have a value in excess of $75,000." Bullard Complaint, ¶ 2.3. The Bullard Action therefore satisfies the jurisdictional amount requirement under § 1332(d)(11)(B)(i). *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1206-07 (11th Cir. 2007); *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 689-90 (9th Cir. 2006).

### ii. This Case Satisfies The Class Action Removal Requirements of § 1332(d)(2)-(10).

34. As set forth below, the Bullard Complaint alleges an action in which (1) there are 100 or more individual plaintiffs; (2) at least some of the individual plaintiffs have a different citizenship from some defendants; and (3) the claims of the individual plaintiffs exceed the sum or value of $5,000,000 in the aggregate. Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)-(10).

### (a) Action Consisting Of More Than 100 Members

12

35. As explained above, the Bullard Complaint identifies 144 individual plaintiffs. Bullard Complaint, Attachment A. Based on these and other allegations, the aggregate number of plaintiffs is obviously greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

    **(b) Diversity Of Citizenship**

36. The Bullard Plaintiffs are citizens of Illinois, California, Arizona, Louisiana, and Texas. Bullard Complaint, ¶ 1.1

37. BNSF is a Delaware corporation with its principal place of business in Texas; Koppers is a Pennsylvania corporation with its principal place of business in Pennsylvania; Dow is a Delaware corporation with its principal place of business in Michigan; and Vulcan is a New Jersey corporation with its principal place of business in Alabama. Bullard Complaint, ¶¶ 1.3, 1.5, 1.6.

38. Minimal diversity therefore exists under CAFA. 28 U.S.C. § 1332(d)(2)(A).

    **(c) The Aggregate Amount-In-Controversy Requirement**

39. The Bullard Plaintiffs allege four separate claims: (1) Negligence (Count I); (2) Trespass (Count II); (3) Willful and Wanton Conduct (Count III); and (4) Strict Liability (Count IV).

40. Based on these allegations, the Bullard Plaintiffs seek several forms of relief, including:

    a. Personal injury damages for (1) "past and future medical expenses"; (2) "past and future loss of earning capacity"; (3) "past and future pain and suffering"; (4) "past and future disability and/or loss of a normal life"; (5) "past and future mental anguish"; (6) "past and future physical impairment"; and (7) "past and future disfigurement";

    b. Wrongful death damages, "including the loss of money, benefits, goods, services, and society, including love, affection, care, attention, companionship, comfort, guidance and protection of the decedent" and "loss of consortium";

    c.    Monetary damages for the estates of the deceased plaintiffs to compensate for (1) "conscious pain and suffering"; (2) "medical expenses of the Decedents"; (3) "loss of earnings"; (4) "caretaking expenses of the Decedents"; (5) "disfigurement"; and (6) "loss of enjoyment of life and mental anguish";

    d.    Punitive damages;

    e.    Pre-judgment and post-judgment interest;

    f.    Costs; and

    g.    "[S]uch other and further relief to which Plaintiffs may show themselves to be justly entitled at law or in equity."

Bullard Complaint, ¶¶ 10.1-16.1; Prayer.

41. Under CAFA, the claims of individual plaintiffs in a mass action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6).

42. The Defendants vigorously deny that Plaintiffs are entitled to any of their sought-after relief. It is clear, however, that the Bullard Plaintiffs' claims easily meet CAFA's jurisdictional threshold. As indicated earlier, the Bullard Plaintiffs allege that "many of the claims being asserted herein have a value in excess of $75,000." Bullard Complaint, ¶ 2.3. Even assuming that only half of the 144 individual Bullard Plaintiffs are seeking damages of $75,000, those 72 claims alone would exceed $5,000,000 in the aggregate.

## III. CONCLUSION

WHEREFORE, Defendants BNSF Railway Company, Koppers Inc., Monsanto Company, The Dow Chemical Company, and Vulcan Materials Company hereby remove the above-styled action pending against them in the Circuit Court of Cook County, Illinois, to this Honorable Court.

Dated: December 6, 2007

14

Respectfully submitted,

BNSF RAILWAY COMPANY

By: _____

Daniel J. Mohan [ARDC #6187721]
Daley & Mohan, PC
150 N. Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 422-9999
Facsimile: (312) 201-9368

**Attorneys for Defendant, BNSF Railway Company**


OF COUNSEL:

Douglas W. Poole
    (motion for *pro hac vice* admission to be filed)
McLeod, Alexander, Powel & Apffel
A Professional Corporation
802 Rosenberg; P.O. Box 629
Galveston, Texas 77553
Telephone: (409) 763-2481
Facsimile: (409) 762-1155

Respectfully submitted,

KOPPERS INC.


By: /s/ Robert L. Shuftan


Robert L. Shuftan (3124475)
Brent R. Austin (6220501)
Leonard S. Kurfirst (6187651)
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 201-2000
Facsimile: (312) 201-2555

**Attorneys for Defendant, Koppers Inc.**

Respectfully submitted,

MONSANTO COMPANY

By: /s/ R. Kelley

Darren VanPuymbrouck (6193910)
Renee C. Kelley (6289904)
Schiff Hardin LLP
6600 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6473
Telephone: (312) 258-5559
Facsimile: (312) 258-5600

**Attorneys for Defendant, Monsanto Company**

OF COUNSEL:

Kenneth R. Heineman
    (motion for *pro hac vice* admission to be filed)
Joe Kilpatrick
    (motion for *pro hac vice* admission to be filed)
Charles Ron Hobbs, II
    (motion for *pro hac vice* admission to be filed)
Husch & Eppenberger, LLC
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505

Respectfully submitted,

THE DOW CHEMICAL COMPANY

By: *[signature]*

Lise T. Spacapan (6188257)
Gabrielle Sigel (6186108)
Stacy S. Jakobe (6277053)
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

**Attorneys for Defendant, The Dow Chemical Company**

Respectfully submitted,

VULCAN MATERIALS COMPANY

By: _____

Larry J. Chilton (6185236)
Chilton Yambert Porter & Young LLP
150 South Wacker Drive, Suite 2400
Chicago, IL 60606
Telephone: (312) 460-8000
Facsimile: (312) 460-8299
ARCD# 35613
**Attorneys for Defendant, Vulcan Materials Company**

OF COUNSEL:

Stephen C. Dillard
    (motion for *pro hac vice* admission to be filed)
Fulbright & Jaworski L.L.P.
1301 McKinney, Suite 5100
Husch & Eppenberger, LLC
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

**CERTIFICATE OF SERVICE**

    I, Robert L. Shuftan, an attorney, state that I have served a copy of the foregoing Defendants' Joint Notice of Removal to all counsel of record by depositing a copy of same in the United States Mail at 225 West Wacker Drive, Chicago, Illinois, 60606, properly addressed with the proper prepaid postage affixed thereto this 6th Day of December, 2007.


                                                                 /s/ Robert L. Shuftan