**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VIRDA BELL BULLARD; et. al.** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 07 C 6883 |
| **BURLINGTON NORTHERN SANTA** | ) | Judge Kennelly |
| **FE RAILWAY COMPANY; KOPPERS** | ) | Magistrate Judge Ashman |
| **INDUSTRIES, INC.; MONSANTO** | ) | |
| **COMPANY; DOW CHEMICAL** | ) | |
| **COMPANY; AND VULCAN** | ) | |
| **MATERIALS COMPANY** | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT MONSANTO COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant Monsanto Company (hereinafter "Monsanto"), by and through its undersigned attorneys, and for its Answer and Affirmative Defenses to Plaintiffs' Complaint, denies each and every allegation, matter, statement, contention, and assertion contained in Plaintiffs' Complaint, except as hereinafter stated, qualified, or admitted, and further states as follows:

## PRELIMINARY STATEMENT – MONSANTO CORPORATE HISTORY

The subject matter of this lawsuit relates to time periods before Monsanto was incorporated, and to products that were never manufactured, sold and/or distributed by Monsanto. Monsanto was incorporated on February 9, 2000, as a Delaware Corporation with its principal place of business at 800 North Lindbergh Blvd., St. Louis, Missouri 63167. The subject matter of this lawsuit relates to the alleged actions, and former business, of Pharmacia Corporation f/k/a Monsanto Company. Therefore, Monsanto sets

forth this statement of corporate history to explain the content and scope of this Answer and Affirmative Defenses.

Pharmacia Corporation was incorporated as Monsanto Chemical Company in Delaware in 1933 and later changed its name to Monsanto Company ("Old Monsanto Company").  Monsanto was incorporated as Monsanto Ag Company as a subsidiary of Old Monsanto Company on February 9, 2000, and later changed its name to Monsanto Company.  On April 3, 2000, Old Monsanto Company and Pharmacia & Upjohn, Inc. merged.  The surviving entity changed its name to Pharmacia Corporation ("Pharmacia").  On September 1, 2000, a portion of Monsanto's shares became publicly traded when Pharmacia distributed 15% of its Monsanto shares to Pharmacia's shareholders.  On or about August 13, 2002, Pharmacia distributed all of its Monsanto shares to Pharmacia's shareholders, establishing Monsanto as a 100% publicly traded company.

## ANSWER

## I.
## PARTIES

1.1    The allegations contained in paragraph 1.1 of Plaintiffs' Complaint state a legal conclusion to which no response is required.  To the extent that any allegation contained in paragraph 1.1 is deemed a factual allegation against Monsanto, Monsanto denies such allegations in paragraph 1.1.

1.2    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 1.2 of Plaintiffs' Complaint and, therefore, denies same.

1.3     Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 1.3 of Plaintiffs' Complaint and, therefore, denies same.

1.4     Monsanto admits that it is a Delaware Corporation with its principal place of business in St. Louis, Missouri. Monsanto further admits that its registered agent in Illinois is Illinois Corporation Service at 801 Adlai Stevenson Drive, Springfield, IL 62703. Monsanto denies the remaining allegations in paragraph 1.4 of Plaintiffs' Complaint.

1.5     Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 1.5 of Plaintiffs' Complaint and, therefore, denies same.

1.6     Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 1.6 of Plaintiffs' Complaint and, therefore, denies same.

## II.
## JURISDICTION AND VENUE

2.1     The allegations contained in paragraph 2.1 of Plaintiffs' Complaint state a legal conclusion to which no response is required. To the extent that any allegation contained in paragraph 2.1 is deemed a factual allegation against Monsanto, Monsanto denies such allegations in paragraph 2.1.

2.2     The allegations contained in paragraph 2.2 of Plaintiffs' Complaint state a legal conclusion to which no response is required. To the extent that any allegation contained in paragraph 2.2 is deemed a factual allegation against Monsanto, Monsanto denies such allegations in paragraph 2.2.

2.3    The allegations contained in paragraph 2.3 of Plaintiffs' Complaint state a legal conclusion to which no response is required. To the extent that any allegation contained in paragraph 2.3 is deemed a factual allegation against Monsanto, Monsanto denies such allegations in paragraph 2.3.

2.4    The allegations contained in paragraph 2.4 of Plaintiffs' Complaint state a legal conclusion to which no response is required. To the extent that any allegation contained in paragraph 2.4 is deemed a factual allegation against Monsanto, Monsanto denies such allegations in paragraph 2.4.

### III.
### FACTUAL BASIS OF PLAINTIFFS' CLAIMS

3.1    Monsanto denies the allegations contained in paragraph 3.1 of Plaintiffs' Complaint as they relate to Monsanto. Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.1 of Plaintiffs' Complaint as they relate to any defendant other than Monsanto and, therefore, denies same.

**The Koppers Cicero, Illinois Facility**

3.2    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.2 of Plaintiffs' Complaint and, therefore, denies same.

**The Wood Treatment Facility**

3.3    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.3 of Plaintiffs' Complaint and, therefore, denies same.

