**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **VIRDA BELL BULLARD; et. al.** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 07-C-6883 |
| **BURLINGTON NORTHERN SANTA** | ) | |
| **FE RAILWAY COMPANY; KOPPERS** | ) | Judge Kennelly |
| **INDUSTRIES, INC.; MONSANTO** | ) | Magistrate Judge Ashman |
| **COMPANY; DOW CHEMICAL** | ) | |
| **COMPANY; AND VULCAN** | ) | |
| **MATERIALS COMPANY** | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT VULCAN MATERIALS COMPANY'S ORIGINAL
ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant, Vulcan Materials Company ("Vulcan"), answers the Plaintiffs' Complaint as follows:

**I.
PARTIES**

1.1    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 1.1 of the Complaint.

1.2    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 1.2 of the Complaint.

1.3    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 1.3 of the Complaint.

1.4    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 1.4 of the Complaint.

1.5    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.5 of the Complaint.

1.6    Vulcan denies each and every allegation contained in Paragraph 1.6 of the Complaint, except admits that Vulcan is a New Jersey corporation and may be served with process by serving its registered agent, Prentice Hall Corporation System, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

## II.
## JURISDICTION AND VENUE

2.1    The allegations contained in Paragraph 2.1 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan denies each and every allegation contained in Paragraph 2.1 of the Complaint.

2.2    The allegations contained in Paragraph 2.2 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 2.2, and denies each and every allegation contained directed toward Vulcan in Paragraph 2.2 of the Complaint.

2.3    The allegations contained in Paragraph 2.3 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan denies each and every allegation contained in Paragraph 2.3 of the Complaint.

2.4    The allegations contained in Paragraph 2.4 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan denies each and every allegation contained in Paragraph 2.4 of the Complaint.

### III.
### FACTUAL BASIS OF PLAINTIFFS' CLAIMS

3.1     Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 3.1 of the Complaint, and denies any allegations directed toward Vulcan contained in Paragraph 3.1 of the Complaint.

**The Koppers Cicero, Illinois Facility**

3.2     Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.2 of the Complaint.

**The Wood Treatment Facility**

3.3     Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.3 of the Complaint, except that Vulcan admits that the Somerville facility is located in Burleson County, Texas.

3.4     Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.4 of the Complaint.

**Chemical Involvement**

3.5     Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in sentence one of Paragraph 3.5 of the Complaint.  Vulcan denies each and every allegation contained in the last sentence of Paragraph 3.5 of the Complaint.

3.6     Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.6 of the Complaint.

3.7     Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.7 of the Complaint.

3.8     Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 3.8 of the Complaint.  Vulcan denies each and every allegation contained in the last sentence of Paragraph 3.8 of the Complaint.

3.9     Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.9 of the Complaint.

3.10     Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.10 of the Complaint.

3.11     Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.11 of the Complaint.

3.12     Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.12 of the Complaint, except that Vulcan admits that pentachlorophenol is produced by the catalyzed direct chlorination of phenol and is the dominant preservative used the for the treatment of utility poles.

3.13     Vulcan denies each and every allegation contained in Paragraph 3.13 of the Complaint.

3.14      Vulcan denies each and every allegation contained in Paragraph 3.14 of the Complaint.

3.15     Vulcan denies each and every allegation contained in the first sentence of Paragraph 3.15 of the Complaint.  The second sentence contained in Paragraph 3.15 is not an allegation and therefore no responsive pleading is required.

**Supplier Defendants**

3.16     The allegations contained in Paragraph 3.16 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not

directed toward Vulcan in Paragraph 3.16, and denies each and every allegation contained directed toward Vulcan in Paragraph 3.16 of the Complaint.

**Plaintiffs' Chemical Exposure**

3.17    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.17 of the Complaint, except that Vulcan admits that a pressure treating facility was operated at or near Somerville, Texas.

3.18    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.18 of the Complaint.

3.19    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.19 of the Complaint.

3.20    Vulcan denies each and every allegation directed toward Vulcan contained in Paragraph 3.20 of the Complaint.

3.21    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in the first sentence of Paragraph 3.21 of the Complaint.  Vulcan denies each and every allegation contained in the second sentence of Paragraph 3.21 of the Complaint.

3.22    Vulcan denies each and every allegation contained in Paragraph 3.22 of the Complaint.

3.23    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.23 of the Complaint.

3.24    Vulcan denies each and every allegation contained in Paragraph 3.24 of the Complaint.

3.25    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.25 of the Complaint.

3.26    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.26 of the Complaint.

3.27    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.27 of the Complaint.

