IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **VIRDA BELL BULLARD; et. al.** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 07-C-6883 |
| **BURLINGTON NORTHERN SANTA** ) | |
| **FE RAILWAY COMPANY; KOPPERS** ) | Judge Kennelly |
| **INDUSTRIES, INC.; MONSANTO** ) | Magistrate Judge Ashman |
| **COMPANY; DOW CHEMICAL** ) | |
| **COMPANY; AND VULCAN** ) | |
| **MATERIALS COMPANY** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' JOINT MEMORANDUM
## IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE

### INTRODUCTION

There have been 13 prior lawsuits filed in Texas state and federal courts by residents of Somerville, Texas alleging exposure to purportedly toxic chemicals emanating from a wood treatment plant in Somerville (the "Texas Plant"). Somerville is located within the Austin Division of the Western District of Texas. The present lawsuit traces directly back to a case filed two years ago in the Western District, Austin Division: Davis, et al. v. Koppers Industries, Inc., et al., Case No. A05CA464 SS. Defendants ask this Court to transfer the present case to the Austin Division of the Western District, in which similar litigation involving the Texas Plant is pending.

Davis was substantially the same lawsuit as the one before this Court, brought by the same lawyers against the same defendants on behalf of Somerville residents. Davis began as a putative class action alleging property damage and seeking medical monitoring. Whole sections

of the <u>Davis</u> class action complaint have been copied in the present complaint. (*Compare, e.g.*, Bullard Complaint at ¶¶ 3.3-3.26 *with* Davis Complaint at ¶¶ 76-101;  Bullard Complaint at ¶ 3.29 *with* Davis Complaint at ¶ 20).  When the Court advised the <u>Davis</u> plaintiffs that their class allegations were untenable, plaintiffs abandoned them and filed a mass action like the one in the present case.  The Court eventually concluded that the plaintiffs' could not pursue their claims as a mass action either.  One of the <u>Davis</u> mass action plaintiffs – Leonard Edward Davis – is also a plaintiff in the present action.  Plaintiffs eventually abandoned the <u>Davis</u> case altogether after they failed to provide adequate responses to certain basic discovery questions propounded to them by the Honorable Sam Sparks.

Since then, the <u>Davis</u> case has struggled to migrate to other fora.  A second putative class action (<u>Brinston</u>) was recently filed in Texas state court and removed to the Western District of Texas on October 26, 2007.  The <u>Brinston</u> case asserts property damage claims, just like <u>Davis</u>. Indeed, whole sections of the <u>Brinston</u> complaint were copied from <u>Davis</u>. (*Compare, e.g.,* Brinston Complaint at ¶¶ 1-3 *with* Davis Complaint at ¶¶ 1-3; Brinston Complaint at ¶ 16 *with* Davis Complaint at ¶ 20; and Brinston Complaint at ¶¶ 41-45 *with* Davis Complaint at ¶¶ 76-80). Many of these same sections were likewise copies into the present complaint before this Court. (*Compare, e.g.*, Bullard Complaint at ¶¶ 3.3-3.26 *with* Davis Complaint at ¶¶ 76-101;  Bullard Complaint at ¶ 3.29 *with* Davis Complaint at ¶ 20).  Three of the plaintiffs' attorneys in <u>Brinston</u> – Grover G. Hankins, Dwight E. Jefferson, and James L. "Larry" Wright – also represent the plaintiffs in the present case.  All or most of the plaintiffs in the present case would be class members in <u>Brinston</u>.  A third putative class action (<u>Batts</u>) was filed in the Western District of Pennsylvania, and asserted the medical monitoring claims from <u>Davis</u>.  Again, whole sections of the <u>Batts</u> complaint were taken from <u>Davis</u>. (*Compare, e.g.*, Davis Complaint at ¶¶ 76-101 *with*

Batts Complaint at ¶¶ 19-47). <u>Batts</u> was voluntarily dismissed on November 16, 2007, after the defendants filed a Section 1404(a) motion to transfer that was substantially the same as the instant motion. There have also been several individual tort actions filed in Texas state court (located within the Western District) by Somerville residents alleging fundamentally the same toxic exposure claims as alleged herein. In fact, sixty-five of the named plaintiffs herein already have such lawsuits progressing in Texas Courts, and they are represented by some of the same attorneys that filed the present case.

