# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2005 OCT 11 AM 11:44
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | |
|---|---|
| LEONARD EDWARD DAVIS, § <br> MABEL MUNSON DAVIS, § <br> ROBERT LEE DAVIS, § <br> VERSIE B. DAVIS, § <br> KARDERO JAMES HARRIS, § <br> VERSIE LISTER, § <br> MINNIE LEE MOORE, § <br> SANDRA MURRAY, § <br> ALFRED D. ROBERSON, JR., § <br> MABEL SMITH, § <br> GLORIA C. TOWNSEND, § <br> EDDIE B. WASHINGTON, § <br> § <br> v. § <br> § <br> KOPPERS INDUSTRIES INC., a Foreign § <br> Corporation, THE BURLINGTON § <br> NORTHERN SANTA FE RAILWAY § <br> COMPANY, a Foreign Corporation, § <br> MONSANTO COMPANY, a Foreign § <br> Corporation, THE DOW CHEMICAL § <br> COMPANY, a Foreign Corporation, § <br> and VULCAN MATERIALS COMPANY, § <br> a Foreign Corporation. § | CIVIL ACTION NO. 1:05-CV-464 SS |

**DEFENDANTS' JOINT MOTION TO STRIKE CLASS ALLEGATIONS**

Pursuant to Local Court Rule CV-23, Koppers Inc., f/k/a Koppers Industries, Inc., The Burlington Northern Santa Fe Railway Company, Monsanto Company, The Dow Chemical Company, and Vulcan Materials Company ("Defendants") jointly move to strike all class allegations contained in the Plaintiffs' Class Action Complaint.

**I.**
**FACTS**

This diversity of citizenship action arises from the historic operations of a wood-treating facility (the "Plant") located near Somerville, Burleson County, Texas. The Plaintiffs allege that the Plant has been operated for 100 years as a nuisance because various toxins have been allowed

31010675.1

to escape to the surrounding lands, air, and groundwater. According to the Plaintiffs, since 1905 the Plant has been used for treating and preserving railroad crossties, bridge timbers, poles, pilings, and other wood products with pesticides and wood preservatives that include both coal tar creosote and pentachlorophenol. The Plaintiffs purport to represent a class of individuals whose real property has been contaminated by the alleged escape of toxins since 1905.

On September 6, 2005, Vulcan, Burlington Northern Santa Fe Railway Company, The Dow Chemical Company, and Koppers Industries, Inc. all filed timely answers to the Plaintiffs' Class Action Complaint. Under Local Court Rule CV-23, the Plaintiffs were required to file a motion for class certification by October 6, 2005. As of the time of filing of this motion, October 11, 2005, the Plaintiffs have failed to file a motion for class certification, and therefore the class allegations should be stricken.

## II.
## ARGUMENTS AND AUTHORITIES

### Plaintiffs Violated Local Court Rule CV-23.

This Court should strike all class allegations contained in Plaintiffs' Class Action Complaint because the Plaintiffs failed to file a motion for class certification within 30 days after any Defendant's first pleading. Local Court Rule CV-23 provides:

> When a class action allegation is made in any pleading, the movant shall file, within thirty days after any defendant's first pleading, a motion for class certification. The motion shall include, but is not limited to, the information set forth in Appendix "A". Failure to timely file a motion for class certification *shall* constitute a waiver of the request for any class action.

Local Court Rule CV-23 (emphasis supplied).

The last sentence of this rule mandates that the Plaintiffs' class allegations be stricken for their failure to satisfy the 30 day deadline. In *Joseph N. Main P.C. v. Electronic Data Sys. Corp.*, the court struck all class allegations from the plaintiff's amended complaint and the

original class petition based on a violation of the Northern District of Texas Local Rule 10.2(d), which requires a plaintiff to file a motion for class certification within 90 days of the filing of a complaint alleging a class action. 168 F.R.D. 573, 576 (N.D. Tex. 1996). There, the plaintiff originally filed a class petition in state court, which was later removed. *Id.* The court held that the plaintiff had 90 days from the date of removal to file the motion for class certification. *Id.* In striking the plaintiff's class action allegations, the court emphasized that the local rule provided that the plaintiff *shall* move for certification. *Id.*

Likewise, here, the Plaintiffs' class allegations should be stricken from the Class Action Complaint based on their failure to timely file a motion for class certification pursuant to the 30 day deadline established in Local Rule CV-23. The 30 day period began to run on September 6, 2005, upon the filing of timely answers by numerous Defendants. As of October 11, 2005, the Plaintiffs have failed to file a class certification motion, and therefore all class allegations should be stricken.