3.4     Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.4 of Plaintiffs' Complaint and, therefore, denies same.

**Chemical Involvement**

3.5     Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.5 of Plaintiffs' Complaint and, therefore, denies same.

3.6     Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.6 of Plaintiffs' Complaint and, therefore, denies same.

3.7     Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.7 of Plaintiffs' Complaint and, therefore, denies same.

3.8     Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.8 of Plaintiffs' Complaint and, therefore, denies same.

3.9     Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.9 of Plaintiffs' Complaint and, therefore, denies same.

3.10    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.10 of Plaintiffs' Complaint and, therefore, denies same.

3.11    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.11 of Plaintiffs' Complaint and, therefore, denies same.

3.12    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.12 of Plaintiffs' Complaint and, therefore, denies same.

3.13    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.13 of Plaintiffs' Complaint and, therefore, denies same.

3.14    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.14 of Plaintiffs' Complaint and, therefore, denies same.

3.15    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.15 of Plaintiffs' Complaint and, therefore, denies same.

**Supplier Defendants**

3.16    Monsanto denies the allegations contained in Paragraph 3.16 of Plaintiffs' Complaint as they relate to Monsanto.  Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.16 of Plaintiffs' Complaint as they relate to Defendants Dow Chemical Company and Vulcan Materials Company and, therefore, denies same.

**Plaintiffs' Chemical Exposure**

3.17    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.17 of Plaintiffs' Complaint and, therefore, denies same.

3.18    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.18 of Plaintiffs' Complaint and, therefore, denies same.

3.19    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.19 of Plaintiffs' Complaint and, therefore, denies same.

3.20    Monsanto denies the allegations contained in paragraph 3.20 of Plaintiffs' Complaint as they relate to Monsanto.  Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.20 of Plaintiffs' Complaint as they relate to any defendant other than Monsanto and, therefore, denies same.

3.21    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.21 of Plaintiffs' Complaint and, therefore, denies same.

3.22    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.22 of Plaintiffs' Complaint and, therefore, denies same.

3.23     Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.23 of Plaintiffs' Complaint and, therefore, denies same.

3.24     Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.24 of Plaintiffs' Complaint and, therefore, denies same.

3.25     Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.25 of Plaintiffs' Complaint and, therefore, denies same.

3.26     Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.26 of Plaintiffs' Complaint and, therefore, denies same.

3.27     Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.27 of Plaintiffs' Complaint and, therefore, denies same.

3.28     Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.28 of Plaintiffs' Complaint and, therefore, denies same.

3.29     Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.29 of Plaintiffs' Complaint, and all sub-paragraphs thereof, and, therefore, denies same.

3.30    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.30 of Plaintiffs' Complaint and, therefore, denies same.

3.31    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.31 of Plaintiffs' Complaint and, therefore, denies same.

3.32    Monsanto denies the allegations contained in paragraph 3.32 of Plaintiffs' Complaint as they relate to Monsanto.  Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.32 of Plaintiffs' Complaint as they relate to any defendant other than Monsanto and, therefore, denies same.

3.33    Monsanto denies the allegations contained in paragraph 3.33 of Plaintiffs' Complaint as they relate to Monsanto.  Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.33 of Plaintiffs' Complaint as they relate to any defendant other than Monsanto and, therefore, denies same.

## CAUSES OF ACTION

### IV.
### NEGLIGENCE

4.1    To the extent Plaintiffs adopt and incorporate the statements and allegations made in paragraphs 3.1 through 3.33 of Plaintiffs' Complaint as and for paragraph 4.1 of Plaintiffs' Complaint, Monsanto adopts and incorporates its responses to paragraphs 3.1 through 3.33 as and for its response to paragraph 4.1 of Plaintiffs' Complaint.

4.2     Monsanto denies the allegations contained in paragraph 4.2 of Plaintiffs' Complaint as they relate to Monsanto.  Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4.2 of Plaintiffs' Complaint as they relate to any defendant other than Monsanto and, therefore, denies same.

4.3     Monsanto denies the allegations contained in paragraph 4.3 of Plaintiffs' Complaint as they relate to Monsanto.  Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4.3 of Plaintiffs' Complaint as they relate to any defendant other than Monsanto and, therefore, denies same.

4.4     Monsanto denies the allegations contained in paragraph 4.4 of Plaintiffs' Complaint as they relate to Monsanto.  Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4.4 of Plaintiffs' Complaint as they relate to any defendant other than Monsanto and, therefore, denies same.

4.5     Monsanto denies the allegations contained in paragraph 4.5 of Plaintiffs' Complaint as they relate to Monsanto.  Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4.5 of Plaintiffs' Complaint as they relate to any defendant other than Monsanto and, therefore, denies same.

4.6     Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4.6 of Plaintiffs' Complaint and, therefore, denies same.

4.7    Monsanto denies the allegations contained in paragraph 4.7 of Plaintiffs' Complaint as they relate to Monsanto.  Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4.7 of Plaintiffs' Complaint as they relate to any defendant other than Monsanto and, therefore, denies same.