3.28    Vulcan denies each and every allegation contained in Paragraph 3.28 of the Complaint.

3.29

a.    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.29.a of the Complaint.

b.    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.29.b of the Complaint.

c.    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.29.c of the Complaint.

d.    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.29.d of the Complaint.

e.    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.29.e of the Complaint.

f.    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.29.f of the Complaint.

g.    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.29.g of the Complaint.

h.    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.29.h of the Complaint.

i.      Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.29.i of the Complaint.

3.30    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.30 of the Complaint.

3.31    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 3.31 of the Complaint.

3.32    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan contained in Paragraph 3.32 of the Complaint, and denies any allegations directed toward Vulcan contained in Paragraph 3.32 of the Complaint.

3.33    The allegations contained in Paragraph 3.33 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan denies each and every allegation contained in paragraph 3.33 of the Complaint.

## CAUSES OF ACTION

### IV.
### Negligence

4.1     With respect to the allegations contained in this section of the Complaint, Vulcan repeats and realleges each and every admission, denial, averment, and statement contained in this Original Answer with the same force and effect as though set forth here in full.

4.2     Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 4.2 of the Complaint, and denies any allegations directed toward Vulcan contained in Paragraph 4.2 of the Complaint.

4.3     The allegations contained in Paragraph 4.3 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed

toward Vulcan in paragraph 4.3, and denies each and every allegation directed at Vulcan contained in paragraph 4.3 of the Complaint.

4.4    The allegations contained in Paragraph 4.4 of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be required, Vulcan denies each and every allegation contained in paragraph 4.4 of the Complaint.

4.5    The allegations contained in Paragraph 4.5 of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in paragraph 4.5, and denies each and every allegation directed at Vulcan contained in paragraph 4.5 of the Complaint.

4.6    The allegations contained in Paragraph 4.6 of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 4.6, and denies each and every allegation directed toward Vulcan in Paragraph 4.6 of the Complaint.

4.7    The allegations contained in Paragraph 4.7 of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 4.7, and denies each and every allegation directed toward Vulcan in Paragraph 4.7 of the Complaint.

4.8    The allegations contained in Paragraph 4.8 of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed

toward Vulcan in Paragraph 4.8, and denies each and every allegation directed toward Vulcan in Paragraph 4.8 of the Complaint.

4.9     The allegations contained in Paragraph 4.9 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 4.9, and denies each and every allegation directed toward Vulcan in Paragraph 4.9 of the Complaint.

4.10     The allegations contained in Paragraph 4.10 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 4.10, and denies each and every allegation directed toward Vulcan in Paragraph 4.10 of the Complaint.

4.11     The allegations contained in Paragraph 4.11 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 4.11, and denies each and every allegation directed toward Vulcan in Paragraph 4.11 of the Complaint.

4.12     The allegations contained in Paragraph 4.12 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 4.12, and denies each and every allegation directed toward Vulcan in Paragraph 4.12 of the Complaint.

4.13    The allegations contained in Paragraph 4.13 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 4.13, and denies each and every allegation directed toward Vulcan in Paragraph 4.13 of the Complaint.

4.14    The allegations contained in Paragraph 4.14 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 4.14, and denies each and every allegation directed toward Vulcan in Paragraph 4.14 of the Complaint.

4.15    The allegations contained in Paragraph 4.15 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 4.15, and denies each and every allegation directed toward Vulcan in Paragraph 4.15 of the Complaint.

4.16    The allegations contained in Paragraph 4.16 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 4.16, and denies each and every allegation directed toward Vulcan in Paragraph 4.16 of the Complaint.

4.17    The allegations contained in Paragraph 4.17 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not

directed toward Vulcan in Paragraph 4.17, and denies each and every allegation directed toward Vulcan in Paragraph 4.17 of the Complaint.

4.18    The allegations contained in Paragraph 4.18 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 4.18, and denies each and every allegation directed toward Vulcan in Paragraph 4.18 of the Complaint.

4.19    The allegations contained in Paragraph 4.19 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 4.19, and denies each and every allegation directed toward Vulcan in Paragraph 4.19 of the Complaint.

4.20    The allegations contained in Paragraph 4.20 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan denies each and every allegation contained in Paragraph 4.20 of the Complaint.

## V.
## TRESPASS

5.1    With respect to the allegations contained in this section of the Complaint, Vulcan repeats and realleges each and every admission, denial, averment, and statement contained in this Original Answer with the same force and effect as though set forth here in full.

5.2    The allegations contained in Paragraph 5.2 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed

toward Vulcan in Paragraph 5.2, and denies each and every allegation directed toward Vulcan in Paragraph 5.2 of the Complaint.