This litigation centers almost exclusively in the Western District of Texas. All the alleged conduct, exposures and injuries, if any, occurred exclusively in Somerville. The Texas Plant itself, as well as all its current employees, are located in Somerville. The vast majority of plaintiffs reside in or near Somerville. Conversely, none of the Defendants is from Illinois. All current litigation over the Texas Plant is pending in Texas – including the <u>Brinston</u> case now pending in the Western District of Texas, Austin Division. All the plaintiffs assert claims under Texas law. Expert work has centered in Texas. Most of the key documents and witnesses are located in Texas. Defendants thus respectfully request that this case be transferred to the Western District pursuant to 28 U.S.C. § 1404(a).

## **FACTUAL BACKGROUND**

## I.    PLAINTIFFS' INSTANT COMPLAINT

Each of the Plaintiffs is a current or former resident of Somerville, Texas, and each alleges that he or she has been injured as a result of their purported exposure to chemicals allegedly emanating from the Texas Plant currently operated by Defendant Koppers Inc. ("Koppers")[1] and formerly operated by Defendant BNSF Railway Company ("BNSF").[2]

---

[1] Koppers is incorrectly identified as "Koppers Industries, Inc" in Plaintiffs' Complaint.

(Complaint, ¶¶ 1.1, 3.1, 4.19, 5.8, 6.6, 7.8, 10.1, 11.3, 12.3).  Plaintiffs claim that Defendants Monsanto Company ("Monsanto"),[3] The Dow Chemical Company ("Dow"),[4] and Vulcan Materials Company ("Vulcan") supplied the chemicals that Plaintiffs were allegedly exposed to at the Texas Plant.  (Complaint, ¶ 3.16).  Plaintiffs bring claims for negligence, trespass, willful and wanton conduct, and strict liability – all arising from alleged toxic exposure in Texas. (Complaint, ¶¶ 4.1-7.9).

## II.    RELATED LITIGATION IN THE WESTERN DISTRICT OF TEXAS AND TEXAS STATE COURT

This case is the latest in a long line of cases brought on behalf of current and former Somerville residents claiming exposure to toxic chemicals allegedly emanating from the Texas Plant.  Two of those other cases – Davis and Brinston – have been venued in the Western District of Texas, and individual plaintiffs have brought claims in Texas state court involving the same or similar factual allegations.   All of these cases involve Somerville residents and their alleged exposure to the Texas Plant.

### A.    The Davis Action

On June 16, 2005, an action was commenced in the United States District Court for the Western District of Texas entitled *Leonard Davis, et al. v. Koppers Industries, Inc., et al.*, Case No. A05CA464 SS (the "Davis Action").  (A copy of the Davis Complaint is attached hereto as Exhibit A).  Like the Plaintiffs here, the Davis Plaintiffs challenged Koppers' operation of the Texas Plant, alleging that "toxic chemicals" were used there "to produce treated railroad ties and other chemically treated specialty wood products for the railroad industry" and that these

---

[2] BNSF is incorrectly identified as "Burlington Northern Santa Fe Railway Company" in Plaintiffs' Complaint.