### III.
### CONCLUSION

All of Plaintiffs' class allegations should be stricken because the Plaintiffs failed to timely file a motion for class certification pursuant to Local Rule CV-23. Defendants request such other and further relief to which they may be entitled.

                            Respectfully submitted,

                            KOPPERS INDUSTRIES, INC.

By: *Michael R. Klatt /By Permission/ [signature]*
     Michael R. Klatt
     State Bar No. 11554200
     Susan E. Burnett
     State Bar No. 20648050
CLARK, THOMAS & WINTERS
A PROFESSIONAL CORPORATION
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800 - Telephone
(512) 474-1129 - Facsimile

**Attorneys for Defendant**
**Koppers Inc., f/k/a Koppers Industries, Inc.**

OF COUNSEL:

Robert Shuftan
(*admitted pro hac vice*)
Leonard Kurfirst
(*admitted pro hac vice*)
Brent Austin
(*admitted pro hac vice*)
Paul Freeborn
(*admitted pro hac vice*)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Suite 3000
Chicago, IL  60606
(312) 201-2000 - Telephone
(312) 201-2555 - Facsimile

THE BURLINGTON NORTHERN
SANTA FE RAILWAY COMPANY,

By: *Douglas W. Poole / By Permission / Joshua W. Lewis*
Douglas W. Poole
TBA No. 16115600
McLEOD, ALEXANDER, POWEL & APFFEL,
A Professional Corporation
802 Rosenberg; P. O. Box 629
Galveston, Texas 77553
409.763.2481 - Telephone
409.762.1155 - Facsimile

**Attorney for Defendant,
The Burlington Northern Santa Fe
Railway Company**

OF COUNSEL:

Robert W. Stewart, Esq.
Kelly, Hart & Hallman, P.C.
301 Congress, Suite 2000
Austin, Texas 78701
(512) 495-6400 - Telephone
(512) 495-6401 - Facsimile

31010675.1

- 5 -

MONSANTO COMPANY

By: *Kenneth R. Heinemann / By Permission [signature]*

Kenneth R. Heinemann (admitted *pro hac vice*)
Jerry K. Ronecker (admitted *pro hac vice*)
Charles Ron Hobbs, II (admitted *pro hac vice*)
Husch & Eppenberger, LLC
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500 – Telephone
(314) 480-1505 – Facsimile

**Attorneys for Monsanto Company**

OF COUNSEL:

Edward M. Carstarphen
State Bar No. 03906700
Ellis, Carstarphen,
  Dougherty & Goldenthal P.C.
5847 San Felipe, Ste. 1900
Houston, TX 77057-3009
(713) 647-6800 – Telephone
(713) 647-6884 – Facsimile

Stephen W. Lemmon
State Bar No. 12194500
Brown McCarroll, LLP
111 Congress, Suite 1400
Austin, Texas 78701
(512) 479-1148 – Telephone
(512) 226-7325 – Facsimile

THE DOW CHEMICAL COMPANY

By: _Lise T. Spacapan (By Permission) Joshua Hawes_
Frank L. Hill, Esq.
Thompson & Knight LLP
98 San Jacinto Blvd., Suite 1900
Austin, Texas 7870-4239
(512) 469-6100 - Telephone
(512) 469-6180 – Facsimile

**Attorneys for Defendant
The Dow Chemical Company**

OF COUNSEL:

Lise T. Spacapan
Joanne Hannaway Sweeney
Fazal R. Khan
Jenner & Block LLP
One IBM Plaza
Chicago, Illinois 60611
(312) 222-9350 – Telephone
(312) 527-0484 – Facsimile

|      | VULCAN MATERIALS COMPANY |
|------|--------------------------|
| By:  | /s/ Stephen C. Dillard   |

Stephen C. Dillard
State Bar No. 05868000
Federal I.D. No. 1067
Fulbright & Jaworski L.L.P
1301 McKinney, Suite 5100
Houston, Texas 77010 3095
(713) 651 5151 – Telephone
(713) 651 5246 – Facsimile

**Attorney-in-Charge for Defendant
Vulcan Materials Company**

OF COUNSEL:

Thomas A. Nesbitt
State Bar No. 24007738
Fulbright & Jaworski L.L.P.
600 Congress, Suite 2400
Austin, Texas 78701-2978
(512) 474-5201 – Telephone
(512) 536-4598 – Facsimile

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on October 11, 2005.

/s/ Stephen C. Dillard