4.8    Monsanto denies the allegations contained in paragraph 4.8 of Plaintiffs' Complaint as they relate to Monsanto.  Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4.8 of Plaintiffs' Complaint as they relate to any defendant other than Monsanto and, therefore, denies same.

4.9    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4.9 of Plaintiffs' Complaint and, therefore, denies same.

4.10    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4.10 of Plaintiffs' Complaint and, therefore, denies same.

4.11    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4.11 of Plaintiffs' Complaint and, therefore, denies same.

4.12    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4.12 of Plaintiffs' Complaint and, therefore, denies same.

4.13    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4.13 of Plaintiffs' Complaint and, therefore, denies same.

4.14    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4.14 of Plaintiffs' Complaint and, therefore, denies same.

4.15    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4.15 of Plaintiffs' Complaint and, therefore, denies same.

4.16    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4.16 of Plaintiffs' Complaint and, therefore, denies same.

4.17    Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4.17 of Plaintiffs' Complaint and, therefore, denies same.

4.18    Monsanto denies the allegations contained in paragraph 4.18 of Plaintiffs' Complaint as they relate to Monsanto.  Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4.18 of Plaintiffs' Complaint as they relate to any defendant other than Monsanto and, therefore, denies same.

4.19    Monsanto denies the allegations contained in paragraph 4.19 of Plaintiffs' Complaint as they relate to Monsanto.  Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4.19 of Plaintiffs'

Complaint as they relate to any defendant other than Monsanto and, therefore, denies same.

4.20    Monsanto denies the allegations contained in paragraph 4.20 of Plaintiffs' Complaint as they relate to Monsanto.  Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4.20 of Plaintiffs' Complaint as they relate to any defendant other than Monsanto and, therefore, denies same.

**V.**
**TRESPASS**

5.1 – 5.8    The allegations contained in paragraphs 5.1 through 5.8 of Count V – Trespass of Plaintiffs' Complaint are not directed to Monsanto.  To the extent that any allegation contained in paragraphs 5.1 through 5.8 may be deemed to apply to Monsanto, Monsanto denies each and every such allegation contained in paragraphs 5.1 through 5.8 of Count V – Trespass of Plaintiffs' Complaint.

**VI.**
**WILLFUL AND WANTON CONDUCT**

6.1 – 6.6    The allegations contained in paragraphs 6.1 through 6.6 of Count VI – Willful and Wanton Conduct of Plaintiffs' Complaint are not directed to Monsanto. To the extent that any allegation contained in paragraphs 6.1 through 6.6 may be deemed to apply to Monsanto, Monsanto denies each and every such allegation contained in paragraphs 6.1 through 6.6 of Count VI – Willful and Wanton Conduct of Plaintiffs' Complaint.

**VII.**
**STRICT LIABILITY**

7.1     To the extent Plaintiffs adopt and incorporate the statements and allegations made in paragraphs 3.1 through 3.33 of Plaintiffs' Complaint as and for paragraph 7.1 of Plaintiffs' Complaint, Monsanto adopts and incorporates its responses to paragraphs 3.1 through 3.33 as and for its response to paragraph 7.1 of Plaintiffs' Complaint.

7.2     Monsanto denies the allegations contained in paragraph 7.2 of Plaintiffs' Complaint as they relate to Monsanto.  Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7.2 of Plaintiffs' Complaint as they relate to any defendant other than Monsanto and, therefore, denies same.

7.3     Monsanto denies the allegations contained in paragraph 7.3 of Plaintiffs' Complaint, including all sub-paragraphs thereof, as they relate to Monsanto.  Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7.3 of Plaintiffs' Complaint as they relate to any defendant other than Monsanto and, therefore, denies same.

7.4     Monsanto denies the allegations contained in paragraph 7.4 for Plaintiffs' Complaint.

7.5     Monsanto denies the allegations contained in paragraph 7.5 of Plaintiffs' Complaint as they relate to Monsanto.  Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7.5 of Plaintiffs' Complaint as they relate to any defendant other than Monsanto and, therefore, denies same.

7.6     Monsanto denies the allegations contained in paragraph 7.6 of Plaintiffs' Complaint as they relate to Monsanto.  Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7.6 of Plaintiffs' Complaint as they relate to any defendant other than Monsanto and, therefore, denies same.

7.7     Monsanto denies the allegations contained in paragraph 7.7 of Plaintiffs' Complaint as they relate to Monsanto.  Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7.7 of Plaintiffs' Complaint as they relate to any defendant other than Monsanto and, therefore, denies same.

7.8     Monsanto denies the allegations contained in paragraph 7.8 for Plaintiffs' Complaint.

7.9     Monsanto denies the allegations contained in paragraph 7.9 of Plaintiffs' Complaint as they relate to Monsanto.  Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7.9 of Plaintiffs' Complaint as they relate to any defendant other than Monsanto and, therefore, denies same.

## VIII.
## GENERAL AGENCY ALLEGATIONS

8.1     Monsanto denies the allegations contained in paragraph 8.1 of Plaintiffs' Complaint as they relate to Monsanto.  Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 8.1 of Plaintiffs' Complaint as they relate to any defendant other than Monsanto and, therefore, denies same.