5.3     The allegations contained in Paragraph 5.3 of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 5.3, and denies each and every allegation directed toward Vulcan in Paragraph 5.3 of the Complaint.

5.4     The allegations contained in Paragraph 5.4 of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 5.4, and denies each and every allegation directed toward Vulcan in Paragraph 5.4 of the Complaint.

5.5     The allegations contained in Paragraph 5.5 of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 5.5, and denies each and every allegation directed toward Vulcan in Paragraph 5.5 of the Complaint.

5.6     The allegations contained in Paragraph 5.6 of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 5.6, and denies each and every allegation directed toward Vulcan in Paragraph 5.6 of the Complaint.

5.7     The allegations contained in Paragraph 5.7 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan denies each and every allegation contained in Paragraph 5.7 of the Complaint.

5.8     The allegations contained in Paragraph 5.8 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan denies each and every allegation contained in Paragraph 5.8 of the Complaint.

## VI.
## WILLFUL AND WANTON CONDUCT

6.1     With respect to the allegations contained in this section of the Complaint, Vulcan repeats and realleges each and every admission, denial, averment, and statement contained in this Original Answer with the same force and effect as though set forth here in full.

6.2     The allegations contained in Paragraph 6.2 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 6.2, and denies each and every allegation directed toward Vulcan in Paragraph 6.2 of the Complaint.

6.3     The allegations contained in Paragraph 6.3 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 6.3, and denies each and every allegation directed toward Vulcan in Paragraph 6.3 of the Complaint.

6.4     The allegations contained in Paragraph 6.4 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed

toward Vulcan in Paragraph 6.4, and denies each and every allegation directed toward Vulcan in Paragraph 6.4 of the Complaint.

6.5     The allegations contained in Paragraph 6.5 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 6.5, and denies each and every allegation directed toward Vulcan in Paragraph 6.5 of the Complaint.

6.6     The allegations contained in Paragraph 6.6 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 6.6, and denies each and every allegation directed toward Vulcan in Paragraph 6.6 of the Complaint.

## VII.
## STRICT LIABILITY

7.1     With respect to the allegations contained in this section of the Complaint, Vulcan repeats and realleges each and every admission, denial, averment, and statement contained in this Original Answer with the same force and effect as though set forth here in full.

7.2     The allegations contained in Paragraph 7.2 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 7.2, and denies each and every allegation directed toward Vulcan in Paragraph 7.2 of the Complaint.

7.3     The allegations contained in Paragraph 7.3 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks

knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 7.3, and denies each and every allegation directed toward Vulcan in Paragraph 7.3 of the Complaint.

     a.    The allegations contained in Paragraph 7.3.a of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 7.3.a, and denies each and every allegation directed toward Vulcan in Paragraph 7.3.a of the Complaint.

     b.    The allegations contained in Paragraph 7.3.b of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 7.3.b, and denies each and every allegation directed toward Vulcan in Paragraph 7.3.b of the Complaint.

     7.4    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 7.4 of the Complaint, and denies any allegations directed toward Vulcan contained in Paragraph 7.4 of the Complaint.

     7.5    Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in the first sentence of Paragraph 7.5 of the Complaint. Vulcan denies each and every allegation contained in the second sentence of Paragraph 7.5 of the Complaint.

7.6    Vulcan denies each and every allegation contained in Paragraph 7.6 of the Complaint.

7.7    The allegations contained in Paragraph 7.7 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan denies each and every allegation contained in Paragraph 7.7 of the Complaint.

7.8    The allegations contained in Paragraph 7.8 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan denies each and every allegation contained in Paragraph 7.8 of the Complaint.

7.9    The allegations contained in Paragraph 7.9 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 7.9, and denies each and every allegation directed toward Vulcan in Paragraph 7.9 of the Complaint.

## VIII.
## GENERAL AGENCY ALLEGATIONS

8.1    The allegations contained in Paragraph 8.1 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 8.1, and denies each and every allegation directed toward Vulcan in Paragraph 8.1 of the Complaint.

## IX.
## FRAUDULENT CONCEALMENT, DISCOVERY
## RULE, ESTOPPEL, AND TOLLING OF LIMITATIONS

9.1    The allegations contained in Paragraph 9.1 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks

knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 9.1, and denies each and every allegation directed toward Vulcan in Paragraph 9.1 of the Complaint.

9.2     The allegations contained in Paragraph 9.2 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan denies each and every allegation contained in Paragraph 9.2 of the Complaint.