[3] The subject matter of this lawsuit relates to time periods before Monsanto was incorporated, and to products that were never manufactured, sold, and/or distributed by Monsanto.  Monsanto was incorporated on February 9, 2000.  The subject matter of this lawsuit relates to the alleged actions, and former business, of Pharmacia Corporation, f/k/a Monsanto Company.

chemicals allegedly had "contaminated plaintiffs' homes and real estate, places of business and public schools" as well as "the air, ground, and water resources of the Somerville environment." (Davis Complaint, ¶¶ 2-5).  The Davis Plaintiffs purported to represent past and present property owners and residents, and those who were employed and went to school, within five miles of the Somerville plant.  (Davis Complaint, ¶¶ 73-74).  They asserted various state law claims for private nuisance, product liability, negligence, gross negligence, and medical monitoring, as well as civil rights discrimination premised upon federal law. (Davis Complaint, ¶¶ 103-181).  The Davis Action was assigned to Judge Sparks.

On October 11, 2005, the defendants brought a motion to strike the Davis Plaintiffs' class allegations.  (A copy of this motion is attached hereto as Exhibit B).  On October 14, 2005, the defendants also filed a motion to dismiss, arguing that the Davis Plaintiffs had no standing to sue for property damage and that no medical monitoring cause of action existed under Texas law.  (A copy of this motion is attached hereto as Exhibit C).  At a hearing on December 15, 2005, the Court advised the Davis Plaintiffs that they could not likely maintain a viable class action and encouraged them to amend their complaint.

On December 23, 2005, the Davis Plaintiffs abandoned their putative class allegations and filed an Amended Complaint naming 602 individual plaintiffs.  (A copy of the Davis Amended Complaint is attached hereto as Exhibit D).  Leonard Edward Davis, one of the Plaintiffs in the present action, was an individual plaintiff in the Davis Amended Complaint. (Davis Amended Complaint, ¶ 1, Exhibit A).  The individual plaintiffs claimed the same exposure to the same chemicals as clamed in the first Davis Complaint and asserted claims for, among other things, negligence, trespass, and malice/intentional conduct.  (Davis Amended Complaint, ¶¶ 32-36, 53-62).

---

[4] Dow is incorrectly identified as "Dow Chemical Company" in Plaintiffs' Complaint.

After the defendants filed a motion for a more definite statement and a *Lone Pine* motion, on March 31, 2006, Judge Sparks required each of the 602 individual plaintiffs to answer interrogatories propounded by the court that sought basic information regarding property ownership, alleged injuries, exposure dates, and damages from each plaintiff. (A copy of this order is attached hereto as <u>Exhibit E</u>). On August 24, 2006, the defendants filed a motion to dismiss pursuant to Rule 37 of the Federal Rules of Civil Procedure, asserting that the plaintiffs failed to provide sufficient answers to Judge Sparks' interrogatories. (A copy of this motion is attached hereto as <u>Exhibit F</u>).

After hearing oral argument on the motion on October 6, 2006, the Court concluded that the plaintiffs' responses were inadequate and that they could not pursue their claims as a mass tort action. (*See* Transcript of October 6, 2006 hearing, a copy of which is attached as <u>Exhibit G</u>, at pp. 5-6, 12-13). Noting that the statute of limitations likely would bar many claims, the Court ordered each of the individual plaintiffs to file separate lawsuits within 30 days and indicated that the claims of any plaintiff who failed to do so would be dismissed without prejudice. (*Id.*). No plaintiff filed a separate lawsuit, and all of the plaintiffs (including Leonard Edward Davis) voluntarily dismissed all of their claims without prejudice on November 20, 2006. (A copy of this dismissal order is attached hereto as <u>Exhibit H</u>).

### B.    The <u>Brinston</u> Action

On October 25, 2007, just six days before the filing of the present action, a putative class action was commenced in the District Court of Burleson County, Texas entitled *Leon Brinston et al. v. Koppers Industries Inc. et al.*, Case No. 25, 099 (the "<u>Brinston</u> Action"). (A copy of the <u>Brinston</u> Complaint is attached hereto as <u>Exhibit I</u>). The <u>Brinston</u> Plaintiffs, like the <u>Davis</u> Plaintiffs, allege that "toxic chemicals" were used at the Texas Plant "to produce treated railroad

ties and other chemically treated specialty wood products for the railroad industry" and that these chemicals allegedly "have contaminated plaintiffs' homes and real estate, places of business and public schools" as well as "the air, ground, and water resources of the Somerville environment." (Brinston Complaint, ¶¶ 2, 4). Many of the factual allegations in the Brinston Complaint are virtually identical to those in the present Complaint. (*Compare, e.g.*, Bullard Complaint at ¶¶ 3.3-3.26 *with* Brinston Complaint at ¶¶ 41-66; Bullard Complaint at ¶ 3.29 *with* Brinston Complaint at ¶ 16).