## IX.
## FRAUDULENT CONCEALMENT, DISCOVERY RULE, ESTOPPEL, AND TOLLING OF LIMITATIONS

9.1     Monsanto denies the allegations contained in paragraph 9.1 of Plaintiffs' Complaint as they relate to Monsanto.  Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 9.1 of Plaintiffs' Complaint as they relate to any defendant other than Monsanto and, therefore, denies same.

9.2     Monsanto denies the allegations contained in paragraph 9.2 of Plaintiffs' Complaint.

9.3     Monsanto denies the allegations contained in paragraph 9.3 of Plaintiffs' Complaint as they relate to Monsanto.  Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 9.3 of Plaintiffs' Complaint as they relate to any defendant other than Monsanto and, therefore, denies same.

## <u>DAMAGES</u>

## X.
## PERSONAL INJURY DAMAGES

10.1     Monsanto denies the allegations contained in paragraph 10.1, including all sub-paragraphs thereof, of Plaintiffs' Complaint.

## XI.
## WRONGFUL DEATH DAMAGES

11.1     Monsanto is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 11.1 of Plaintiffs' Complaint and, therefore, denies same.

11.2    Monsanto denies the allegations contained in paragraph 11.2 of Plaintiffs' Complaint.

11.3    Monsanto denies the allegations contained in paragraph 11.3, including all sub-paragraphs thereof, of Plaintiffs' Complaint.


## XII.
## SURVIVAL ACTION BY THE ESTATES OF DECEDENTS

12.1    Monsanto denies the allegations contained in Paragraph 12.1 of Plaintiffs' Complaint.

12.2    Monsanto denies the allegations contained in Paragraph 12.2, including all sub-paragraphs thereof, of Plaintiffs' Complaint.


## XIII.
## PUNITIVE DAMAGES

13.1    Monsanto denies that Plaintiffs are entitled to punitive damages.

## XIV.
## POST-JUDGMENT INTEREST

14.1    Monsanto denies that Plaintiffs are entitled to post-judgment interest.

## XV.
## RESERVATION OF RIGHTS

15.1    Monsanto denies that Plaintiffs are entitled to prove the amount of alleged damages at trial or amend their Complaint to add additional claims upon further discovery or as their investigation continues.


## XVI.
## REQUEST FOR JURY TRIAL

16.1    Monsanto denies that Plaintiffs are entitled to a joint trial by jury.

## XVII.
## PRAYER

Monsanto denies that Plaintiffs are entitled to any of the relief sought in Plaintiffs' prayer for relief in Section XVII – Prayer of Plaintiffs' Complaint.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1.      The subject matter of this lawsuit relates to time periods before Monsanto was incorporated, and to products that were never manufactured, sold and/or distributed by Monsanto.  Accordingly, Plaintiffs fail to state a claim against Monsanto, in whole or in part, upon which relief may be granted.

2.      The acts and omissions of Plaintiffs and their decedents, and not Monsanto, were the sole cause of any injuries or damages to Plaintiffs and their decedents.  Alternatively, the acts and omissions of Plaintiffs and their decedents, and not Monsanto, constitute a new and independent cause of any injuries or damages to Plaintiffs and their decedents sufficient to prevent a finding of proximate cause against Monsanto.

3.      Any injuries or damages alleged to have been sustained by Plaintiffs and their decedents were proximately caused by their own fault and negligence, and, in the alternative, were proximately caused by the misuse of the product or products in question.

4.      Any conditions or risks, if any, were known to the Plaintiffs and their decedents and were open, obvious and apparent to Plaintiffs and their decedents, and Plaintiffs and their decedents assumed the risk.

5.      Plaintiffs' and their decedents' injuries and damages, if any, were caused or contributed to, in whole or in part, by the acts or omissions of persons and/or entities other than Monsanto, over whom Monsanto had no control or responsibility, or by the superseding intervention of causes outside of Monsanto's control or responsibility.

6.      Monsanto alleges that other parties, whether named or unnamed in Plaintiffs' Complaint, and whether known or presently unknown to Monsanto, were negligent or legally responsible or otherwise at fault for the injuries and damages alleged. Therefore, in the unlikely event any party recovers against Monsanto, whether by settlement or judgment, this Court should make an apportionment of fault as to all responsible parties.    Monsanto further requests a judgment or declaration of indemnification or contribution against each and every party or person in accordance with the apportionment of fault pursuant to Illinois law, Texas law, or any other applicable state's statutory or common law.

7.      Any injuries or damages claimed by Plaintiffs and their decedents against Monsanto were caused by intervening acts and/or omissions of third parties.

8.      Plaintiffs' claims are barred because Monsanto did not owe any duty of care to Plaintiffs or their decedents.  Monsanto never owned or operated any facilities at the Stickney plant in Cicero, Illinois or the Somerville wood treatment plant located in Burleson County, Texas (hereinafter "the Facilities").  Monsanto did not supervise or have any authority or control over the use or disposal of chemicals the Facilities. Therefore, any alleged injuries to Plaintiffs or their decedents were unforeseeable to Monsanto.