9.3     The allegations contained in Paragraph 9.3 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Vulcan in Paragraph 9.3, and denies each and every allegation directed toward Vulcan in Paragraph 9.3 of the Complaint.

## DAMAGES

### X.
### PERSONAL INJURY DAMAGES

10.1     Paragraph 10.1 of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be required, Vulcan denies each and every allegation in Paragraph 10.1 of the Complaint, except admits that Plaintiffs purport to state a claim for compensatory damages, but denies there is any legal or factual basis for such claim.

### XI.
### WRONGFUL DEATH DAMAGES

11.1     Vulcan lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 11.1 of the Complaint.

11.2     The allegations contained in Paragraph 11.2 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan denies each and every allegation contained in paragraph 11.2 of the Complaint.

11.3    Paragraph 11.3 of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be required, Vulcan denies each and every allegation in Paragraph 11.3 of the Complaint, except admits that Plaintiffs purport to state a claim for monetary damages, but denies there is any legal or factual basis for such claim.

## XII.
## SURVIVAL ACTION BY THE ESTATES OF DECEDENTS

12.1    The allegations contained in Paragraph 12.1 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan denies each and every allegation contained in Paragraph 12.1 of the Complaint.

12.2    Paragraph 12.2 of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be required, Vulcan denies each and every allegation in Paragraph 12.2 of the Complaint, except admits that Plaintiffs purport to state a claim for monetary damages, but denies there is any legal or factual basis for such claim.

## XIII.
## PUNITIVE DAMAGES

13.1    The allegations contained in Paragraph 13.1 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan denies each and every allegation contained in paragraph 13.1 of the Complaint, except admits that Plaintiffs purport to state a claim for punitive damages, but denies there is any legal or factual basis for such claim.

## XIV.
## POST-JUDGMENT INTEREST

14.1    Paragraph 14.1 of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be required, Vulcan denies each and every allegation in

Paragraph 14.1 of the Complaint, except admits that Plaintiffs purport to state a claim for post-judgment interest, but denies there is any legal or factual basis for such claim.

## XV.
## RESERVATION OF RIGHTS

15.1    Paragraph 15.1 of the Complaint is not an allegation and therefore no responsive pleading is required.

## XVI.
## REQUEST FOR JURY TRIAL

16.1    Paragraph 16.1 of the Complaint is not an allegation and therefore no responsive pleading is required.

## XVII.
## PRAYER

The allegations contained in the Prayer of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be required, Vulcan denies each and every allegation contained in the Prayer of the Complaint.

## XVII.
## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiffs' claims for strict liability are not recognized under the law.

3.    The possession, manufacture, or transfer of pentachlorophenol is not, as a matter of law or otherwise, abnormally dangerous, inherently dangerous, nor does it constitute an ultra-hazardous activity.

4.    Plaintiffs' claims are preempted by the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136v. (2005).

5.    Vulcan is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then

Vulcan is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein.

6.    Plaintiffs' claims are barred by the applicable statutes of limitations.

7.    Plaintiffs' claims are barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

8.    To the extent that Plaintiffs contracted illnesses, which Vulcan denies, such illnesses and the resulting damages were caused by the negligence or fault of the Plaintiffs, which bars or diminishes Plaintiffs' right to recover in this action.

9.    Plaintiffs' illnesses and/or damages, if any, were not caused by the negligence of Vulcan, but rather were proximately caused by the abnormal, unforeseeable, and/or unintended use and/or misuse of the products in question.

10.    Plaintiffs' alleged illnesses and/or damages, if any, were not caused by the negligence of any party, but rather was the result of an unavoidable accident, for which this Defendant is not responsible.

11.    Plaintiffs' alleged illnesses and/or damages, if any, are the result of the negligent acts or omissions of other persons, firms, corporations, or entities over whom Vulcan is not responsible and which jointly or singularly were the sole proximate producing, superseding, intervening, or other cause of all or part of the alleged illnesses and/or damages for which Plaintiffs seek recovery.

12.    Plaintiffs' alleged illnesses and/or damages are the result of pre-existing or subsequent conditions which are unrelated to any product designed, manufactured, sold, or supplied by Vulcan.

13.     The products in issue, which Plaintiffs allege were manufactured, sold, or supplied by Vulcan, were altered, modified, or otherwise in a form not substantially similar to their form as when they left the custody and control of Vulcan, which was done by others over whom Vulcan has no control and over whose conduct Vulcan had no control.

14.     Plaintiffs' claims are barred in whole or in part by their failure to take reasonable efforts to mitigate any and all damages.