Each of the named Plaintiffs in Brinston was also a named plaintiff in the original Davis Complaint and an individual plaintiff in the Davis Amended Complaint.[5] (Brinston Complaint, ¶¶ 8-15; Davis Complaint, ¶¶ 9, 12, 14-19; Davis Amended Complaint, ¶ 1, Exhibit A). They purport to represent a class of "all persons who own property or lease property within 1 mile of the plant" and who allegedly "have had their person and/or property contaminated with the aforesaid toxins released from the Somerville plant," and they seek, among other things, damages and an order enjoining the further operation of the Koppers plant.    (Brinston Complaint, ¶ 37, 97-105). Because, by definition, the proposed class in Brinston consists of Somerville residents, many of the individual plaintiffs in the instant action are likely putative class members in the Brinston action.

On October 26, 2007, the Brinston Action was removed to the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. (A copy of the Notice of Removal is attached hereto as Exhibit J). The Brinston Action is currently pending before Judge Sparks.

C.    **The Batts Action**

---

[5] Similarly, the attorneys who represented the Davis Plaintiffs in both the original Davis Complaint and the Davis Amended Complaint – Grover G. Hankins and Dwight E. Jefferson – also represent the Brinston Plaintiffs.

On October 12, 2007, just over two weeks before the filing of the present action, a putative class action was commenced in the United States District Court for the Western District of Pennsylvania entitled *Bill Batts, et al. v. Koppers, Inc.* (the "<u>Batts</u> Action"). (A copy of the <u>Batts</u> Complaint is attached hereto as <u>Exhibit K</u>).

The <u>Batts</u> Plaintiffs sought recovery based on the operation of the Somerville Plant, alleging that "processing and production of creosote treated railroad track crossties" purportedly resulted in "unsafe and highly toxic amounts of creosote, dioxins, pentachlorophenol chemicals, and other carcinogenic chemical by-products" being "released into the air and atmosphere immediately covering the community of Somerville" and falling or settling "upon Plaintiffs' homes, land, buildings, schools, and the community in general." (<u>Batts</u> Complaint, ¶ 15). The <u>Batts</u> Plaintiffs also alleged that they were at "an increased and unreasonably dangerous risk of harm and injury" and that "[d]ozens of Somerville residents" suffered injuries, including death, "as a direct result of Defendant's processing operations of railroad ties and other wood products" at the Somerville Plant. *Id.* at ¶¶ 2, 4-5, 13-16, 58-68.

The <u>Batts</u> Plaintiffs sought to represent a proposed class of "[a]ll past and present residents of the city of Somerville, in Burleson County, Texas since the commencement of wood treatment operations in Somerville, Burleson County, Texas by Defendant Koppers." <u>Batts</u> Complaint, ¶ 57(A). Because the Plaintiffs in the present action are all past or present residents of Somerville, they likely fell within the proposed class definition in <u>Batts</u>.

Koppers filed a Section 1404(a) motion to transfer venue to the Western District of Texas on November 5, 2007, and the <u>Batts</u> Plaintiffs voluntarily dismissed their complaint on November 16, 2007.

### D.    Individual Texas State Court Litigation

Since early 2004, at least 11 separate actions have been filed in Texas state court against some or all of the Defendants in the present action by plaintiffs who either resided or worked in Somerville and alleged toxic exposure and property contamination in connection with the Texas Plant. Each of these cases remains pending before two judges, one in Tarrant County, Texas and the other in Burleson County, Texas, and several of the cases in Tarrant County are awaiting trial dates. Sixty-five of the Plaintiffs in the present action are also individual plaintiffs in one of the state court actions currently pending in Tarrant County. Moreover, given the similarity in the allegations among these cases, it is likely that they will involve many of the same expert and fact witnesses.