9.      Plaintiffs may not recover on the claims pleaded in their Complaint because the damages sought are too speculative and remote.

10.      Plaintiffs have no right to recover, or a verdict should be reduced by, the value of any benefits received by Plaintiffs and their decedents, paid on behalf of

Plaintiffs and their decedents, or available to Plaintiffs and their decedents from any collateral source.

11.    Monsanto is entitled to a set off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiffs and their decedents with respect to the same alleged damages.

12.    Any injuries or damages allegedly suffered or sustained by Plaintiffs and their decedents were caused or contributed to by conditions over which Monsanto had no control and for which it was not responsible, including but not limited to an unavoidable accident.

13.    All or part of the claims asserted against Monsanto herein are barred by the applicable statutes of limitations or repose.

14.    Plaintiffs' claims against Monsanto are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, and/or other equitable doctrines.

15.    Plaintiffs' claims are barred or must be reduced to the extent Plaintiffs and their decedents failed to mitigate any alleged damages or by the doctrine of avoidable consequences.

16.    Plaintiffs' claims are barred by a failure to identify any product that was manufactured and sold by Old Monsanto Company as the substance causing the alleged injuries and damages to Plaintiffs, their decedents, and their property.

17.    Plaintiffs' and their decedents' diseases or medical problems or disabilities, if any, are in no way related to any alleged exposure to any product specified, sold, distributed, installed or applied by Old Monsanto Company.  Plaintiffs' and their decedents' damages were caused or aggravated by other exposures or other causes or

instrumentalities, and not related to any exposure to any product specified, sold, distributed, installed or applied by Old Monsanto Company.

18.    If Plaintiffs and their decedents were exposed to any alleged product specified, sold, distributed, installed or applied by Old Monsanto Company, which is denied, such exposure was of a *de minimus* nature and could not within a reasonable degree of certainty be the legal and proximate cause of Plaintiffs' and their decedents' damages, conditions, or injuries.

19.    Plaintiffs' claims are barred because, upon information and belief, and at all times material hereto, Old Monsanto Company's products were consistent with the available technological, medical, scientific, and industrial state of the art and complied with all federal statutes and regulations.

20.    Monsanto avers that, upon information and belief, Old Monsanto Company did not know, and in light of the existing reasonably available scientific and technological knowledge, could not have known, of (1) the product characteristics, if any, that allegedly caused or contributed to the injuries and damages complained of herein or the alleged danger of such characteristics, or (2) any alternative design or product available.  Monsanto further avers that, upon information and belief any alternative design or product was not feasible or available to Old Monsanto Company, either scientifically or technologically, or economically practical.

21.    The state of the medical, scientific and industrial knowledge, art and practice was at all times such that Old Monsanto Company neither breached any alleged duty owed to Plaintiffs and their decedents, nor knew, nor could have known, that any products allegedly attributable to Old Monsanto Company presented a foreseeable risk of

harm to Plaintiffs and their decedents in connection with the normal and expected use of such products.

22.     If a duty to warn is found to have existed, then upon information and belief Old Monsanto Company provided all required warnings.

23.     Plaintiffs' negligence and strict liability claims against Monsanto are preempted by applicable federal and/or state statutes, rules, standards, or regulations, specifically including, but not limited to, the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), 7 U.S.C. § 136 *et seq*., and/or 40 C.F. R. § 152.130(a) and the Federal Hazardous Substances Act ("FHSA"), 15 U.S.C. § 1261, *et seq*., and its predecessor, the Federal Hazardous Substances Labeling Act.  On information and belief, Old Monsanto Company's pentachlorophenol product had a FIFRA-approved label. Therefore, the claims must be dismissed.

24.     Plaintiffs' claims are barred because, upon information and belief, if Old Monsanto Company sold the products alleged in the Complaint, Old Monsanto Company discharged whatever duty it may have had to warn Plaintiffs and their decedents of the potential risks involved with said product(s) by providing adequate and complete warnings regarding the handling and use of such product(s) to sophisticated intermediaries and users of any and all such product(s), which warnings, given the sophistication of the intermediaries and users, were entirely adequate.

25.     Plaintiffs' claims are barred because the entities that purchased Old Monsanto Company's product(s), if any, modified, altered, and changed the products, chemicals, and compounds, referred to in Plaintiffs' Complaint, so that such changes in

said products, chemicals and compounds proximately caused the loss and damages complained of, if there were any.

26.     Plaintiffs, by their and/or their decedents' acts, conduct and omissions, are estopped from asserting the claims alleged in the Complaint, and each cause of action stated therein.

27.     Texas, Illinois, and any other applicable state law imposing joint and several liability violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the Texas, Illinois, and other applicable state Constitutions, because it imposes on an alleged tortfeasor a liability in excess of the responsibility of that alleged tortfeasor as found by the jury.  This excess is effectively a fine, bearing no relation to the conduct or state of mind of the alleged tortfeasor.  Instead, Texas, Illinois, and other applicable state law unconstitutionally bases the imposition of that excess liability only upon the ability of that alleged tortfeasor to pay the judgment.