15.     To the extent Plaintiffs allege the products at issue were manufactured, sold, or supplied by Vulcan, Vulcan discharged any duty to warn by providing warnings to Plaintiffs' employers that were adequate in light of the anticipated users' knowledge of the products.

16.     To the extent Plaintiffs allege the products at issues were designed, manufactured, sold, or supplied by Vulcan, the products at issue were not defective in any manner and at all pertinent times were reasonably fit and suited for the purposes for which they were manufactured and intended; and were delivered with such warnings as were consistent with the state of the existing scientific, technological, and industrial art or knowledge.

17.     To the extent Plaintiffs allege the products at issues were designed, manufactured, sold, or supplied by Vulcan, the products at issue were distributed, sold, and supplied by Vulcan for use in a limited market by a limited class of workers who have special knowledge and experience in the handling of the products in issue.

18.     To the extent Plaintiffs allege the products at issue were designed, manufactured, sold, or supplied by Vulcan, the products were based upon the state of scientific, technological, and industrial art and knowledge at the time the products at issue were designed, manufactured, distributed, sold, or supplied by Vulcan and were reasonably safe for their normal and

foreseeable use at all relevant times in light of the existing reasonable scientific, technological, and industrial art and knowledge.

19.     Plaintiffs' claims are barred in whole or in part by the lack of any defect, as the products at issue allegedly designed, manufactured, sold, or supplied by Vulcan were properly designed, manufactured, sold, supplied, and distributed in accordance with the applicable standard of care and in compliance with all applicable federal and state statutes and regulations, if any, that existed at the time of the manufacture and the prescribed standards for design, inspection, testing, manufacture, labeling, warning, or instructions for use of the product or products allegedly designed, manufactured, distributed, sold, and/or supplied by Vulcan.

20.     Any conditions or risk, if any, were known to the Plaintiffs were open, obvious, and apparent to Plaintiffs; and Plaintiffs assumed the risk of any alleged illness and/or damages arising out of the actual occurrence alleged.

21.     Plaintiffs' causes of action are barred because a reasonable user would have been aware of the alleged risks of the products at issue and because Plaintiffs knew of the alleged risks of the product or products at issue.

22.     Plaintiffs' illnesses and/or damages, if any, are in no way related to any alleged exposure to Vulcan's products.  The alleged damages were caused or aggravated by other causes or instrumentalities and are not related to any exposure to Vulcan's products.

23.     If the Plaintiffs were exposed to harmful products, which Vulcan denies, then such exposure was only brief and not substantial and any exposure to such products was minimal in nature; and Plaintiffs' illness and/or damages, if any, were not caused or produced by contact with Vulcan's products; but to the contrary, such conditions and illnesses would have occurred just as they did had Plaintiffs had no contact with Vulcan's products.

24.     If a duty to warn is found to have existed, then Vulcan contends that it provided all required warnings regarding its products to the entities to which Vulcan sold its products and to the people who used the products and if the Plaintiffs and/or his employers did not receive these warnings, it was because their products were supplied in bulk and/or the people to whom Vulcan sold its products or to the people who used its products did not, through their acts or omission, pass the warnings along to Plaintiffs and/or his employer without any fault on the part of Vulcan.

25.     Any claim for punitive damages against Vulcan cannot be sustained, because an award of punitive damages without proof of every element beyond a reasonable doubt would violate Vulcan's rights under Amendments IV, V, VI and XIV of the United States Constitution.

26.     Unless Vulcan's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence, any awards of punitive damages would violate Vulcan's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

27.     Any claims for punitive damages against Vulcan cannot be sustained, because an award of punitive damages by a jury that:  (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size, of any punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages

permissible; and (5) is not subject to judicial review on the basis of objective standards, would

violate Vulcan's due process rights guaranteed by the Fourteenth Amendment to the United

States Constitution.

## XVIII.
## PRAYER

Vulcan prays that Plaintiffs take nothing, and that Vulcan recover all its costs, and for all

other relief for which it may be justly entitled.

**s/Larry J. Chilton**
Attorney Bar No. 6185236
Chilton Yambert Porter & Young LLP
150 South Wacker Drive, Suite 2400
Chicago, Illinois 60606
Telephone: (312) 460-8000
Facsimile: (312) 460-8299
Email: lchilton@cypylaw.com

**Attorney-in-Charge for Defendant**
**Vulcan Materials Company**

OF COUNSEL:

Stephen C. Dillard
Texas State Bar No. 05868000
Julie A. Hardin
Texas State Bar No. 24013613
Fulbright & Jaworski L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(713) 651-5151 – Telephone
(713) 651-5246 – Facsimile