## ARGUMENT

### I.    STANDARD ON MOTION TO TRANSFER

Federal courts may transfer a civil action "[f]or the convenience of parties and witnesses, in the interests of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A court must transfer venue if (1) venue is proper in the transferor court, (2) venue is proper in the transferee court, (3) the transfer is for the convenience of the parties and witnesses, and (4) the transfer is in the interests of justice. *Central States Southeast and Southwest Areas Pension Fund v. Brown*, 587 F. Supp. 1067, 1069 (N.D. Ill. 1984). Once a court determines that venue would be proper, the court must consider "the statutory factors in light of all the circumstances of the case." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).

Courts have not limited their consideration to the three enumerated factors in § 1404(a) – convenience of parties, convenience of witnesses, or interests of justice – but have instead considered a variety of private and public interests. *Id*. at 220 n. 3. The private factors a court

should consider under § 1404(a) include: (1) the plaintiff's choice of forum; (2) the site of the material events; (3) the availability of evidence in each forum; (4) the convenience of the parties; and (5) the convenience of the witnesses. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000). The public factors a court should consider include: (1) the court's familiarity with the applicable law; (2) the speed at which the case will proceed to trial; and (3) the desirability of resolving controversies in their locale. *Von Holdt v. Husky Injecting Molding Sys., Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995).

## II.    VENUE WOULD BE PROPER IN THE WESTERN DISTRICT OF TEXAS

In an action like this, where diversity is the exclusive grounds for jurisdiction, venue is governed by 28 U.S.C. § 1391(a). Among other circumstances, an action may be brought in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated. 28 U.S.C. § 1391(a)(2). Here, all of the events that allegedly give rise to the Plaintiffs' personal injury claims – namely, Plaintiffs' purported exposure to allegedly toxic chemicals from the Texas Plant – occurred in Somerville, Texas, which is within the Western District of Texas. Venue would therefore be proper in the Western District of Texas.[6]

## III.    THE PRIVATE AND PUBLIC FACTORS WEIGH IN FAVOR OF TRANSFER

Here, every private and public factor, save Plaintiffs' choice of forum, weighs in favor of transferring this action to the Western District of Texas.

---

[6] Venue in an action removed from state court to federal court is governed by the removal statute – 28 U.S.C. § 1441 – not by the general venue statute – 28 U.S.C. § 1391. *See, e.g., Travel Supreme, Inc. v. Nver Enter., Inc.*, No. 07-194, 2007 U.S. Dist. LEXIS 75482, at *19-21 (N.D. Ill. Oct. 5, 2007). Venue in this action is therefore proper in the Northern District of Illinois by virtue of the fact the Northern District embraces the Circuit Court of Cook County, Illinois, where Plaintiffs chose to file their Complaint. *See* 28 U.S.C. § 1441(a). Defendants reserve their right, however, to challenge venue in Cook County, Illinois under the Illinois state venue provisions if this case is ever remanded to state court.