28.     Monsanto hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and reserves the right to amend its Answer to assert any such defense.

29.     Plaintiffs are barred from recovery for some or all of the claims asserted against Monsanto because Monsanto did not owe any legal duty to Plaintiffs and their decedents or, if Monsanto owed a legal duty, Monsanto did not breach that duty.

30.     Plaintiffs' and their decedents' injuries and damages, if any, were not caused by the negligence or conduct of Monsanto, but rather were proximately caused by the unforeseeable and/or unintended use(s) and/or misuse(s) of the products in question.

31.     No action or product of Monsanto was the actual or proximate cause or a producing cause of any injury to Plaintiffs and their decedents.

32.     Plaintiffs fail to properly plead a request for punitive damages, including but not limited to the restrictions on pleading a request for punitive damages pursuant to 735 ILCS 5/2-604.1, TEX. CIV. PRAC. & REM. CODE § 41, and any other applicable state's law.

33.     Plaintiffs' claims against Monsanto are barred, in whole or in part, by lack of privity.

34.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of comparative fault set forth in Chapter 33, TEX. CIV. PRAC. & REM. CODE, 735 ILCS 5/2/1116, as well as any other applicable state's statutes or common law.

35.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of sole proximate cause.

36.     Plaintiffs' claims are barred, in whole or in part, by the "learned intermediary," bulk supplier, "informed intermediary," or "sophisticated user" doctrines, and/or the principles of Section 388 of the Restatement (Second) of Torts.

37.     Plaintiffs' and their decedents' injuries, if any, are the result of pre-existing physical conditions unrelated to the allegations against Monsanto.

38.     The products at issue allegedly distributed, sold, and supplied by Old Monsanto Company, if any, were for use in a limited market by a limited class of workers who have held themselves out as having special knowledge and experience in the handling of this material.  Upon information and belief, Plaintiffs, their decedents, their employer(s), and/or the users and recipients of the products were experienced members

of that limited class of skilled individuals, upon whose special knowledge and expertise concerning the danger of the products, if any, Old Monsanto Company was entitled to rely. Old Monsanto Company had no duty to warn of dangers which Plaintiffs, their decedents, their employers and/or the users and recipients of the products knew, or should have known, as a result of their special knowledge or expertise in the handling of these products.

39.     Any products allegedly distributed, sold, and supplied by Old Monsanto Company, if any, were at all times reasonably fit and suitable for the purposes for which they were distributed and sold and that Plaintiffs' and their decedents' alleged injuries or damages, if any, did not result from any alleged exposure either by way of product, design or marketing defect.

40.     If a duty to warn is found to have existed, then upon information and belief Old Monsanto Company provided all required warnings regarding its products to Plaintiffs, their decedents, their employers, and/or the users and recipients of the products, and if Plaintiffs and their decedents did not receive these warnings it was because their employers and/or the users and recipients of the products did not, through their acts or omissions, pass the warnings along to Plaintiffs and their decedents, without fault of Old Monsanto Company.

41.     Plaintiffs and their decedents were not foreseeable users of the products at issue.

42.     If a duty to warn is found to have existed, then upon information and belief Old Monsanto Company provided all required warnings regarding its products to people to whom it sold its products and to people who used its products, and if Plaintiffs

and their decedents did not receive these warnings it was because the products were supplied in bulk and/or the persons and/or entities to whom Old Monsanto Company sold its products or the persons who or entities which used its products did not, through their own acts or omissions, pass the product warnings along to Plaintiffs and their decedents, without fault of Old Monsanto Company.

43.    Monsanto denies that it is liable for any damages in this case.  Monsanto contends, however, that Plaintiffs' claims against Monsanto are several and not joint in nature pursuant to 735 ILCS 5/2-1117, or any other applicable state's statutory or common law.

44.    Monsanto is entitled to a determination of the percentage of responsibility of Plaintiffs, their decedents, each defendant, each person, and each responsible party, even if such person or entity has not been joined in this action, for each such person or entity causing or contributing to cause in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination thereof and, if Monsanto is found liable, which liability Monsanto denies, then Monsanto is entitled to a reduction of its liability to the extent of determined percentage of responsibility pursuant to and consistent with 740 ILCS 100/2-3 or any other applicable state's statutory or common law.

45.    Monsanto denies that it is liable for any damages in this case.  Monsanto contends, however, that any damage award to Plaintiffs that utilizes any joint and several liability scheme would be unconstitutional, as such a scheme is violative of Monsanto's due process and equal protection guarantees under the United States, Illinois, Texas, or

any other applicable state's Constitutions.  These provisions violate Monsanto's due process guarantees because no legitimate state interest supports the statutes, and no rational relationship exits between a legitimate state interest and the promotion of Illinois' or Texas' joint and several liability schemes.  Additionally, the Illinois and Texas systems of assessing joint and several liability violate Monsanto's equal protection guarantees because they operate to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law.  The joint and several liability schemes are also unconstitutionally void for vagueness under the United States, Texas, Illinois or any other applicable state's Constitutions.