First, Plaintiffs' personal injury claims arose solely out of their alleged exposure to the plant in Somerville, Texas and the challenged conduct involved in operating that plant. In cases involving claims of personal injury or toxic exposure, district courts in the Seventh Circuit consistently transfer venue to the district in which the injury allegedly occurred. *See, e.g., Great West Cas. Co., v. Dekeyser Express, Inc,* No. 05-2681, 2005 U.S. Dist. LEXIS 26031, at *9 (N.D. Ill. Oct. 31, 2005) (transferring case to Central District of Illinois where plaintiff's accident occurred there and "the Northern District is not the situs of any material events"); *Marsical v. Anderson,* No. 02-7926, 2003 U.S. Dist. LEXIS 15455, at *6 (N.D. Ill. Aug. 28, 2003) (granting transfer to District of Minnesota where accident, events leading up to the accident, and subsequent investigation all occurred there and "none of the material events took place in the Plaintiff's forum choice"); *Rosenbalm v. Pentek Corp.,* No. 91-3255, 1992 U.S. Dist. LEXIS 954, at *3 (N.D. Ill. Jan. 31, 1992) (transferring case to the Western Division of the Northern District of Illinois where "the accident occurred in the Western Division" and the machinery involved in the accident was still located in the Western Division); *Crater v. Lane,* No. 87-7001, 1988 U.S. Dist. LEXIS 886, at *5-6 (N.D. Ill. Jan. 29, 1988) (transferring case to the Central District of Illinois where plaintiffs' alleged chemical exposure occurred there).

Second, transfer to the Western District of Texas would actually be more convenient than the current venue for Plaintiffs as well as Defendants.    None of the Defendants herein is from Illinois. Conversely, it is likely that most of the Plaintiffs are current residents of Somerville, Texas,[7] and therefore citizens of Texas. Indeed, one of the Plaintiffs – Leonard Edward Davis – asserted similar claims against the Texas Plant in the Davis case, many if not all the Plaintiffs are part of the putative class in the Brinston case currently pending in the Western District of Texas,

and 65 of the Plaintiffs are already involved in similar state court litigation in Tarrant County, Texas. And though Plaintiffs chose to file this case in Cook County, their current choice of forum should not be given deference since the material facts occurred in Somerville, Texas and not in Cook County. *American Family Ins. v. Wal-Mart Stores, Inc.*, No. 02-8017, 2003 U.S. Dist. LEXIS 6412, at *4 (N.D. Ill. Apr. 16, 2003) (giving less deference to plaintiff's choice of forum where the fire at issue took place in another district); *Van Horn v. Graves*, No. 01-5186, 2002 U.S. Dist. LEXIS 266, at *5 (N.D. Ill. Jan. 9, 2002) ("Where the chosen forum is not the situs of material events, the chosen forum is entitled to less deference"); *Crater v. Lane*, No. 87-7001, 1988 U.S. Dist. LEXIS 886, at *5 n.3 (N.D. Ill. Jan. 29, 1988) (noting that "[i]t is well established that plaintiff's choice of forum does not have the overriding importance that it did under the doctrine of forum non conveniens").

Third, given the recent history of similar litigation in the Western District of Texas, transfer of this action to that district would be more convenient for the parties and witnesses and would likely result in judicial efficiencies. Most of the Plaintiffs, as well as the chief witnesses – including Plaintiffs' treating physicians – likely reside there. Experts, who will testify on matters such as the need for soil testing, and the medical protocols to use with Somerville residents, will all do their work in Somerville. Most of the key litigation documents likely reside in Somerville or in Austin where the Texas Commission on Environmental Quality stores its documents. Judge Sparks spent over a year addressing similar claims in the <u>Davis</u> Action, and his familiarity with that case could result in a more expeditious or efficient handling of this action. Likewise, the <u>Brinston</u> Action, which was recently removed to the Western District of Texas and assigned to Judge Sparks, will likely involve many of the same factual issues, witnesses, and evidence,

---

[7] Plaintiffs allege that they are "residents or former residents of Somerville, Burleson County, Texas, and are citizens of Illinois, California, Arizona, Louisiana and Texas." (Complaint, ¶ 1.1). Plaintiffs fail, however, to

and transfer of the present action to that district would therefore be more convenient for the parties. *See, e.g., Conseco Ins. Co. v. J.C. Penney Life Ins. Co.*, No. 06-1229, 2007 U.S. Dist. LEXIS 75005, at *12 (S.D. Ind. Sep. 27, 2007) (granting transfer to the Central District of California where that district had "become the established battleground for these parties and this dispute" and "that court and in particular the assigned judge are far better positioned to continue their oversight" of the litigation); *Fisher v. Phoenix Container, Inc.*, No. 99-4473, 1999 U.S. Dist. LEXIS 14707, at *10 (N.D. Ill. Sep. 16, 1999) (transferring case to the District of New Jersey where plaintiff was already a party to a related case in that district and the likely witnesses were the same in both cases).