46.    Plaintiffs are not entitled to any recovery of punitive or exemplary damages against Monsanto because:

a)    To the extent Plaintiffs seek punitive damages, Plaintiffs' claims for punitive damages are barred because an award of punitive damages would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the due process clause of the Texas and Illinois Constitutions and any other applicable state constitution, in that:

i.    The jury will be allowed to consider evidence of a defendant's wealth in assessing punitive damages.

ii.    There are no definite standards whereby the judiciary may determine the submissibility of punitive damages or the amount of any such award.

iii.    There are no effective procedures whereby the judiciary can review either the submissibility or the magnitude of punitive damages.

iv.    The guidelines, standards, procedures, and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective, and fundamentally unfair.

v.    The vague and inconsistent legal standards for the imposition of punitive damages deprive Monsanto of sufficient notice of the type of conduct and mental state upon which an award of punitive damages could be based.

vi.    No objective limitations or standards have been established concerning the amount or severity of any punitive damages award.

vii.    Monsanto was not provided with fair and adequate notice of the punishment, through punitive damages, including the severity of the penalty.

b)    To the extent Plaintiffs seek punitive damages, Plaintiffs' claims for punitive damages are barred because they are essentially criminal in nature and a form of punishment, and they seek to deny defendant rights guaranteed to defendants in criminal proceedings under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution, the Texas and Illinois Constitutions and

any other applicable state constitution, such rights include, among other things:

   i.      a requirement that the basis for the imposition of punitive damages be proven by Plaintiffs;

   ii.     the right to a unanimous twelve-person jury verdict in jury trials; and

   iii.    the right to a separate hearing for the determination of the amount of punitive damages under applicable provisions of state law.

c)   To the extent Plaintiffs seek punitive damages, Plaintiffs' claims for punitive damages are barred because they seek to impose punishment that is excessive and grossly disproportionate to the misconduct alleged, in violation of the Texas and Illinois Constitutions and any other applicable state constitution.

d)   To the extent Plaintiffs seek punitive damages, Plaintiffs' claims for punitive damages are barred to the extent they seek the admission of evidence of a defendant's net worth or wealth in determining whether punitive damages are to be awarded and/or in what amount, because punitive damages are a form of punishment, and punishment that is grounded in a defendant's status, rather than in specific misconduct, has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States

and the Texas and Illinois Constitutions and any other applicable state constitution.

e)    To the extent Plaintiffs seek punitive damages, Plaintiffs' claims for punitive damages are barred because punitive damages are a form of punishment and any such award under the laws of the States of Texas and Illinois and any other applicable state would violate Monsanto's procedural and substantive Due Process rights, and Equal Protection rights, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, the Texas and Illinois Constitutions and any other applicable state constitution where a jury:   (i) is not provided with standards of sufficient clarity, objectivity and uniformity for determining the appropriateness of awarding, or the appropriate size of any punitive damages; (ii) is not instructed on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (iii) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (iv) is permitted to award punitive damages under standards for determining liability for, and amount of, punitive damages that are vague and arbitrary and do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible;

and (v) is not subject to judicial review on the basis of objective and uniform standards.

f)      To the extent Plaintiffs seek punitive damages, Plaintiffs' claims for punitive damages are barred because an award of punitive damages in this action would be an unconstitutional burden on interstate commerce in violation of the Commerce Clause of Article I, Section 9 of the United States Constitution.

g)      To the extent Plaintiffs seek punitive damages, Plaintiffs' claims for punitive damages in this lawsuit are a request to impose economic sanctions in violation of the sovereignty of other states.

h)      Further, any such recovery would violate Monsanto's rights under Article I, Section 9, United States Constitution, because such is an *ex post facto* law.

i)      Further, an award of punitive damages is a violation of the Contract Clause of the Constitution of the United States of America.

j)      Further, an award of punitive damages is a violation of the Double Jeopardy Clause of the Constitution of the United States of America.

k)      Illinois and any other applicable state's scheme for punitive damages and the Jury Instructions for punitive damages, violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Excessive Fines Clause of the

Eighth Amendment to the United States Constitution, and Article 1, §§ 10 and 22(a) of the Illinois Constitution, Article 1, §§ 10, 14, and 19, and any other applicable state constitution, for the reasons set forth above in this section.

In the alternative, Monsanto pleads and invokes any and all standards for recovery and limitations on the amount of recovery for punitive or exemplary damages to the full extent provided by the laws of the United States, Texas, Illinois, and any other applicable states.

47. To the extent Plaintiffs seeks punitive damages, Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clauses of the Illinois Constitution, Texas Constitution, and any other applicable state constitution because the law governing punitive damages provides inadequate procedural protections against arbitrary or erroneous awards of such damages. A State may constitutionally award punitive damages only if the law of that State provides significant and effective procedural protections to defendant, which the law does not.