Fourth and finally, the court in the Western District of Texas – which has heard these allegations before – would likely be more familiar with the Texas law to be applied to Plaintiffs' claims.[8] *See, e.g., Mleczek v. Aspen Skiing Co., LLC*, No. 07-238, 2007 U.S. Dist. LEXIS 45472, at *9-10 (N.D. Ill. June 20, 2007) (transfer to the District Colorado appropriate because that court would be more familiar with the Colorado law to be applied to plaintiff's claims); *Woodward Park Imaging, Inc. v. Iwamoto*, 955 F. Supp. 1006, 1008 (N.D. Ill. 1997) (granting transfer of venue to the Eastern District of California where court there would be more familiar with the state law applicable to plaintiff's claims). Indeed, Judge Sparks dealt with many of the same claims in the <u>Davis</u> Action.

In short, Plaintiffs and their personal injury claims bear little or no relationship to Cook County or the Northern District of Illinois. The purported exposure and claimed injuries

---

allege the citizenship of each individual plaintiff.

[8] Though not alleged in the Compliant, Plaintiffs' claims are brought under Texas law. A federal court sitting in diversity applies the choice-of-law rules of the state in which it sits. *Birchler v. Gehl Co.*, 88 F.3d 518, 520 (7th Cir. 1996). Under Illinois choice-of-law rules, Texas law would apply to Plaintiffs' claims because, among other things, the purported injuries allegedly took place in Texas, the purported wrongful conduct allegedly occurred in Texas, and the relationship between Plaintiffs and Defendants – to the extent one exists at all – is centered in Texas. *Walters v. Maren Eng'g Corp.*, 617 N.E.2d 170, 174 (Ill. Ct. App. 1993).

allegedly occurred in Somerville, Texas, and the Western District of Texas has a greater interest in addressing the claim, especially in light of the related <u>Davis</u> and <u>Brinston</u> Actions brought there.

## IV.    PLAINTIFFS' FORUM SHOPPING SHOULD NOT BE REWARDED

As explained above, the <u>Davis</u> Plaintiffs originally brought their case as a purported class action alleging various personal injury and property damage claims and a claim for medical monitoring. The Court first advised the <u>Davis</u> Plaintiffs that they could not maintain their claims as a class action, and they re-filed their lawsuit as a mass action. The Court ultimately dismissed the <u>Davis</u> mass action as well and allowed the <u>Davis</u> Plaintiffs to file individual lawsuits. Instead, the <u>Davis</u> Plaintiffs voluntarily dismissed their claims. Yet, a year later, some of the same plaintiffs' attorneys split the medical monitoring, property damage, and personal injury claims into three separate lawsuits – <u>Batts</u>, <u>Brinston</u>, and <u>Bullard</u>, respectively – and filed them in three different jurisdictions – the Western District of Pennsylvania; the District Court of Burleson County, Texas; and the Circuit Court of Cook County, Illinois; respectively – that were improper for a number of reasons.

The strategy is transparent – to avoid the rulings in the nearly identical <u>Davis</u> case. As the <u>Batts</u> case has been dismissed and the <u>Brinston</u> case removed to the Western District of Texas under CAFA, the present action is the only one of the three "split" cases pending somewhere other than the Western District of Texas. It makes no sense for this suit to proceed in a jurisdiction with no tie to Plaintiffs or the alleged wrongdoing, nor does it make sense to reward Plaintiffs' forum-shopping by allowing them to avoid the Western District of Texas and that District's experience with claims involving the Texas Plaint. Instead, it makes sense for this case to proceed in the Western District of Texas, where the claims were originally brought in

Davis, where the majority of the Plaintiffs reside, where the alleged harm purportedly occurred, and where the Brinston case is now pending.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court transfer the present action to the United States District Court for the Western District of Texas, Austin Division pursuant to 28 U.S.C. § 1404(a).