48. To the extent Plaintiffs seek punitive damages, Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clauses of the Illinois Constitution, Texas Constitution, and any other applicable state constitution because Monsanto lacks adequate notice either of the type of conduct that could warrant an award of punitive damages under the law, or of the amount of such damages that could be awarded. The lack of fair notice bars any award of punitive damages.

49.     To the extent Plaintiffs seek punitive damages, Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clause of the Illinois Constitution and any other applicable state constitution because the law fails to require that any award of punitive damages bear a close relationship to appropriate civil fines or penalties established by the legislature, or by administrative agencies under authority delegated by the legislature.

50.     To the extent Plaintiffs seek punitive damages, Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clauses of the Illinois Constitution, Texas Constitution, and any other applicable state constitution because punitive damages, as awarded, impermissibly discriminate against corporate defendants, including Monsanto in this case, that are organized under the laws of other States and that maintain its principal places of business in other States.

51.     To the extent Plaintiffs seek punitive damages, Plaintiffs' claims for punitive damages are barred by the Commerce Clause of the United States Constitution, Article I, § 8, cl. 3, because the transactions alleged in Plaintiffs' Complaint took place in interstate commerce, and the imposition of punitive damages on a defendant for transactions in interstate commerce unduly burdens that commerce.   In addition, Monsanto maintains its principal place of business outside this State, and imposition of punitive damages on out-of-state defendants would unreasonably discriminate against interstate commerce.

52.     To the extent Plaintiffs seek punitive damages, Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by principles of federalism embodied in the Constitution, to the extent that claim is based on any conduct by Monsanto that occurred outside this State.  No legitimate interest of this State can be served by the imposition of punitive damages based on conduct that occurred outside this State, and therefore Due Process prohibits the award of punitive damages based on such conduct.

53.     To the extent Plaintiffs seek punitive damages, Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clause of the applicable state constitutions to the extent the law of this State permits the introduction of evidence of defendant's financial condition or 'net worth' with respect to the quantum of punitive damages.  The introduction of such evidence violates Due Process by inviting the jury to award an arbitrary amount of punitive damages based on defendant's status as an industrial enterprise.

54.     Plaintiffs' claims for pre-judgment interest should be limited by Section 41.007 of the Texas Civil Practice and Remedies Code and Chapter 304 of the Texas Finance Code, and any other applicable state's statutory or common law.

**MONSANTO DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

WHEREFORE, for the reasons stated above, Monsanto prays this Court enter its order dismissing Plaintiffs' Complaint against Monsanto with prejudice, award Monsanto its costs for defending this action, and grant Monsanto such other further relief as this Court deems just and proper.

Respectfully submitted,

SCHIFF HARDIN LLP

By: /s/ Darren VanPuymbrouck
Darren VanPuymbrouck
Marla R. Shade
6600 Sears Tower
233 South Wacker Drive
Chicago, Illinois  60606-6473
Telephone: (312) 258-5559
Facsimile: (312) 258-5600
dvanpuymbrouck@schiffhardin.com
mshade@schiffhardin.com

**Attorneys for Defendant Monsanto Company**

OF COUNSEL:
Kenneth R. Heineman
      (motion for *pro hac vice* admission to be filed)
Charles Ron Hobbs, II
      (motion for *pro hac vice* admission to be filed)
Joe Kilpatrick
      (motion for *pro hac vice* admission to be filed)
Husch & Eppenberger, LLC
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505

## <u>CERTIFICATE OF SERVICE</u>

The undersigned states that a copy of <u>Defendant Monsanto Company's Answer and Affirmative Defenses to Plaintiffs' Complaint</u> was served upon the following to all counsel of record by means of the Court's electronic filing system and by depositing a copy of same in the United States Mail this 13th Day of December, 2007:

James L. "Larry" Wright
Watts Law Firm, LLC
111 Congress Avenue, Suite 1000
Austin, Texas 78701

Dwight E. Jefferson
Dwight E. Jefferson, P.L.L.C.
405 Main Street, Suite 950
Houston, Texas 77002

Grover G. Hankins
The Hankins Law Firm
440 Louisiana Street, Suite 725
Houston, Texas 77002

David S. Jasmer
Davis S. Jasmer, LLC
111 W. Washington Street, Suite 1150
Chicago, Illinois 60602

*Attorneys for Plaintiffs*

Robert L. Shuftan
Brent R. Austin
Leonard S. Kurfirst
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, Suite 3000
Chicago, Illinois 60606
*Attorneys for Defendant, Koppers Inc.*

Lisa T. Spacapan
Gabrielle Sigel
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, Illinois 60611-7603
*Attorneys for Defendant, The Dow Chemical Company*

Larry J. Chilton
Chilton Yambert Porter & Young LLP
150 South Wacker Drive, Suite 2400
Chicago, IL  60606
*Attorneys for Defendant, Vulcan Materials Company*

Daniel J. Mohan
Daley & Mohan, PC150 N. Wacker Drive
Chicago, Illinois 60606
*Attorneys for Defendant, BNSF Railway Company*

/s/ Darren VanPuymbrouck