Dated: December 13, 2007

Respectfully submitted,

BNSF RAILWAY COMPANY


By:  /s/ Daniel J. Mohan (by permission)

Daniel J. Mohan (6187721)
Daley & Mohan, PC
150 N. Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 422-9999
Facsimile: (312) 201-9368

**Attorneys for Defendant, BNSF Railway
Company**


OF COUNSEL:

Douglas W. Poole
        (motion for *pro hac vice* admission to be filed)
McLeod, Alexander, Powel & Apffel
A Professional Corporation
802 Rosenberg; P.O. Box 629
Galveston, Texas 77553
Telephone: (409) 763-2481
Facsimile: (409) 762-1155

Respectfully submitted,

KOPPERS INC.


By:  /s/ Robert L. Shuftan

Robert L. Shuftan (3124475)
Brent R. Austin (6220501)
Leonard S. Kurfirst (6187651)
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 201-2000
Facsimile: (312) 201-2555

**Attorneys for Defendant, Koppers Inc.**

Respectfully submitted,

MONSANTO COMPANY


By:   /s/ Marla R. Shade (by permission)


Darren VanPuymbrouck (6193910)
Marla R. Shade (6273036)
Renee C. Kelley (6289904)
Schiff Hardin LLP
6600 Sears Tower
233 South Wacker Drive
Chicago, Illinois  60606-6473
Telephone: (312) 258-5559
Facsimile: (312) 258-5600

**Attorneys for Defendant, Monsanto
Company**


OF COUNSEL:

Kenneth R. Heineman
        (motion for *pro hac vice* admission to be filed)
Joe Kilpatrick
        (motion for *pro hac vice* admission to be filed)
Charles Ron Hobbs, II
        (motion for *pro hac vice* admission to be filed)
Husch & Eppenberger, LLC
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505

Respectfully submitted,

THE DOW CHEMICAL COMPANY


By:   /s/ Lise T. Spacapan (by permission)


Lise T. Spacapan (6188257)
Gabrielle Sigel (6186108)
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

**Attorneys for Defendant, The Dow
Chemical Company**

Respectfully submitted,

VULCAN MATERIALS COMPANY


By:  /s/ Larry J. Chilton (by permission)


Larry J. Chilton (6185236)
Chilton Yambert Porter & Young LLP
150 South Wacker Drive, Suite 2400
Chicago, IL  60606
Telephone: (312) 460-8000
Facsimile: (312) 460-8299

**Attorneys for Defendant, Vulcan
Materials Company**


OF COUNSEL:

Stephen C. Dillard
        (motion for *pro hac vice* admission to be filed)
Fulbright & Jaworski L.L.P.
1301 McKinney, Suite 5100
Husch & Eppenberger, LLC
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

## CERTIFICATE OF SERVICE

I, Robert L. Shuftan, an attorney, state that I have served true and correct copies of the foregoing *Defendants' Joint Memorandum in Support of Their Motion To Transfer Venue* upon the below attorneys via overnight mail on December 13, 2007 and upon all other attorneys of record through the Court's CM/ECF system:

James L. "Larry" Wright
Watts Law Firm, LLC
111 Congress Avenue, Suite 1000
Austin, Texas 78701

Grover G. Hankins
The Hankins Law Firm
440 Louisiana Street, Suite 725
Houston, Texas 77002

Dwight E. Jefferson
Dwight E. Jefferson, P.L.L.C.
405 Main Street, Suite 950
Houston, Texas 77002

David S. Jasmer
Davis S. Jasmer, LLC
111 W. Washington Street, Suite 1150
Chicago, Illinois 60602

*Attorneys for Plaintiffs*

/s/ Robert L. Shuftan