# EXHIBIT D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



BRANDON T ADAMS,                    §
LINDA C ADAMS,                      §
HENRY W ALDRIDGE,                   §
JUSTIN L ALDRIDGE,                  §
RUBY BURNS ALDRIDGE,                §
DONNA J ALLEN,                      §
MICHELLE MEJIAS ARGUELLO,           §
ALVITA C ARRINGTON,                 §
DONNELL BARRETT,                    §
SANDRA P BASS,                      §
ASHLEY BATTS,                       §
BILL BATTS,                         §
BRODERICK BATTS,                    §
CLARENCE EDWARD BATTS,              §
JACKLYN BATTS,                      §
JASMINE BATTS,                      §
LASHANDA BATTS,                     §
LATOMIA BATTS,                      §
NICOLE BATTS,                       §
PORSHA BATTS,                       §
RANDI BATTS,                        §
SANDRA BATTS,                       §
ROBERT A BAXTER,                    §
ROBERT D BELL SR,                   §
DON BOYCE,                          §
CALVIN M BRADLEY,                   §
DEODRICK D BRADLEY,                 §
FLOYD W BRADLEY,                    §
SEDRICK M BRADLEY,                  §
RUTH E BRANCH,                      §
LEON D BRINSTON,                    §
COLACRTHIA BROOK,                   §
BARBARA BROOKS,                     §
COLAIRTHIA BROOKS,                  §
CURTIS BROOKS,                      §
DAMION L BROOKS,                    §
JAMES CHARLES BROOKS SR,            §
RICHARD L BROOKS,                   §
WILEY BROOKS,                       §
LOIS M BROOKS-NIX,                  §
ANTHONY BROWN,                      §
KAYLOR L BROWN,                     §

VENESSA R BRYANT,  §
BRITTANY BURNETT,  §
GALE MOORE BURNETT,  §
JAMIE BURNETT,  §
CLIFTON BURNS III,  §
CLIFTON J BURNS JR,  §
CLIFTON J BURNS SR,  §
CLIFTON BURNS JR,  §
DARLINE BURNS,  §
DETRENIA BURNS,  §
DONNYELLE BURNS,  §
DOUGLAS RAY BURNS,  §
EDDIE MAE BURNS,  §
GLORIA BURNS,  §
HELEN MARIE BURNS,  §
HENRY BURNS,  §
JAMES C BURNS,  §
JAMES ROY BURNS,  §
JESSIE L BURNS,  §
KEVIN D BURNS,  §
LALONDA BURNS,  §
LINDA K BURNS,  §
MICKLE BURNS,  §
MINNIE BURNS,  §
PRECIOUS BURNS,  §
TERRY LYNN BURNS,  §
TERRY LYNN BURNS,  §
TOMMIE LEE BURNS,  §
TOMMIE LEE BURNS JR,  §
MATTIE J CAREY,  §
WILLIAM CAREY,  §
WILLIAM LOUIS CAREY,  §
BARBIE D CARTER,  §
BOBBIE CARTER,  §
LAURA A CLARK,  §
TRACY COLE,  §
CASSANDRA COLEMAN,  §
DEBRA COLEMAN,  §
DERRICK COLEMAN,  §
DEVIN COLEMAN,  §
DONNIE H COLEMAN,  §
ROBIN L COLEMAN JR,  §
NELLIE MAE COLVIN,  §
JOHN E COOPER,  §
JONNISHA COOPER,  §
LAKENDRICK COOPER,  §

MELVIN COPELAND,                          §
SANTOYA COPELAND,                         §
LOUISE CROMO,                             §
INA CROSS,                                §
ANQUINISHA CUMMINGS,                      §
BWANA CUMMINGS,                           §
DATAYA CUMMINGS,                          §
JUSTONIA CUMMINGS,                        §
MELVIN CUMMINGS,                          §
ZALWANDA CUMMINGS,                        §
PAULINE ADAMS DARCUS,                     §
J L DARDEN,                               §
ANNIE L DAVIS,                            §
ECLISHA DAVIS,                            §
INEZ DAVIS,                               §
JAMARIOUS DAVIS,                          §
KATIE M DAVIS,                            §
LEONARD E DAVIS,                          §
LEONARD E DAVIS,                          §
MABLE DAVIS,                              §
NORRIS DAVIS,                             §
OLA DAVIS,                                §
OLA DAVIS,                                §
ROBERT L DAVIS,                           §
SHALA DAVIS,                              §
SHANETRA DAVIS,                           §
SHANETRA MICHELLE DAVIS,                  §
TERRY DAVIS,                              §
VALENCIA HAGAN DAVIS,                     §
VERSIE DAVIS,                             §
PETRA ISABEL DELEON,                      §
BRODNEY DEVAULT,                          §
CLARICE DEVAULT,                          §
CLARICE DEVAULT,                          §
DRAIDERIUS DEVAULT,                       §
DERRICK DIGGS,                            §
ROOSEVELT DILLARD,                        §
ELLA DORSEY,                              §
ROYCE DORSEY,                             §
RICHARD DURAN,                            §
LEE EDWARD ELDRIDGE,                      §
DANITA MICHELLE ELLIS,                    §
DARROLYNN R ELLIS,                        §
DARRYL ELLIS,                             §
DARRYL G ELLIS,                           §
DAVID ELLIS,                              §

DEMETRIUS L ELLIS,                          §
DIANDREA L ELLIS,                           §
DWAYNE M.A. ELLIS,                          §
ESTER ELLIS,                                §
LORETTA D ELLIS,                            §
ERNESTO ESPINOZA,                           §
DUWONN EVANS,                               §
KATHERINE FELTUS,                           §
ROBERT P FELTUS,                            §
ROBINISHA FELTUS,                           §
WILLIAM O FELTUS,                           §
ALLEN FISHER,                               §
BRANDON E FISHER,                           §
BRITTANY LEANN FISHER,                      §
JAMES ROY FISHER,                           §
JOEL FISHER,                                §
KILROY FISHER,                              §
LATANYA FISHER,                             §
LAURA FISHER,                               §
LEE R FISHER,                               §
PRINCESS E FISHER,                          §
EVERLEAN FORD,                              §
KEVIN DEWAYNE FORD,                         §
LYVONNE S FRANK,                            §
CAROLYN FLEMING FRANKLIN,                   §
EUGENE R FRANKLIN,                          §
HELEN FREEMAN,                              §
IRENE F GALLOWAY,                           §
STEPHANIE GARFIELD,                         §
CATHEY E GARNER,                            §
REKEIDA A GARNER,                           §
BRYANT D GENTRY,                            §
DAISY L GENTRY,                             §
DAVID GENTRY,                               §
FARRIS GENTRY,                              §
FLORENCE GENTRY,                            §
FLORENCE GENTRY,                            §
HOWARD GENTRY JR,                           §
LILLIE M GENTRY,                            §
SHIRLEY L GENTRY,                           §
JASTAZZIA GOFFINET,                         §
MARY ANN GONZALES,                          §
PATRICIA ANN GONZALES,                      §
SHELLY GONZALES,                            §
RICHARD GONZALEZ,                           §
SABRINA GORDON,                             §

4

CLARENCE GRAYS,                                    §
RODESSA GRAYS,                                     §
DORIS JEAN GREEN,                                  §
JO ANN GREENE,                                     §
BERNICE GUYTON,                                    §
ALICIA HAGAN,                                      §
BILLY HAGAN,                                        §
DEONTE HAGAN,                                       §
DEONTE HAGAN,                                       §
KENYIDA HAGAN,                                     §
KENYIDA HAGAN,                                     §
SHARON RAY HAGAN,                                  §
LASHARDE HALL,                                      §
RHODA LEE HALL,                                     §
EDDIE M HAMILTON,                                  §
MAXINE B HAMILTON,                                 §
MEDERRLE D HAMILTON,                               §
SHANTEL R HAMILTON,                                §
ALBERTA W HANKS,                                   §
ERNEST HANKS,                                       §
CHANDRA J HARRIS,                                  §
ELIZABETH HARRIS,                                  §
ELIZABETH RUTH HARRIS,                             §
EUGENIA Y HARRIS,                                  §
EUGENIE Y HARRIS,                                  §
JAMES E HARRIS,                                     §
JAMES E HARRIS JR,                                 §
JAMIALYN HARRIS,                                   §
JOSEPH HARRIS JR,                                  §
KORDERO J HARRIS,                                  §
KRYSTAL HARRIS,                                     §
LOIS M HARRIS,                                      §
NATHAN E HARRIS,                                    §
PATRICIA HARRIS,                                    §
SHANNON MY'LISA HARRIS,                            §
TRAVIS HARRIS JR,                                  §
CALVIN LEE HARRISON JR,                            §
CALVIN LEE HARRISON SR,                            §
RICHYE LEE HARRISON,                               §
GOREE HAWKINS,                                      §
RICHARD HAWKINS,                                    §
RODNEY HAWKINS,                                     §
STEVEN HAWKINS,                                     §
BRENT HEATH,                                        §
MARGIE HEATH,                                       §
SHARON HEATH,                                       §

5

ALEXANDRIA HEMPHILL,
ANISHA HEMPHILL,
BRANDON S HEMPHILL,
CRYSTAL S HEMPHILL,
DEBORAH HEMPHILL,
DEBORAH HEMPHILL,
JALEN HEMPHILL,
JOSHUA HEMPHILL,
JUSTIN J HEMPHILL,
KELTON HEMPHILL,
RICA HEMPHILL,
VICTORIA HEMPHILL,
XAVION HEMPHILL,
JAMES HENDERSON,
BARBARA J HESTER,
DOCK HESTER,
JOHNNIE MAE HESTER,
RONALD G HESTER,
SYLVIA HICKMAN,
CHARLIE MAE HICKS,
EVELYN E HILL,
CANTREAS LASHA HOGUES,
DOMINIQUE Y HOGUES,
JESSE L VASQUEZ HOGUES JR,
JESSE LOYD HOGUES,
JESSIE LOYD HOGUES SR,
KARUSHA JAFRIKA YNESHA HOGUES,
MARION ROBERSON HOGUES,
DORA J HOLLIDAY,
LILLY M HOLMES,
OLLIE HOLMES JR,
DEBBIE HORNSBY,
VANIA HORNSBY,
GARLON HUDSON,
MARLON HUDSON,
RONALD HUDSON,
BARBARA HAWKINS HUTSON,
ANDRE ISOM,
DONALD W ISOM,
JOHN L ISOM,
RONALD ISOM,
AUSTINA JACKS,
ANDREA JACKSON,
AUSTIN JACKSON,
AUSTINA JACKSON,
BEVERLY ANN JACKSON,

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

BRODRICK JACKSON,                         §
CHARLES JACKSON,                          §
CHESTER JACKSON,                          §
CHESTER JACKSON JR,                       §
CHRISTOPHER EARL JACKSON,                 §
DEANDREA JACKSON,                         §
DEONTE RAYSHAUN JACKSON,                  §
DIAMONTE DESHAUN JACKSON,                 §
DONNA DAVIS JACKSON,                      §
DOUGLAS D JACKSON,                        §
DOUGLASIA DERAY JACKSON,                  §
FREDRICK ONEAL JACKSON,                   §
JUNASIA DYNETTE JACKSON,                  §
KEISHA ANN JACKSON,                       §
KISHA JACKSON,                            §
MARILYN JACKSON,                          §
MESHELL ANNETTE JACKSON,                  §
MINNIE J JACKSON,                         §
MINNIE R JACKSON,                         §
MOSEVELT JACKSON SR,                      §
PATRICK ONEAL JACKSON,                    §
PEARL JACKSON,                            §
RAY GENE JACKSON,                         §
RICKEY GENE JACKSON,                      §
ROBERT JACKSON,                           §
RODRICK ONEAL JACKSON,                    §
T JACKSON,                                §
THEORDORE JACKSON,                        §
THOMAS JACKSON,                           §
WILLIAM JACKSON,                          §
COREY C JEFFERY,                          §
DONNELL DEVON JENKINS,                    §
CHEYENNE S JOHNSON,                       §
CORISA JOHNSON,                           §
DONNA RUTH JOHNSON,                       §
ELLA MAE JOHNSON,                         §
HIRAM LEE JOHNSON,                        §
J C JOHNSON,                              §
JABARI JOHNSON,                           §
JAHLA JOHNSON,                            §
JAMAR JOHNSON,                            §
JENNIFER MARIE JOHNSON,                   §
JERMY JOHNSON,                            §
JESSICA JOHNSON,                          §
JESSIE LEE JOHNSON JR,                    §
JOHNELL JOHNSON,                          §

JUNE JOHNSON,                                           §
LONNIE RAY JOHNSON,                                     §
PAUL JOHNSON,                                           §
RENA MAE JOHNSON,                                       §
SHAWN MICAHEL JOHNSON,                                  §
TEVIN JAMAL JOHNSON,                                    §
TRESA A JOHNSON,                                        §
SHANGELIA MOORE LEWIS KENDALL,                          §
ARTHUR D KENNERSON,                                     §
DOROTHY KENNERSON,                                      §
RICKIE L KNOX,                                          §
DANITA C KYLES,                                         §
ELIJAH LAUDERDALE,                                      §
KENNETH WAYNE LAUDERDALE,                               §
LINDA GIVENS LAUDERDALE,                                §
MAURIETTE E LAUDERDALE,                                 §
BASEL L LISTER,                                         §
CLARA LISTER,                                           §
EARLENE LISTER,                                         §
LAQUITTA G LISTER,                                      §
SANDRA LEE LISTER,                                      §
VERSIE B LISTER,                                        §
ANNIE LEE LOCKETT,                                      §
MAXINE LOCKETT,                                         §
RAYMOND LOCKETT JR,                                     §
RAYMOND LOCKETT SR,                                     §
RUFUS LOCKETT,                                          §
RUTH E LOVING,                                          §
LATREAS E MANAS,                                        §
TREAS L MOORE MANAS,                                    §
TREAS MOORE MANAS,                                      §
WILLIAM J MANAS III,                                    §
WILLIAM J MANAS JR,                                     §
BRIAN K MANLEY,                                         §
HILARIO MARTINEZ JR,                                    §
MARCUS MARTINEZ,                                        §
NIKKIA J BURNS MATETE,                                  §
AREATHIA L MATHIS,                                      §
CRAIG LEON MATHIS,                                      §
DOROTHY MATHIS,                                         §
MARCUS T MATHIS,                                        §
NICRAISHA LYON MATHIS,                                  §
REBECCA MATHIS,                                         §
WILLIE MATHIS JR,                                       §
CLAUDOLYN A MCCARTY,                                    §
URSALA N MCCARTY,                                       §

8

JESICA MCCLAIN,                            §
BARBARA MCDONALD,                          §
JAMES MCDONALD,                            §
JOHONN MCGOWAN SR,                         §
KRISHNA MCGOWAN,                           §
BLOSSIE T MCGREGOR,                        §
RHAUN CHRISTOPHER MCGREGOR,                §
ROSCOE MCGREGOR JR,                        §
ROSCOE MCGREGOR SR,                        §
MILTON E MCNEIL SR,                        §
PATRICIA ANN MCNEIL,                       §
SHAWN MCNEIL,                              §
CHRISTOPHER MEJIAS,                        §
IRENE MEJIAS,                              §
MANUEL MEJIAS,                             §
MARCUS MEJIAS,                             §
MELISSA MEJIAS,                            §
JULIUS MILLER,                             §
CHELSEA MITCHELL,                          §
ANTHONY MOORE,                             §
CASIE J MOORE,                             §
CHAD MOORE,                                §
CHADRICK MOORE,                            §
CHARLIE JAMES MOORE,                       §
CHRISTOPHER S MOORE,                       §
CORNOLA MOORE,                             §
DOUGLAS N MOORE,                           §
EDNA MOORE,                                §
ERICA M MOORE,                             §
EURALENE MOORE,                            §
GERRY B MOORE,                             §
JONATHAN D MOORE,                          §
JONATHAN DEWAYNE MOORE,                    §
JOYSTENE C MOORE,                          §
KEI AMBER MOORE,                           §
LATASHA MOORE,                             §
LESTER S MOORE,                            §
MINNIE LEE MOORE,                          §
MIRANDA MOORE,                             §
RAVEEN MOORE,                              §
RICHARD MOORE JR,                          §
RICHARD MOORE SR,                          §
ROBERT A MOORE SR,                         §
ROBERT LEE MOORE,                          §
ROMAN MOORE,                               §
ROMAN B MOORE JR,                          §

ROMEO W MOORE,                          §
SHARLA MOORE,                           §
SHEILA MOORE,                           §
STEPHANIE E MOORE,                      §
WILLIE MAE MOORE,                       §
WILLIE MAE MOORE,                       §
JASMINE MOSES,                          §
JASMINE MOSES,                          §
MARY MOSES,                             §
MONICA MOSES,                           §
LISA ANN NICKERSON,                     §
MARCUS NICKERSON,                       §
MELONIE NICKERSON,                      §
BRENDA NICKS,                           §
BRENDA NICKS,                           §
BRIAN RACHAD NICKS,                     §
CANDACE NICKS,                          §
KENNETH P NIX,                          §
OLLIE H NIX,                            §
WALTER E NIX SR,                        §
LURISE PAGE,                            §
COURTNEY PARKER,                        §
MICHAEL PARKER,                         §
WINIFORD PARKER,                        §
BOBBY RAY PENNIE,                       §
GEORGE ALBERT PENNIE,                   §
MARGARET PENNIE,                        §
ENRIQUE PEREZ,                          §
JOSEPH PEREZ,                           §
OLIVER PHILLIPS,                        §
PAUL PHILLIPS,                          §
PAULA S PHILLIPS,                       §
PRENTISS GEORGE PHILLIPS,               §
BEVERLY PLEASANT,                       §
LAKEISHA PLEASANT,                      §
PATRICE PLEASANT,                       §
PATRICK PLEASANT JR,                    §
PATRICK PLEASANT SR,                    §
HARLAN C PLUMBER,                       §
HARLEY PLUMBER,                         §
HERBCHELLE PLUMBER,                     §
HERBERT C PLUMBER JR,                   §
HERBERT PLUMBER JR,                     §
HILLARY PLUMBER,                        §
VICKIE PLUMBER,                         §
CHARLES POLITE,                         §

LABRAYLA POOL,                          §
KENNETH W PORTER,                       §
JA'QUENTIN POWELL,                      §
MELVIA H POWELL,                        §
ORA LEE PRICE,                          §
ORA LEE PRICE,                          §
TARRANCE PRICE,                         §
FRANK QUINIERO,                         §
LUTHER ONEAL RAGSTON SR,                §
SHERRY RAGSTON,                         §
BESSIE M RATLIFF,                       §
HEATHER RATLIFF,                        §
JOSHUA RATLIFF,                         §
MICHELLE RATLIFF,                       §
TONY RATLIFF,                           §
TRACY RATLIFF,                          §
WRIGHT C RATLIFF,                       §
WRIGHT RATLIFF JR,                      §
ANTHONY RAY,                            §
DONNA RAY,                              §
LUELLA RAY,                             §
MORRIS RAY,                             §
NIKITA RAY,                             §
DOCK U REESE JR,                        §
EVERLENE RELIFORD,                      §
LACRESHIA RELIFORD,                     §
ROESHON RELIFORD,                       §
STANLEY B RELIFORD,                     §
ZEPHYR RELIFORD,                        §
DEBRA J RHODES,                         §
EUREKA S RHODES,                        §
A D ROBERSON,                           §
ALFRED D ROBERSON,                      §
ALMA ROBERSON,                          §
MILDRED ROBERSON,                       §
RAY ROBERSON,                           §
ARLINDA ROBERTS,                        §
GERALD WAYNE ROBERTS,                   §
KEVIN ROBERTS,                          §
KIASHA ROBERTS,                         §
OTIS ROBERTS JR,                        §
QUNEISHA ROBERTS,                       §
TANETTE L ROBERTS,                      §
OTIS ROBERTSS JR,                       §
EDWARD M ROGERS,                        §
NATHAN ROGERS,                          §

RHONDA ROGERS,                          §
JABORIE RUCKS,                          §
NICOLE SHUNTAE RUSSELL,                 §
MARY B SALDIVAR,                        §
JOSHUA SAMS,                            §
DAISY MAE SCARLETT,                     §
MICHAEL KESHAWN SCARLETT,               §
QURISHA SCARLETT,                       §
DEBORAH SCHICLE,                        §
RARTERRIUS SCHICLE,                     §
ZOCCORRO SCHICLE,                       §
RAJANAE SCYRES,                         §
JAMES SIMPSON,                          §
JAMES DAVIS SIMPSON,                    §
JOSEPHINE SINGLETON,                    §
JAMES M SMITH,                          §
MICHEAL SMITH,                          §
MIKEL SOWDERS,                          §
AUDRESHA SPATES,                        §
CHRISTOPHER MICHAEL SPATES,             §
BESSIE M SPENCER,                       §
ESTELLA J SPENCER,                      §
GEORGIA SPENCER,                        §
HERBERT SPENCER,                        §
HERBERT SPENCER,                        §
ROSALYN V SPENCER,                      §
BARBARETT STEVENSON,                    §
SHANETRA STEVENSON,                     §
MICHELLE STIFFLEMIRE,                   §
PATRICIA ANN STIFFLEMIRE,               §
DORIS J STRAIT,                         §
DERRICK K STRINGFELLOW,                 §
BRALA D SWAIN,                          §
ALTON A SWEENEY JR,                     §
ALTON SWEENEY JR,                       §
WALLACE TAYLOR,                         §
MICHAEL TEALER,                         §
COURTNEY D TELSEDE,                     §
RHANLLER THOMAS,                        §
VESTER THOMAS,                          §
CLAUDIS THURMAN SR,                     §
DOROTHY JEAN THURMAN,                   §
DOROTHY THURMON,                        §
DOROTHY JEAN THURMON,                   §
CARNELL TOWNSEND,                       §
CHARLES TOWNSEND,                       §

GLORIA TOWNSEND,                          §
S USIE TOWNSEND,                          §
JAMES TOWSEND,                            §
J D TURNER,                               §
JAMES E TURNER,                           §
JATERIA TURNER,                           §
ONIE MAE TURNER,                          §
ONIE MAE TURNER,                          §
JOHNNIE P UNDERWOOD,                      §
RITA Y VASQUEZ,                           §
SYLVIA VEGA,                              §
DALIA VELA,                               §
JOHN M VELA,                              §
MIKE C VELA,                              §
PAULA K WALKER,                           §
CYNTHIA WASHINGTON,                       §
DOROTHY WASHINGTON,                       §
WILLIAM H WASHINGTON,                     §
JAMES WASHISNGTON,                        §
ANTHONY V WATSON,                         §
LEONARD WATSON,                           §
MARY E WATSON,                            §
VIVIAN WATSON,                            §
BILLY GENE WILEY,                         §
DONALD R WILEY,                           §
HENRY WILEY,                              §
WILLIE WILEY,                             §
CLIDY MAE WILLIAMS,                       §
DAVID WILLIAMS,                           §
EDWARD J WILLIAMS,                        §
ETTA J. WILLIAMS,                         §
FAFFY RENAE WILLIAMS,                     §
FREDDIE WILLIAMS,                         §
FREDDIE J WILLIAMS,                       §
JOHNNIE B WILLIAMS,                       §
MARY WOODFORK WILLIAMS,                   §
RUBY J WILLIAMS,                          §
TERRANCE WILLIAMS,                        §
ANTHONY G WILSON,                         §
BARBARA A WILSON,                         §
CA'RON WILSON,                            §
ERIC WILSON,                              §
FLORENCE GENTRY WILSON,                   §
LAKIETRA R WILSON,                        §
MINNIE WILSON,                            §
TYSON WILSON,                             §

13

| | | |
|---|---|---|
| DELOISE M WISE, | § | |
| MARTIN WISE SR, | § | |
| LELISHA WISEMAN, | § | |
| STACIE WOODBERRY, | § | |
| CLARA WOODFORD, | § | |
| JONAS WOODFORK, | § | |
| JAYCEE YOUNG, | § | |
| TERRANCE YOUNG, | § | |
| PLAINTIFFS, | § | CIVIL ACTION NO: A 05 CA 464 SS |
| | § | |
| V. | § | |
| | § | |
| KOPPERS INDUSTRIES INC., | § | |
| A FOREIGN  CORPORATION | § | PLAINTIFFS DEMAND |
| THE BURLINGTON NORTHERN | § | TRIAL BY JURY |
| SANTA FE RAILWAY COMPANY, | § | |
| A FOREIGN CORPORATION; | § | |
| MONSANTO COMPANY, A FOREIGN | § | |
| CORPORATION; THE DOW | § | |
| CHEMICAL COMPANY, A FOREIGN | § | |
| CORPORATION, AND | § | |
| VULCAN MATERIALS COMPANY, | § | |
| A FOREIGN CORPORATION, | § | |
| DEFENDANTS | § | |

## PLAINTIFFS' SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

COME NOW Plaintiffs, complaining of Defendants Koppers Industries, Inc., The

Burlington Northern Santa Fe Railway Company, Monsanto Company, The Dow

Chemical Company and Vulcan Materials Company and file this their second amended

complaint.

I.

PARTIES

1.      Plaintiffs, whose names are listed on Exhibit "A" hereto and fully

incorporated herein, have standing and capacity to file suit. Plaintiffs are African-American

individuals and minors who formerly or presently live within close proximity of the site in

14

question and/or who were former employees of Defendants who operated the site.

2.    Defendant, Koppers Industries, Inc. (hereinafter "Koppers") is a Pennsylvania corporation. Koppers has answered herein.

3.    Defendant Burlington Northern and Santa Fe Railway Corporation (hereinafter "BNSF") is a Delaware corporation. BNSF has answered herein.

4.    Defendant Monsanto Company (hereinafter "Monsanto") is a Delaware corporation. Monsanto has answered herein.

5.    Defendant The Dow Chemical Company (hereinafter "Dow") is a Delaware corporation. Dow has answered herein.

6.    Defendant Vulcan Materials Company (hereinafter "Vulcan") is a New Jersey corporation. Vulcan has answered herein.

II.

JURISDICTION AND VENUE

7.    This court has jurisdiction pursuant to 28 U.S.C. § 1331 because the suit involves a federal question. Specifically, this court has exclusive jurisdiction over Plaintiffs' claim pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), 2000d and 3604.

8.    This court has venue because a substantial part of the events or omissions giving rise to the claim occurred in Somerville, Texas.

III.

DISCOVERY RULE

9.    Plaintiffs herewith plead the discovery rule, specifically that in response to, and as an affirmative defense to any such pleas of statue of limitations as may be made, Plaintiffs allege and assert that they neither discovered, nor should have discovered the claims or facts underlying the claims outside of the limitations periods. The discovery rule,

15

as defined by *Woods vs. Mercer*, 769 S.W.2d 515 (Tex. 1988), specifically means that the Plaintiffs did not discover nor could have reasonably discovered they had a potential cause of action for their personal injury and other damages until such time as they obtained information or facts to put them on notice of same, and accordingly now plead the discovery rule as an affirmative defense to any statutes of limitations assertions plead now or in the future by Defendants.

IV.

## STATEMENT OF FACTUAL ALLEGATIONS

10.    Defendant BNSF operated and Defendant Koppers operates a wood treatment facility in and near Somerville, Texas (hereinafter "the Facility"). The Facility occupies a 200-acre tract of land approximately one mile northwest of the intersection of Highway 36 and FM 1361on the northeastern edge of the city of Somerville in Burleson County, Texas. Koppers and BNSF and their predecessors are hereinafter referred to from time to time as "Wood Treatment Defendants."

11.    Wood Treatment Defendants used toxic chemicals to produce treated railroad ties and other chemically treated specialty wood products for the railroad industry. Under pressure and heat, creosote and other pesticides would infuse the railroad ties and displace water in the wood, thus impregnating the railroad ties with the chemicals. Wood Treatment Defendants purchased and used a chemical known as pentachlorophenol, in addition to coal tar creosote, to treat the railroad ties.

12.    Defendants Monsanto, Dow and Vulcan (hereinafter "Penta Defendants") manufactured and sold to Wood Treatment Defendants products containing pentachlorophenol, otherwise known as "penta".

13.    Plaintiffs have been exposed and continue to be exposed to the toxic

16

chemicals from the Facility used to treat these wood products. At some point in time unknown to Plaintiffs, these chemicals began to contaminate their bodies, real property and homes.

14.    The chemicals have contaminated Plaintiffs' bodies, homes and real estate, places of business and public schools in the area. Further, the chemicals have contaminated the air, ground, and water resources of Somerville, Texas. As a consequence, Plaintiffs suffer from diseases and personal injuries and have been placed at an unacceptably high risk for serious and life threatening diseases in the future.

15.    Plaintiffs, therefore, state the following causes of action against Defendants named above to recover compensation for personal injury, property damage, civil rights violations and environmental damage caused by the aforesaid toxic contamination. In connection therewith, plaintiffs also seek to recover the monetary costs of cleaning up the aforesaid contaminated property and environment.

16.    In addition to the recovery of monetary damages, Plaintiffs further seek through this civil action equitable relief in the form of a court established and supervised fund to pay for medical monitoring of the plaintiffs and those similarly situated. Plaintiffs seek further equitable relief in the form of an injunction to enjoin the further contamination of Plaintiffs' homes, properties, persons and businesses and the Somerville environment by Defendants' manufacture, distribution and use of the toxic chemicals.

17.    Plaintiffs owning property in Somerville area owned this property during the time period in which contamination to the properties commenced and/or have been assigned the rights to any cause of action that could have been asserted by any predecessors in title to their respective properties.

18.    Plaintiffs have experienced one or more of the following during the time periods relevant hereto:

a. Intermittent flooding of their property with surface water running from the contaminated Kopper's railroad tie treatment facility.

b. Intermittent flooding of their property from Thompson Creek and other natural drains with receive contaminated surface water flowing from the aforesaid railroad tie treatment facility.

c. Treated wood provided to the plaintiffs by the wood treatment defendants was routinely used as firewood in the homes of the plaintiffs and in some cases used as cooking fuel.

d. Treated wood ties from time to time would be placed on or near the property of one or more of the plaintiffs for storage prior to their being sold or removed by the wood treatment defendants for some other purpose.

e. Subsurface water lying under the real estate of the plaintiffs has been and remains contaminated with the chemicals used by the wood treatment defendants as a consequence of the chemicals being spilled and otherwise placed on the soil of the treatment facility and otherwise placed in leaking containment ponds such that the ground water and the aquifers underlying the Somerville area is now contaminated.

f. One or more of the plaintiffs has in the past experienced "oily tasting" water drawn from fresh water wells in the Somerville area.

g. One or more of Plaintiffs' houses and real estate have become contaminated with dioxins/furans, PAHs and other toxic molecules released from the aforesaid wood treatment facility.

18

h. The plaintiffs have and continue to experience noxious odors emanating from the aforesaid wood treatment facility.

i. The plaintiffs have and continue to experience poisonous dusts released from the aforesaid wood treatment facility settle from the air onto their respective properties in the Somerville area.

19. BNSF has represented to the Texas Natural Resource Conservation Commission that it assumes responsibility for the historic contamination of the Somerville site.

20. Independent testing has verified the presence of toxic compounds including dioxins/furans and PAHs inside the homes of Somerville residents. Likewise, independent testing has verified the presence of toxic compounds including dioxins/furans and PAHs in the residential soil of the Somerville area.

21. The nature and make-up of the aforesaid compounds establish that the Somerville site is the generator of these compounds.

22. Governmental mandated testing of soil, sediment, surface and sub-surface water on the Somerville site has verified the presence of the toxic and dangerous compounds.

23. The Texas Natural Resource Conservation Commission (TNRCC) has documented the contamination of the aquifer underlying the Somerville area.

24. The TNRCC has documented soil contamination at the Somerville site.

25. Surface water run-off from the Somerville site has carried contaminated sediment to the waters of Thompson Creek and other natural drainage features resulting in off-site contamination of the Somerville area.

19

26. As a consequence of the foregoing, but not limited to the foregoing, activities of the wood treatment defendants toxic substances including PAHs, dioxins/furans, arsenic and other dangerous and deadly toxins were at all relevant times generated and released from the Facility.

27. During the relevant time period in question, Penta Defendants sold pentachlorophenol-containing products to Wood Treatment Defendants and they allowed the toxic fumes to escape and permeate neighboring homes and properties, further exposing the residents to these dangerous compounds.

28. Furthermore, the pentachlorophenol-containing products were routinely stored outside at the Facility. Because pentachlorophenol-containing products were stored without cover or protection, the chemicals were allowed to disperse throughout the neighborhood, further contaminating Plaintiffs' homes, properties, and persons.

29. During the relevant time period in question, the Wood Treatment Defendants also improperly disposed of unwanted chemicals and contaminated dirt by dumping the refuse outside at the Facility. These acts further contaminated Plaintiffs' homes, properties and persons.

30. During the relevant time in question, the Penta Defendants' representatives and/or agents visited the facilities on a regular basis to deliver, sell and/or promote their products to the Wood Treatment Defendants. The Penta Defendants' representatives and/or agents also visited the Facility to instruct the Wood Treatment Defendants' employees on how to mix and/or formulate chemicals. Clearly, the manner in which the Wood Treatment Defendants' operated the Facility was open and obvious to the Penta Defendants' representatives and/or agents, who, notwithstanding the obvious hazards posed to the Wood

Treatment Defendants' employees and those living in the community, failed to warn or instruct the Wood Treatment Defendant of the hazards posed by their products.

31.    These and other acts by the Defendants, as more fully discussed herein and incorporated by reference, caused the contamination of Plaintiffs' homes and properties that in many instances still exists today and which have also caused Plaintiffs to suffer debilitating health effects.

V.

COUNT I: NEGLIGENCE

BY THE WOOD TREATMENT DEFENDANTS

32.    From a date not exactly known to Plaintiffs until the present, the Wood Treatment Defendants, collectively or individually operated a wood treatment facility and/or owned the premises upon which the wood treatment facility operated in the city limits of Somerville, Texas. Plaintiffs allege that during, and subsequent to, the operation of such plant, the Wood Treatment Defendants collectively and/or individually, accepted into, placed into, and/or caused to be placed into the Facility, toxic and hazardous substances and chemicals and subsequently allowed and failed to prevent the toxic and hazardous wastes, substances and chemicals to escape from the Facility into the ground, water and air under, above and about the Facility.

33.    Plaintiffs allege that the acceptance and introduction of the toxic and hazardous substances and chemicals into the aforesaid plant by the Wood Treatment Defendants collectively or individually, and the subsequent exposures of such toxic and hazardous substances and chemicals to Plaintiffs and subsequent failures to prevent such toxic and hazardous substances and chemicals to escape from the Facility into the ground, water and air under, above and about the Facility are the proximate and/or producing

21

causes(s) of the damages accruing to Plaintiffs, said damages being likewise more fully set out herein and amounting to a sum within the jurisdictional limits of this Court.

### COUNT I: NEGLIGENCE
### BY THE PENTA DEFENDANTS

34.    Pleading additionally and alternatively, and without waiving any of the foregoing, Plaintiffs allege and would show that from a date not exactly known to Plaintiffs at this time until the present, the Penta Defendants collectively and/or individually, sold to, provided to, consigned to, transported to, and /or otherwise conveyed to the Wood Treatment Defendants (or caused to be sold to, provided to, consigned to, transported to and/or otherwise conveyed to the Wood Treatment Defendants), toxic and hazardous chemicals, solvents, substances, and/or materials which were conceptualized, designed, formulated, generated, manufactured and/or otherwise produced and placed into the stream of commerce by the Penta Defendants, collectively and/or individually. The said toxic and hazardous chemicals, solvents, substances, and/or materials include pentachlorophenol-containing products.

35.    Said chemicals were accepted and introduced by collectively and/or individually by the Penta Defendants into the Facility in Somerville, Texas, said Facility being operated and/or owned, or in the care, custody and/or control of the Wood Treatment Defendants, collectively and/or individually. Plaintiffs allege that the sale of, provision of, consignment of, transportation of and/or conveyance otherwise of toxic and hazardous chemicals, solvents, substances, and/or materials by the Penta Defendants, collectively and/or individually to the Wood Treatment Defendants, collectively and/or individually, and the subsequent exposures to such toxic and hazardous chemicals, solvents, substances, and/or materials are the proximate and/or producing cause(s) of the

damages accruing to Plaintiffs, said damages being likewise more fully set out herein and amounting to a sum within the jurisdictional limits of this Court.

36.   The conduct of the Penta Defendants, both jointly and severally, constituted negligence, such negligence being the proximate cause or producing cause of the damages suffered by Plaintiffs amounting to a sum within the jurisdictional limits of this Court.

COUNT II:
NEGLIGENCE IN FAILURE TO MONITOR AND DISCOVER
BY THE WOOD TREATMENT DEFENDANTS

37.   Pleading additionally and alternatively, without waiving any previous pleadings and incorporating same by reference herein, Plaintiffs allege and would show that the Wood Treatment Defendants, collectively and/or individually, accepted toxic and hazardous chemicals, solvents, substances, and/or materials at the Facility. The Wood Treatment Defendants, collectively and/or individually failed to monitor their procedures and receipts in such a way as to discover that such materials were in fact toxic and hazardous chemicals, solvents and substances.   The Wood Treatment Defendants, collectively and/or individually, failed to prevent the toxic and hazardous chemicals, solvents and substances from escaping from the Facility into the ground, water and air under, above and about the Facility. Plaintiffs allege that the failure(s) to monitor and discover, the acceptance(s) and introduction(s) of such toxic and hazardous chemicals, solvents and substances into the Facility and the subsequent uncontrolled releases into the ground, water and air at the hands of the Wood Treatment Defendants, collectively and/or individually as set out more fully and specifically herein, are the proximate and/or producing cause(s) of the damages accruing to Plaintiffs, said damages being likewise more fully set out herein and amounting to a sum within the jurisdictional limits of this Court.

COUNT II:
NEGLIGENCE IN FAILURE TO MONITOR AND DISCOVER
BY THE PENTA DEFENDANTS

38.    Pleading additionally and alternatively, without waiving any previous pleadings and incorporating same by reference herein, Plaintiffs allege and would show that from a date not exactly known to Plaintiffs at this time, Penta Defendants, collectively and/or individually, sold to, provided to, consigned to, transported to, and/or otherwise conveyed to the Wood Treatment Defendants, (or caused to be sold to, provided to, consigned too, transported to and/or otherwise conveyed to Penta Defendants), toxic and hazardous chemicals, solvents and substances which were conceptualized, formulated, generated, manufactured and/or otherwise produced by Penta Defendants, collectively and/or individually. Said toxic and hazardous chemicals, solvents and substances were accepted and introduced by the Wood Treatment Defendants collectively and/or individually, into the Facility, said Facility being operated and/or owned, or in the care, custody and/or control of the Wood Treatment Defendants collectively and/or individually. Penta Defendants, either collectively or individually, failed to conduct their business and monitor their procedures in such a way as to discover that such chemicals, solvents and substances were in fact toxic and hazardous. Plaintiffs allege that the sale of, provision of, consignment of, transportation of and/or conveyance otherwise of the toxic and hazardous chemicals, solvents and substances by Penta Defendants either collectively or individually, are the proximate and/or producing cause(s) of the damages accruing to Plaintiffs, said damages being likewise more fully set out herein and amounting to a sum within the jurisdictional limits of this Court.

24

## COUNT III:
## NEGLIGENCE IN FAILURE TO WARN
## BY THE WOOD TREATMENT DEFENDANTS

39.     Pleading additionally and alternatively, without waiving any previous pleading and incorporating same by reference herein, Plaintiffs allege that acts and omissions of the Wood Treatment Defendants either collectively or individually constituting negligence--failure to warn include, but are not necessarily limited to the allegations that:

*     the Wood Treatment Defendants, either collectively or individually, knew, or in the exercise of due caution as prudent operators of a formulating, storage and disposal plant, should have known of and should have discovered the danger to human life presented by the toxic and hazardous chemicals, solvents and substances which they/it accepted and placed into the Facility;

*     the Wood Treatment Defendants, either collectively or individually, failed to determine the hazards, nature, composition and toxicity of such chemicals, solvents and substances;

*     the Wood Treatment Defendants, either collectively or individually, exposed the Plaintiffs and others of the general public to the toxic and hazardous chemicals, solvents and substances through uncontrolled releases into the ground, water and air on, above and about the Facility;

*     the Wood Treatment Defendants, either collectively or individually failed to warn the Plaintiffs and other persons of the general public of the hazards posed to them by the release of the chemicals, solvents and substances into the ground, water and air.

40.     The negligence of the Wood Treatment Defendants, either collectively or individually, in failing to warn the Plaintiffs of the hazards described above has resulted

25

in, and is and was the proximate and/or producing cause of the damages accruing to the Plaintiffs, said damages being more fully set out herein and amounting to a sum within the jurisdictional limits of this Court.

COUNT III:
NEGLIGENCE IN FAILURE TO WARN
BY THE PENTA DEFENDANTS

41.    Pleading additionally and alternatively, without waiving any previous pleading and incorporating same by reference herein, Plaintiffs allege that acts and omissions of the Penta Defendants either collectively or individually constituting negligence—failure to warn include, but are not necessarily limited to the allegations that:

*    the Penta Defendants either collectively or individually, failed to give proper warnings or instructions regarding the dangerous and hazardous propensities and characteristics of the chemicals being sold;

*    the Penta Defendants either collectively or individually, failed to give proper warnings or instructions regarding the proper handling, mixing, storage, clean-up and/or disposal of the chemicals being sold;

*    the Penta Defendants either collectively or individually, failed to warn of the dangers posed to humans and the environment to long-term exposure to their products;

*    the Penta Defendants, either collectively or individually, withheld information known to them about the hazardous propensities and characteristics of the products being sold;

*    the Penta Defendants, either collectively or individually, failed to provide proper, complete or timely information to distribute and/or failed to take adequate steps to

26

insure that product information was communicated; and

\* the Penta Defendants, either collectively or individually, failed to adequately instruct

or warn of the proper disposal methods for their products.

42.    The negligence of the Penta Defendants, either collectively or individually,

in failing to warn the Plaintiffs of the hazards described above has resulted in, and is and

was the proximate and/or producing cause of the damages accruing to the Plaintiffs, said

damages being more fully set out herein and amounting to a sum within the jurisdictional

limits of this Court.

### COUNT IV:
### NEGLIGENCE IN FAILURE TO INTERVENE IN
### TIMELY MANNER TO PREVENT INJURY
### BY THE WOOD TREATMENT DEFENDANTS

43.    Pleading additionally and alternatively, without waiving any previous

pleadings and incorporating same by reference herein, Plaintiffs allege that acts and

omissions of the Wood Treatment Defendants, either collectively or individually

constituting negligence – failure to intervene include, but are not necessarily limited to the

allegations that the Wood Treatment Defendants, either collectively or individually failed to

intervene in a timely and prudent manner consistent with procedures recognized by the

industry to prevent and/or contain and/or monitor and/or control the releases of toxic and

hazardous chemicals, solvents and substances into the soil, water and air in order to

minimize or eliminate the exposure of the Plaintiffs and other persons to the material. The

negligence of the Wood Treatment Defendants, either collectively or individually in failing

to intervene in a timely manner as described above has resulted in, and is and was

proximate and/or producing cause of the damages accruing to the Plaintiffs, said damages

being more fully set out herein and amounting to a sum within the jurisdictional limits of

27

this Court.

COUNT IV:
NEGLIGENCE IN FAILURE TO INTERVENE IN
TIMELY MANNER TO PREVENT INJURY
BY THE PENTA DEFENDANTS

44.    Pleading additionally and alternatively, without waiving any previous pleadings and incorporating same by reference herein, Plaintiffs allege that acts and omissions of the Penta Defendants, either collectively or individually, constituting negligence -- failure to intervene include, but are not necessarily limited to the allegations that the Penta Defendants, failed to intervene in a timely and prudent manner consistent with procedures recognized by the industry to require the purchasers, consignees, operators or receivers otherwise of the toxic and hazardous chemicals, solvents and substances, to prevent the release of such material into the soil, water and air on, above, under and about the Facility in order to minimize or eliminate the exposure of the Plaintiffs and other persons to the material.  The negligence of the Penta Defendants, either collectively or individually in failing to intervene in a timely manner as described above has resulted in, and is and was proximate and/or producing cause of the damages accruing to the Plaintiffs, said damages being more fully set out herein and amounting to a sum within the jurisdictional limits of this Court.

COUNT V:
DESIGN DEFECT
BY THE PENTA DEFENDANTS

45.    Pleading additionally and alternatively, without waiving any previous pleadings and incorporating same by reference herein, Plaintiffs allege that the toxic and hazardous chemicals, and/or substances that were conceptualized, formulated, generated, manufactured and/or otherwise produced by the Penta Defendants, collectively and/or

28

individually, were defectively designed in that said products were unreasonably dangerous, taking into consideration the utility of the product and the risk involved in its use. Furthermore, the containers and/or packages in which these toxic and hazardous chemicals, and/or substances were shipped were defective in that the containers and/packages leaked, ripped, tore or otherwise allowed the chemicals to spill, leak, or otherwise discharge at the Facility. The defective design of the toxic and hazardous chemicals, and/or substances that were conceptualized, formulated, generated, manufactured and/or otherwise produced by the Penta Defendants, and their packaging either collectively and/or individually, has resulted in, and is and was proximate and/or producing cause of the damages accruing to the Plaintiffs, said damages being more fully set out herein and amounting to a sum within the jurisdictional limits of this Court.

## COUNT VI:
### BREACH OF EXPRESS AND IMPLIED WARRANTIES BY THE PENTA DEFENDANTS

46.    Pleading additionally and alternatively, without waving any previous pleadings and incorporating same by reference herein, Plaintiffs allege that the Penta Defendants expressly and impliedly warranted that the chemicals in question were properly and safely designed, tested, and manufactured, were of merchantable quality and fit for the particular use for which they were supplied. In fact, the chemicals in question were not as they were warranted to be, but were unsafe, dangerous and defective, and the the Penta Defendants' breach of warranty were the producing and/or the proximate cause of the damages accruing to the Plaintiffs, said damages being more fully set out herein and amounting to a sum within the jurisdictional limits of this Court.

## COUNT VII:
## NEGLIGENT MISREPRESENTATION
## BY THE WOOD TREATMENT DEFENDANTS

47.    Pleading additionally and alternatively, without waiving any previous pleadings and incorporating same by reference herein, Plaintiffs allege and would show that the acts and omissions of the Wood Treatment Defendants either collectively or individually, as set out heretofore, constitute negligent misrepresentation, as that term is known and understood in Texas, and that such acts and omissions were and are producing and/or the proximate cause of the damages accruing to the Plaintiffs, said damages being more fully set out herein and amounting to a sum within the jurisdictional limits of this Court.

## COUNT VIII:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## BY THE WOOD TREATMENT DEFENDANTS

48.    Pleading additionally and alternatively, without waiving any previous pleadings and incorporating same by reference herein, Plaintiffs allege that acts and omissions of the Wood Treatment Defendants, either collectively or individually, which constitute intentional infliction of emotional distress include, but are not necessarily limited to those allegations that:

\*    the Wood Treatment Defendants, either collectively or individually, had full knowledge of the nature and toxicity of the toxic and hazardous chemicals, solvents and substances which the Wood Treatment Defendants, collectively or individually accepted and subsequently placed into their/its formulating, storage and/or disposal plant;

\*    the Wood Treatment Defendants, either collectively or individually, willfully and

with full knowledge of the grave, and sometimes fatal, consequences to the Plaintiffs and persons of the general public, allowed toxic and hazardous wastes, chemicals, solvent and substances to freely release into the soil, water and air on, under and about the Facility;

*   the Wood Treatment Defendants, either collectively or individually, had full knowledge of the consequences of the introduction of such toxic and hazardous chemicals, solvent and substances into the Facility and with conscious indifference to those consequences, made a conscious decision to endanger the lives of the Plaintiffs;

*   the Wood Treatment Defendants, either collectively or individually, knew full well of the consequences of its acts and omissions in allowing the toxic and hazardous chemicals, wastes, solvents and substances to release into the soil, water and air on, under, above and about the Facility and with conscious indifference to those consequences, made a conscious decision to endanger the lives and property of the Plaintiffs and other persons of the general public as well as to endanger the ground and waters in the vicinity of the Facility and those areas in proximity to the Facility in question.

49.    The conduct on the part of the Wood Treatment Defendants, either collectively or individually, given the knowledge alleged heretofore by Plaintiffs, constitutes a flagrant disregard for the rights of the Plaintiffs and others, with actually awareness on the part of the Wood Treatment Defendants, either collectively or individually, that their actions would, in reasonable probability, result in great bodily harm. The Wood Treatment Defendants either collectively or individually, acted intentionally and recklessly, and such

31

conduct was extreme and outrageous. The actions of the Wood Treatment Defendants either collectively or individually, (as alleged by Plaintiffs now to constitute intentional infliction of emotional distress), caused and continue to cause (both proximately and as a producing cause) the severe emotional distress of Plaintiffs, amounting to a sum within the jurisdictional limits of this Court.

COUNT VIII:
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
BY THE PENTA DEFENDANTS

50.    Pleading additionally and alternatively, without waiving any previous pleadings and incorporating same by reference herein, Plaintiffs allege that acts and omissions of the Penta Defendants, either collectively or individually, constituting intentional infliction of emotional distress include, but are not necessarily limited to those allegations that:

*    the Penta Defendants, either collectively or individually, had full knowledge of the nature and toxicity of the toxic and hazardous chemicals, solvents and substances which the Wood Treatment Defendants, either collectively or individually, accepted and subsequently introduced into its/their plant;

*    the Penta Defendants, either collectively or individually, willfully and with full knowledge of the consequences to those Plaintiffs exposed to the toxic and hazardous chemicals, solvents and substances, wholly failed to even try to prevent the easily foreseeable exposures to such Plaintiffs to such toxic and hazardous chemicals, solvents and substances;

*    the Penta Defendants, either collectively or individually, knew full well of the consequences of their acts and omissions as set out in this paragraph and with

32

conscious indifference to those consequences, made a conscious decision to endanger the lives of the Plaintiffs and other persons of the general public as well as to endanger the ground, water and air in the vicinity of the Facility and those areas in proximity to the Facility in question.

51.    The conduct on the part of the Penta Defendants, either collectively or, individually, given the knowledge alleged heretofore by Plaintiffs, constitutes a flagrant disregard for the rights of the Plaintiffs and others, with actual awareness on the part of the the Penta Defendants, either collectively or individually, that their actions would, in reasonable probability, result in great bodily harm. The Penta Defendants, either collectively or individually, acted intentionally and recklessly, and such conduct was extreme and outrageous. The actions of the Penta Defendants, either collectively or individually, (as alleged by Plaintiffs now to constitute intentional infliction of emotional distress), caused and continue to cause (both proximately and as a producing cause) the severe emotional distress of Plaintiffs, amounting to a sum within the Jurisdictional limits of this Court.

## COUNT IX:
## NUISANCE
## BY THE WOOD TREATMENT DEFENDANTS

52.    Pleading additionally and alternatively, without waiving any previous pleadings and incorporating same by reference herein, Plaintiffs allege and would show that the Wood Treatment Defendants, either collectively or individually, knowingly accepted and placed into its Facility in question, toxic and hazardous chemicals, solvents and substances. In its/their processes, the Wood Treatment Defendants, generated, or caused to be generated, toxic and hazardous wastes. Such defendants have knowingly failed to

properly dispose of such wastes, and, have knowingly improperly stored such wastes. Such toxic and hazardous chemicals, solvents, substances and wastes have escaped the confines of the toxic plant. Such improper, excessive and unusual use of the Facility and associated property has proximately and/or directly caused injury and/or harm and/or inconvenience to Plaintiffs. Such invasion and interference of Plaintiffs' rights was substantial, material and unreasonable. Such acts and/or omissions of the Wood Treatment Defendants, either collectively or individually, has resulted in, and continues to result in to this day, the interference in the Plaintiffs' use and enjoyment of their real property and personal rights and constitutes nuisance and/or nuisance per se. The interference of the Wood Treatment Defendants, either collectively or individually, with the Plaintiffs' use of their real property was and is proximate and/or producing cause of damages accruing to Plaintiffs amounting to a sum within the jurisdictional limits of this Court. The damages and injuries described herein include, but are not limited to personal discomfort, annoyance, inconvenience, impairment of health, physical pain and mental anguish, loss of market value, or other value of property, real and personal, as well as loss of use and enjoyment of the property, both in the past and future.

## COUNT X:
## TRESPASS
## BY THE WOOD TREATMENT DEFENDANTS

53.    Pleading additionally and alternatively, without waiving any previous pleadings and incorporating same by reference herein, Plaintiffs allege and would show that the Wood Treatment Defendants, either collectively or individually, knowingly released into the ground, water and air toxic and hazardous chemicals, wastes, solvents and substances and/or chemicals and/or materials containing or consisting of toxic and hazardous waste,

34

substance and/or chemicals. As alleged by Plaintiffs herein and restated herein by reference, Plaintiffs' property was detrimentally affected as the direct result of contaminants encroaching upon said property from uncontrolled surface, subsurface and airborne releases from the Facility into the soil, water and air adjacent to Plaintiffs' property. Such encroachment of the toxic and hazardous chemicals, wastes, solvents and substances onto and into the property of Plaintiffs, proximately and/or directly caused by acts and omissions of the Wood Treatment Defendants, either collectively or individually, constitutes trespass as that term in understood in the State of Texas. As the direct and proximate result of trespass of the Wood Treatment Defendants, either collectively or individually, Plaintiffs have sustained injuries and damages amounting to a sum within the jurisdictional limits of this Court.

COUNT XII:
MALICE/INTENTIONAL CONDUCT
BY THE WOOD TREATMENT DEFENDANTS

54.    Pleading additionally and alternatively, without waiving any previous pleadings and incorporating same by reference herein, Plaintiffs allege that acts and/or omissions of the Wood Treatment Defendants, either collectively or individually, as plead now and as plead heretofore, constitute malice as that term is understood in Texas law, said allegations including, but not limited to the following that:

*    the Wood Treatment Defendants, either collectively or individually, had full knowledge of the nature and toxicity of the toxic and hazardous chemicals, solvents and substances which the Wood Treatment Defendants, collectively or individually accepted and subsequently placed into their/its formulating plant;

*    the Wood Treatment Defendants, either collectively or individually, willfully and

35

with full knowledge of the grave, and sometimes fatal, consequences to the Plaintiffs and persons of the general public, allowed toxic and hazardous wastes, chemicals, solvents and substances to freely release into the soil, water and air on, under and about the Facility;

* the Wood Treatment Defendants, either collectively or individually, had full knowledge of the consequences of the introduction of such toxic and hazardous chemicals, solvents and substances into the Facility and with conscious indifference to those consequences, made a conscious decision to endanger the lives of the Plaintiffs;

* the Wood Treatment Defendants, either collectively or individually, knew full well of the consequences of its acts and omissions in allowing the toxic and hazardous chemicals, wastes, solvents and substances to release into the soil, water and air on, under, above and about the Facility and with conscious indifference to those consequences, made a conscious decision to endanger the lives and property of the Plaintiffs and other persons of the general public as well as to endanger the ground and waters in the vicinity of the Facility and those areas in proximity to the Facility in question.

55.    The conduct of the Wood Treatment Defendants, either collectively or individually, (as alleged by Plaintiffs now to constitute malice), was conduct specifically intended by Defendants, either collectively or individually to cause substantial injury to the Plaintiffs; and/or was an act that was carried out by the Wood Treatment Defendants either collectively or individually with a flagrant disregard for the rights of others and with actual awareness on the part of the Wood Treatment Defendants, either collectively or

36

individually, that the act would, in reasonable probability, result in human death, great bodily harm or property damage. Such acts constituting malice have caused in the past, and will in all reasonable probability continue to cause in the future (both proximately and as a producing cause), damages to Plaintiffs, amounting to a sum within the jurisdictional limits of this Court.

56.    Pleading additionally and alternatively, without waiving any previous pleadings and incorporating same by reference herein, Plaintiffs allege that acts and/or omissions of the Penta Defendants, either collectively or individually, as plead now and as plead heretofore, constitute malice, said allegations including, but not limited to the following that:

*    the Penta Defendants, either collectively or individually, had full knowledge of the nature and toxicity of the toxic and hazardous chemicals, solvent and substances which the Wood Treatment Defendants, either collectively or individually, accepted and subsequently introduced into its/their Facility;

*    the Penta Defendants, either collectively or individually, willfully and with full knowledge of the consequences to those Plaintiffs exposed to the toxic and hazardous chemicals, solvents and substances in the worksite, wholly failed to even try to prevent the easily foreseeable exposures to such Plaintiffs to such toxic and hazardous chemicals, solvents and substances;

*    the Penta Defendants, either collectively or individually, knew full well of the consequences of their acts and omissions as set out in this paragraph and with conscious indifference to those consequences, made a conscious decision to endanger the lives of the Plaintiffs and other persons of the general public as well as

to endanger the ground, water and air in the vicinity of the Facility and those areas in proximity to the Facility in question.

57.    The conduct of the Penta Defendants, either collectively or individually, (as alleged by Plaintiffs now to constitute malice), was conduct specifically intended by the Penta Defendants, either collectively or individually to cause substantial injury to the claimant; and/or was an act that was carried out by the Penta Defendants, either collectively or individually with a flagrant disregard for the rights of others and with actual awareness on the part of the Penta Defendants, either collectively or individually, that the act would, in reasonable probability, result in human death, great bodily harm or property damage.  Such acts constituting malice have caused in the past, and will in all reasonable probability continue to cause in the future (both proximately and as a producing cause), damages to Plaintiffs, amounting to a sum within the jurisdictional limits of this Court.

58.    Pleading additionally and alternatively, without waiving any previous pleadings and incorporating same by reference herein, Plaintiffs allege that acts and/or omissions of the Wood Treatment Defendants, either collectively or individually, as plead now and as plead heretofore, were undertaken knowingly, willfully and with wanton and conscious disregard for the rights, safety and welfare of the Plaintiffs and others of the general public, exposing Plaintiffs and their property to the toxic and hazardous waste, substances and/or chemicals and/or materials containing, bearing or consisting of toxic and hazardous waste, substances and/or chemicals, and that such conduct on the part of the Wood Treatment Defendants, either collectively or individually, constitutes gross negligence.  Additionally, the Wood Treatment Defendants, either collectively or individually, acting willfully, knowledgeably and with wanton and conscious disregard for

38

the rights, safety and welfare of the Plaintiffs and others of the general public, withheld information regarding the danger and consequences of human exposure to such toxic and hazardous material, and misrepresented same in order to prevent and/or limit its liability for the damages caused by the grossly negligent acts and omissions. Said grossly negligent acts and omissions include, but are not necessarily limited to the following:

\*   the Wood Treatment Defendants, either collectively or individually, had full knowledge of the nature and toxicity of the toxic and hazardous chemicals, solvents and substances which the Wood Treatment Defendants, collectively or individually accepted and subsequently placed into their/its Facility;

\*   the Wood Treatment Defendants, either collectively or individually, willfully and with full knowledge of the grave, and sometimes fatal, consequences to the Plaintiffs and persons of the general public, allowed toxic and hazardous wastes, chemicals, solvents and substances to freely release into the soil, water and air on, under and about the Facility;

\*   the Wood Treatment Defendants, either collectively or individually, had full knowledge of the consequences of the introduction of such toxic and hazardous chemicals, solvents and substances into the Facility and with conscious indifference to those consequences, made a conscious decision to endanger the lives of the Plaintiffs;

\*   the Wood Treatment Defendants, either collectively or individually, knew full well of the consequences of its acts and omissions in allowing the toxic and hazardous chemicals, wastes, solvents and substances to release into the soil, water and air on, under, above and about the Facility and with conscious indifference to those

consequences, made a conscious decision to endanger the lives and property of the Plaintiffs and other persons of the general public as well as to endanger the ground and waters in the vicinity of the Facility and those areas in proximity to the Facility.

59.    Plaintiffs further allege that the willful acts of the Wood Treatment Defendants, either collectively or individually, constituting gross negligence as plead now and heretofore are the direct and/or proximate cause of the injuries and damages accruing to the Plaintiffs.  For such grossly negligent acts of the Wood Treatment Defendants, either collectively or individually, Plaintiffs are entitled under Texas law and statute to recover exemplary damages from the Wood Treatment Defendants, amounting to a sum within the jurisdictional limits of this Court, as may be awarded by the Court or jury.

60.    Pleading additionally and alternatively, without waiving any previous pleadings and incorporating same by reference herein, Plaintiffs allege that acts and/or omissions of the Penta Defendants, either collectively or individually, as plead now and as plead heretofore, were undertaken knowingly, willfully and with wanton and conscious disregard for the rights, safety and welfare of the Plaintiffs and other of the general public, exposing Plaintiffs and their property to the toxic and hazardous waste, substances and/or chemicals and/or materials containing, bearing or consisting of toxic and hazardous waste, substances and/or chemicals, and that such conduct on the part of the Penta Defendants, either collectively or individually, constitutes gross negligence.  Additionally, the Penta Defendants, acting willfully, knowledgeably and with wanton and conscious disregard for the rights, safety and welfare of the Plaintiffs and others of the general public, withheld information regarding the danger and consequences of human exposure to such toxic and hazardous material, and misrepresented same in order to prevent and/or limit its liability for

40

the damages caused by the grossly negligent acts and omissions, which include, but are not necessarily limited to the following:

* the Penta Defendants, either collectively or individually, had full knowledge of the nature and toxicity of the toxic and hazardous chemicals, solvents and substances which the Wood Treatment Defendants, either collectively or individually, accepted and subsequently introduced into its/their plant;

* the Penta Defendants, either collectively or individually, willfully and with full knowledge of the consequences to those Plaintiffs exposed to the toxic and hazardous chemicals, solvents and substances, wholly failed to even try to prevent the easily foreseeable exposures to such Plaintiffs to such toxic and hazardous chemicals, solvents and substances;

* the Penta Defendants, either collectively or individually, knew full well of the consequences of their acts and omissions as set out in this paragraph and with conscious indifference to those consequences, made a conscious decision to endanger the lives of the Plaintiffs and other persons of the general public as well as to endanger the ground, water and air in the vicinity of the Facility and those areas in proximity to the Facility.

61      Plaintiffs further allege that the willful acts of the Penta Defendants, either collectively or individually, constituting gross negligence as plead now and heretofore are the direct and/or proximate cause of the injuries and damages accruing to the Plaintiffs. For such grossly negligent acts of the Penta Defendants, either collectively or individually, Plaintiffs are entitled to recover exemplary damages from the Penta Defendants, either collectively or individually, as may be awarded by the Court or jury, amounting to a sum

within the jurisdictional limits of this Court.

62.    Pleading additionally and alternatively, without waiving any previous pleadings and incorporating same by reference herein, Plaintiffs allege and would show that all Defendants herein, are jointly and severally liable for the injuries and damages accruing to the Plaintiffs, proximately caused by the acts and omissions of said Defendants plead herein and heretofore, said injuries and damages amounting to a sum within the jurisdictional limits of this Court.

COUNT XI:<br>
VIOLATION OF 42 U.S.C. § 1981 BY ALL DEFENDANTS

63.    Pleading additionally and alternatively, without waiving any previous pleadings and incorporating same by reference herein, Plaintiffs allege and would show that all Defendants herein have violated 42 U.S.C. § 1981 by their acts of intentional racial discrimination, and by its vestiges, which continue to date.

64.    Plaintiffs have been damaged and are being damaged by the racial segregation and discrimination and the failure of Defendants to eliminate the vestiges of such segregation and discrimination.

65.    Defendants' obligation to eliminate the vestiges of segregation and discrimination and their failure to comply with those obligations are ongoing.

66.    Plaintiffs were not reasonable aware of all damages resulting from the racial discrimination until less than one year prior to the filing of this action, and the claims therein did not accrue until less than one year before the filing of this action.

67.    Defendants fraudulently concealed and positively misrepresented many of the effects of their racial discrimination and thereby kept Plaintiffs from being reasonable aware of the damage from the discrimination.

42

68.    Defendants' acts of discrimination and fraudulent concealment and misrepresentation of fraudulent in nature. Plaintiffs were not fully aware or may not yet be fully aware of all of the misrepresentations and all damages, so effective have been Defendants' misrepresentations and concealments.

## COUNT XII:
## VIOLATION OF 42 U.S.C. § 1982 BY ALL DEFENDANTS

69.    Pleading additionally and alternatively, without waiving any previous pleadings and incorporating same by reference herein, Plaintiffs allege and would show that all Defendants herein have violated 42 U.S.C. § 1982 by their acts of intentional racial discrimination, and by its vestiges, which continue to date.

70.    Section 1982 provides "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold and convey real and personal property." Defendants have violated Plaintiffs' rights under this provision. As a proximate result, Plaintiffs have been damaged.

71.    Actions of Defendants were intentional.

72.    Plaintiffs have been damaged and are being damaged by the racial segregation and discrimination and the failure of Defendants to eliminate the vestiges of such segregation and discrimination.

73.    Defendants' obligation to eliminate the vestiges of segregation and discrimination and their failure to comply with those obligations are ongoing.

74.    Plaintiffs were not reasonable aware of all damages resulting from the racial discrimination until less than one year prior to the filing of this action, and the claims therein did not accrue until less than one year before the filing of this action.

75.    Defendants fraudulently concealed and positively misrepresented many of the effects of their racial discrimination and thereby kept Plaintiffs from being reasonable aware of the damage from the discrimination.

76.    Defendants' acts of discrimination and fraudulent concealment and misrepresentation of fraudulent in nature. Plaintiffs were not fully aware or may not yet be fully aware of all of the misrepresentations and all damages, so effective have been Defendants' misrepresentations and concealments.

COUNT XIII:
VIOLATION OF 42 U.S.C. § 1983 BY ALL DEFENDANTS

77.    Pleading additionally and alternatively, without waiving any previous pleadings and incorporating same by reference herein, Plaintiffs allege and would show that all Defendants herein have violated 42 U.S.C. § 1983 by their acts of intentional racial discrimination, and by its vestiges, which continue to date.

78.    While action under color of state law, Defendants intentionally caused the deprivation of rights secured to Plaintiffs under the Constitution and laws of the United States, intentionally violating Plaintiffs' rights under the due process and equal protection provisions of the United States Constitution and federal law to be free from race discrimination.

79.    Plaintiffs have been damaged and are being damaged by the racial segregation and discrimination and the failure of Defendants to eliminate the vestiges of such segregation and discrimination.

80.    Defendants' obligation to eliminate the vestiges of segregation and discrimination and their failure to comply with those obligations are ongoing.

81.    Plaintiffs were not reasonable aware of all damages resulting from the racial

44

discrimination until less than one year prior to the filing of this action, and the claims therein did not accrue until less than one year before the filing of this action.

82.    Defendants fraudulently concealed and positively misrepresented many of the effects of their racial discrimination and thereby kept Plaintiffs from being reasonable aware of the damage from the discrimination.

83.    Defendants' acts of discrimination and fraudulent concealment and misrepresentation of fraudulent in nature. Plaintiffs were not fully aware or may not yet be fully aware of all of the misrepresentations and all damages, so effective have been Defendants' misrepresentations and concealments.

## COUNT XIV:
## VIOLATION OF 42 U.S.C. § 1985(3) BY ALL DEFENDANTS

84.    Pleading additionally and alternatively, without waiving any previous pleadings and incorporating same by reference herein, Plaintiffs allege and would show that all Defendants herein have violated 42 U.S.C. § 1985(3) by their acts of intentional racial discrimination, and by its vestiges, which continue to date.

85.    Defendants conspired with one another to deprive Plaintiffs of their rights to equal protection of the laws under the Fourteenth Amendment to the United States Constitution and the laws of the United States.

86.    Plaintiffs have been damaged and are being damaged by the racial segregation and discrimination and the failure of Defendants to eliminate the vestiges of such segregation and discrimination.

87.    Defendants' obligation to eliminate the vestiges of segregation and discrimination and their failure to comply with those obligations are ongoing.

88.    Plaintiffs were not reasonable aware of all damages resulting from the racial

discrimination until less than one year prior to the filing of this action, and the claims therein did not accrue until less than one year before the filing of this action.

89.    Defendants fraudulently concealed and positively misrepresented many of the effects of their racial discrimination and thereby kept Plaintiffs from being reasonable aware of the damage from the discrimination.

90.    Defendants' acts of discrimination and fraudulent concealment and misrepresentation of fraudulent in nature. Plaintiffs were not fully aware or may not yet be fully aware of all of the misrepresentations and all damages, so effective have been Defendants' misrepresentations and concealments.

## COUNT XV:
### VIOLATION OF 42 U.S.C. § 2000d BY ALL DEFENDANTS

91.    Pleading additionally and alternatively, without waiving any previous pleadings and incorporating same by reference herein, Plaintiffs allege and would show that all Defendants herein have violated 42 U.S.C. § 2000d by their acts of intentional racial discrimination, and by its vestiges, which continue to date.

92.    At all times relevant to this action, private Defendants were recipients of federal assistance within the meaning of 42 U.S.C. § 2000d. Defendants' intentional acts of racial discrimination deprived Plaintiffs of rights secured to them by Section 2000d.

93.    Plaintiffs have been damaged and are being damaged by the racial segregation and discrimination and the failure of Defendants to eliminate the vestiges of such segregation and discrimination.

94.    Defendants' obligation to eliminate the vestiges of segregation and discrimination and their failure to comply with those obligations are ongoing.

95.    Plaintiffs were not reasonable aware of all damages resulting from the racial

46

discrimination until less than one year prior to the filing of this action, and the claims

therein did not accrue until less than one year before the filing of this action.

96.    Defendants fraudulently concealed and positively misrepresented many of

the effects of their racial discrimination and thereby kept Plaintiffs from being reasonable

aware of the damage from the discrimination.

97.    Defendants' acts of discrimination and fraudulent concealment and

misrepresentation of fraudulent in nature. Plaintiffs were not fully aware or may not yet be

fully aware of all of the misrepresentations and all damages, so effective have been

Defendants' misrepresentations and concealments.

COUNT XVI:

VIOLATION OF 42 U.S.C. § 3604 BY ALL DEFENDANTS

98.    Pleading additionally and alternatively, without waiving any previous

pleadings and incorporating same by reference herein, Plaintiffs allege and would show that

all Defendants herein have violated 42 U.S.C. § 3604 by their acts of intentional racial

discrimination, and by its vestiges, which continue to date.

99.    Defendants' intentional acts deprived Plaintiffs of their rights to fair housing

and all other benefits secured to them by Section 3604.

100.    Plaintiffs have been damaged and are being damaged by the racial

segregation and discrimination and the failure of Defendants to eliminate the vestiges of

such segregation and discrimination.

101.    Defendants' obligation to eliminate the vestiges of segregation and

discrimination and their failure to comply with those obligations are ongoing.

102.    Plaintiffs were not reasonable aware of all damages resulting from the racial

discrimination until less than one year prior to the filing of this action, and the claims

47

therein did not accrue until less than one year before the filing of this action.

103.    Defendants fraudulently concealed and positively misrepresented many of the effects of their racial discrimination and thereby kept Plaintiffs from being reasonable aware of the damage from the discrimination.

104.    Defendants' acts of discrimination and fraudulent concealment and misrepresentation of fraudulent in nature. Plaintiffs were not fully aware or may not yet be fully aware of all of the misrepresentations and all damages, so effective have been Defendants' misrepresentations and concealments.

COUNT XVII:<br>FRAUDULENT CONCEALMENT

105.    Pleading additionally and alternatively, without waiving any previous pleadings and incorporating same by reference herein, Plaintiffs allege and would show that Defendants have engaged in fraudulent concealment.

106.    OSHA regulations, federal and Texas environmental statutes and regulations and Texas common law create a duty on the part of Defendants to report and warn employees of dangers associated with their work, e.g., potential exposure to hazardous wasters and toxic substances to its workers.

107.    Defendants breached this duty to Plaintiffs in the following manner:

a.    failure to warn the workers or their families of the hazards associated with their daily exposure to hazardous wastes and hazardous chemicals. Specifically, as to Plaintiffs, Defendants fraudulently concealed the Plaintiffs were in daily contact with hazardous wastes and chemicals to would or could adversely affect Plaintiffs' health, that special training was necessary to safely work around hazardous wastes and chemicals, and that, without

48

proper safety equipment, it was unsafe and dangerous to Plaintiffs' health to work around the hazardous wastes and chemicals.

b.      concealing from Plaintiffs the results of health monitoring of individual workers

c.      concealing from federal and state agencies that Defendants were not providing Plaintiffs a safe environmental in which to work because of exposure to hazardous chemicals and wastes and that it had no intention of doing so.

d.      Concealing from Plaintiffs that their clothes were contaminated at work and that bringing the clothes home could or would adversely affect the health of their families, friends and neighbors.

108.    Failure of Defendants to disclose to Plaintiffs such information in direct violation of federal and state law constitutes a concealment of material facts that should have been made known to Plaintiffs.  This concealment of and/or failure to report the material facts to Plaintiffs is fraudulent concealment.

109.    Plaintiffs have been damaged and are being damaged by Defendants' fraudulent concealment.

VI.
DAMAGES

110.    Plaintiffs have incurred damages proximately or directly caused by the acts and omissions of Defendants set out heretofore, said damages that include, but are not necessarily limited to:

*       bodily injury in the past;

*       bodily injury in the future;

* physical pain and mental anguish in the past;

* physical pain and mental anguish in the future;

* emotional distress in the past;

* emotional distress in the future;

* increased risk of disease and other ailments;

* reasonable compensatory damages for the costs of medical testing, monitoring, treatment and prevention that will be required in the future as a proximate result of Defendants' pollution, including, but not limited to the costs of making appropriate specialized services and expert advice available to primary health care providers in the community;

* payment of the costs of a reasonable adequate study of the extent of pollution caused by Defendants and to monitor and limit the extent of future pollution;

* payment of the costs of a reasonable program to advise people affected by Defendants' pollution, of risks associated with such pollution and of measures available to reduce such risks;

* payment of the costs of such studies as may be required to adequately assess the health effects of past, present and future pollution on those who live, study and work in the affected community;

* medical expense and services in the past;

* medical expense and services in the future;

* loss of wage earning capacity in the future;

* devaluation and/or loss of use and enjoyment of personal property;

* devaluation and/or loss of use of personal real property;

\*   devaluation and/or loss of enjoyment of personal real property;

\*   loss of consortium;

\*   all such other damages as allowed by law and as may be shown at time of trial.

<u>PUNITIVE OR EXEMPLARY DAMAGES</u>

111.   Additionally, all Plaintiffs are entitled to punitive damages or exemplary damages as may be shown for the grossly negligent acts and omissions of the Defendants, as well as those acts of intentional infliction of emotional distress, malice, fraud, intentional conduct and fraudulent concealment undertaken by Defendants as plead herein and heretofore, amounting to a sum within the jurisdictional limits of this Court.

VII.<br><u>JURY DEMAND</u>

112.   Plaintiffs demand a trial by jury on all accounts.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final trial Plaintiffs have judgment and recover collectively and severally of and from all Defendants as follows:

(1)   Plaintiffs' actual and compensatory damages in an amount within the jurisdictional limits of this Court;

(2)   Plaintiffs' costs of Court;

(3)   exemplary or punitive damages in an amount within the jurisdictional limits of this Court as may be found just by the Court or jury;

(4)   pre and post judgment interest on all such amounts at the maximum legal rate until such amounts are paid to Plaintiffs; and,

(5)   such other and further relief, both at law or in equity, to which Plaintiffs may show themselves justly entitled.

51

Respectfully submitted,

*Grover G. Hankins*

Grover G. Hankins
Texas Bar No. 00795895

ATTORNEY FOR PLAINTIFF

OF COUNSEL:

The Hankins Law Firm, PLLC
616 W. Main Street
League City, Texas 77573
281-316-9551
281-316-9552 facsimile

Dwight E. Jefferson
Texas Bar No. 10605600
Twelve Greenway Plaza #1100
Houston, Texas 77046
713-993-0399
713-993-0669 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record this _23rd_ day of December 2005 by certified mail, return receipt requested, regular mail, hand delivery and/or facsimile.

Lise T. Spacapan
Juanne Hammaway Sweeney
Fazal R. Khan
Kenner & Block, LLP
One IBM Plaza
Chicago, IL 60611
Phone: 312-222-9350
Fax: 312-527-0484

Frank L. Hill
Thompson & Knight, LLP
1900 San Jacinto Center
98 San Jacinto Blvd.
Austin, TX 78701
Phone: 512-6121
*Attorneys for Defendant Dow Chemical Company*

Michael R. Klatt
Susan E. Burnett
Clark, Thomas & Winters
P.O. Box 1148
Austin, TX 78767
Phone: 512-472-8800
Fax: 512-474-1129

Brent R. Austin
Paul K. Freeborn
Wildman, Harrold, Allen & Dixon, LLP
225 West Wacker Drive, Suite 2800
Chicago, IL 60606
Phone: 312-201-2000
Fax: 312-201-2555

Leonard S. Kurfirst
Wildman, Harrold, Allen & Dixon, LLP
225 West Wacker Drive, Suite 3000
Chicago, IL 60606
Phone: 312-201-2000
Fax: 312-201-2555
*Attorneys for Defendant Koppers Industries, Inc.*

David E. Cowen
Douglas W. Poole
McLeod, Alexander Powel & Apffel, P.C.
802 Rosenberg
P.O. Box 629
Galveston, TX 77553
Phone: 409-763-2481
Fax: 409-762-1155

Robert T. Stewart
Kelly, Hart & Hallman, P.C.
301 Congress, Suite 2000
Austin, TX 78701-4052
Phone: 512-495-6426
Fax: 512-495-6401
*Attorneys for Defendant Burlington Northern and Santa Fe Railway Company*

Stephen Wane Lemon
Brown McCarroll, LLP
111 Congress Ave, Suite 1400
Austin, TX 78701
Phone: 512-479-1148
Fax: 512-479-1401

Edward Carstarphen
Ellis Carstarphen Dougherty & Goldenthal, PC
5847 San Felipe, Suite 1900
Houston, TX 77057
Phone: 713-647-6800
Fax: 713-647-6884

Charles Ron Hobbs, II
Kenneth R. Heineman
Jerry K. Ronecker
Husch & Eppenberger, LLc
190 Carondelet Plaza, Suite 600
S. Louis, MO 63150
Phone: 314-480-1500
Fax: 314-480-1505
*Attorneys for Defendant Monsanto Company*

Stephen C. Dillard
Fulbright & Jaworski, L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010
Phone: 713-651-5151
Fax: 713-651-5246
*Attorneys for Defendant Vulcan Materials Company*

*Grover G. Hankins*

GROVER HANKINS

EXHIBIT "A"

BRANDON T ADAMS
LINDA C ADAMS
HENRY W ALDRIDGE
JUSTIN L ALDRIDGE
RUBY BURNS ALDRIDGE
DONNA J ALLEN
MICHELLE MEJIAS ARGUELLO
ALVITA C ARRINGTON
DONNELL BARRETT
SANDRA P BASS
ASHLEY BATTS
BILL BATTS
BRODERICK BATTS
CLARENCE EDWARD BATTS
JACKLYN BATTS
JASMINE BATTS
LASHANDA BATTS
LATOMIA BATTS
NICOLE BATTS
PORSHA BATTS
RANDI BATTS
SANDRA BATTS
ROBERT A BAXTER
ROBERT D BELL SR
DON BOYCE
CALVIN M BRADLEY
DEODRICK D BRADLEY
FLOYD W BRADLEY
SEDRICK M BRADLEY
RUTH E BRANCH
LEON D BRINSTON
COLACRTHIA BROOK
BARBARA BROOKS
COLAIRTHIA BROOKS
CURTIS BROOKS
DAMION L BROOKS
JAMES CHARLES BROOKS SR
RICHARD L BROOKS
WILEY BROOKS
LOIS M BROOKS-NIX
ANTHONY BROWN
KAYLOR L BROWN
VENESSA R BRYANT
BRITTANY BURNETT

GALE MOORE BURNETT
JAMIE BURNETT
CLIFTON BURNS III
CLIFTON J BURNS JR
CLIFTON J BURNS SR
CLIFTON BURNS JR
DARLINE BURNS
DETRENIA BURNS
DONNYELLE BURNS
DOUGLAS RAY BURNS
EDDIE MAE BURNS
GLORIA BURNS
HELEN MARIE BURNS
HENRY BURNS
JAMES C BURNS
JAMES ROY BURNS
JESSIE L BURNS
KEVIN D BURNS
LALONDA BURNS
LINDA K BURNS
MICKLE BURNS
MINNIE BURNS
PRECIOUS BURNS
TERRY LYNN BURNS
TERRY LYNN BURNS
TOMMIE LEE BURNS
TOMMIE LEE BURNS JR
MATTIE J CAREY
WILLIAM CAREY
WILLIAM LOUIS CAREY
BARBIE D CARTER
BOBBIE CARTER
LAURA A CLARK
TRACY COLE
CASSANDRA COLEMAN
DEBRA COLEMAN
DERRICK COLEMAN
DEVIN COLEMAN
DONNIE H COLEMAN
ROBIN L COLEMAN JR
NELLIE MAE COLVIN
JOHN E COOPER
JONNISHA COOPER
LAKENDRICK COOPER
MELVIN COPELAND
SANTOYA COPELAND

2

LOUISE CROMO
INA CROSS
ANQUINISHA CUMMINGS
BWANA CUMMINGS
DATAYA CUMMINGS
JUSTONIA CUMMINGS
MELVIN CUMMINGS
ZALWANDA CUMMINGS
PAULINE ADAMS DARCUS
J L DARDEN
ANNIE L DAVIS
ECLISHA DAVIS
INEZ DAVIS
JAMARIOUS DAVIS
KATIE M DAVIS
LEONARD E DAVIS
LEONARD E DAVIS
MABLE DAVIS
NORRIS DAVIS
OLA DAVIS
OLA DAVIS
ROBERT L DAVIS
SHALA DAVIS
SHANETRA DAVIS
SHANETRA MICHELLE DAVIS
TERRY DAVIS
VALENCIA HAGAN DAVIS
VERSIE DAVIS
PETRA ISABEL DELEON
BRODNEY DEVAULT
CLARICE DEVAULT
CLARICE DEVAULT
DRAIDERIUS DEVAULT
DERRICK DIGGS
ROOSEVELT DILLARD
ELLA DORSEY
ROYCE DORSEY
RICHARD DURAN
LEE EDWARD ELDRIDGE
DANITA MICHELLE ELLIS
DARROLYNN R ELLIS
DARRYL ELLIS
DARRYL G ELLIS
DAVID ELLIS
DEMETRIUS L ELLIS
DIANDREA L ELLIS

DWAYNE M.A. ELLIS
ESTER ELLIS
LORETTA D ELLIS
ERNESTO ESPINOZA
DUWONN EVANS
KATHERINE FELTUS
ROBERT P FELTUS
ROBINISHA FELTUS
WILLIAM O FELTUS
ALLEN FISHER
BRANDON E FISHER
BRITTANY LEANN FISHER
JAMES ROY FISHER
JOEL FISHER
KILROY FISHER
LATANYA FISHER
LAURA FISHER
LEE R FISHER
PRINCESS E FISHER
EVERLEAN FORD
KEVIN DEWAYNE FORD
LYVONNE S FRANK
CAROLYN FLEMING FRANKLIN
EUGENE R FRANKLIN
HELEN FREEMAN
IRENE F GALLOWAY
STEPHANIE GARFIELD
CATHEY E GARNER
REKEIDA A GARNER
BRYANT D GENTRY
DAISY L GENTRY
DAVID GENTRY
FARRIS GENTRY
FLORENCE GENTRY
FLORENCE GENTRY
HOWARD GENTRY JR
LILLIE M GENTRY
SHIRLEY L GENTRY
JASTAZZIA GOFFINET
MARY ANN GONZALES
PATRICIA ANN GONZALES
SHELLY GONZALES
RICHARD GONZALEZ
SABRINA GORDON
CLARENCE GRAYS
RODESSA GRAYS

4

DORIS JEAN GREEN
JO ANN GREENE
BERNICE GUYTON
ALICIA HAGAN
BILLY HAGAN
DEONTE HAGAN
DEONTE HAGAN
KENYIDA HAGAN
KENYIDA HAGAN
SHARON RAY HAGAN
LASHARDE HALL
RHODA LEE HALL
EDDIE M HAMILTON
MAXINE B HAMILTON
MEDERRLE D HAMILTON
SHANTEL R HAMILTON
ALBERTA W HANKS
ERNEST HANKS
CHANDRA J HARRIS
ELIZABETH HARRIS
ELIZABETH RUTH HARRIS
EUGENIA Y HARRIS
EUGENIE Y HARRIS
JAMES E HARRIS
JAMES E HARRIS JR
JAMIALYN HARRIS
JOSEPH HARRIS JR
KORDERO J HARRIS
KRYSTAL HARRIS
LOIS M HARRIS
NATHAN E HARRIS
PATRICIA HARRIS
SHANNON MY'LISA HARRIS
TRAVIS HARRIS JR
CALVIN LEE HARRISON JR
CALVIN LEE HARRISON SR
RICHYE LEE HARRISON
GOREE HAWKINS
RICHARD HAWKINS
RODNEY HAWKINS
STEVEN HAWKINS
BRENT HEATH
MARGIE HEATH
SHARON HEATH
ALEXANDRIA HEMPHILL
ANISHA HEMPHILL

BRANDON S HEMPHILL
CRYSTAL S HEMPHILL
DEBORAH HEMPHILL
DEBORAH HEMPHILL
JALEN HEMPHILL
JOSHUA HEMPHILL
JUSTIN J HEMPHILL
KELTON HEMPHILL
RICA HEMPHILL
VICTORIA HEMPHILL
XAVION HEMPHILL
JAMES HENDERSON
BARBARA J HESTER
DOCK HESTER
JOHNNIE MAE HESTER
RONALD G HESTER
SYLVIA HICKMAN
CHARLIE MAE HICKS
EVELYN E HILL
CANTREAS LASHA HOGUES
DOMINIQUE Y HOGUES
JESSE L VASQUEZ HOGUES JR
JESSE LOYD HOGUES
JESSIE LOYD HOGUES SR
KARUSHA JAFRIKA YNESHA HOGUES
MARION ROBERSON HOGUES
DORA J HOLLIDAY
LILLY M HOLMES
OLLIE HOLMES JR
DEBBIE HORNSBY
VANIA HORNSBY
GARLON HUDSON
MARLON HUDSON
RONALD HUDSON
BARBARA HAWKINS HUTSON
ANDRE ISOM
DONALD W ISOM
JOHN L ISOM
RONALD ISOM
AUSTINA JACKS
ANDREA JACKSON
AUSTIN JACKSON
AUSTINA JACKSON
BEVERLY ANN JACKSON
BRODRICK JACKSON
CHARLES JACKSON

CHESTER JACKSON
CHESTER JACKSON JR
CHRISTOPHER EARL JACKSON
DEANDREA JACKSON
DEONTE RAYSHAUN JACKSON
DIAMONTE DESHAUN JACKSON
DONNA DAVIS JACKSON
DOUGLAS D JACKSON
DOUGLASIA DERAY JACKSON
FREDRICK ONEAL JACKSON
JUNASIA DYNETTE JACKSON
KEISHA ANN JACKSON
KISHA JACKSON
MARILYN JACKSON
MESHELL ANNETTE JACKSON
MINNIE J JACKSON
MINNIE R JACKSON
MOSEVELT JACKSON SR
PATRICK ONEAL JACKSON
PEARL JACKSON
RAY GENE JACKSON
RICKEY GENE JACKSON
ROBERT JACKSON
RODRICK ONEAL JACKSON
T JACKSON
THEORDORE JACKSON
THOMAS JACKSON
WILLIAM JACKSON
COREY C JEFFERY
DONNELL DEVON JENKINS
CHEYENNE S JOHNSON
CORISA JOHNSON
DONNA RUTH JOHNSON
ELLA MAE JOHNSON
HIRAM LEE JOHNSON
J C JOHNSON
JABARI JOHNSON
JAHLA JOHNSON
JAMAR JOHNSON
JENNIFER MARIE JOHNSON
JERMY JOHNSON
JESSICA JOHNSON
JESSIE LEE JOHNSON JR
JOHNELL JOHNSON
JUNE JOHNSON
LONNIE RAY JOHNSON

PAUL JOHNSON
RENA MAE JOHNSON
SHAWN MICAHEL JOHNSON
TEVIN JAMAL JOHNSON
TRESA A JOHNSON
SHANGELIA MOORE LEWIS KENDALL
ARTHUR D KENNERSON
DOROTHY KENNERSON
RICKIE L KNOX
DANITA C KYLES
ELIJAH LAUDERDALE
KENNETH WAYNE LAUDERDALE
LINDA GIVENS LAUDERDALE
MAURIETTE E LAUDERDALE
BASEL L LISTER
CLARA LISTER
EARLENE LISTER
LAQUITTA G LISTER
SANDRA LEE LISTER
VERSIE B LISTER
ANNIE LEE LOCKETT
MAXINE LOCKETT
RAYMOND LOCKETT JR
RAYMOND LOCKETT SR
RUFUS LOCKETT
RUTH E LOVING
LATREAS E MANAS
TREAS L MOORE MANAS
TREAS MOORE MANAS
WILLIAM J MANAS III
WILLIAM J MANAS JR
BRIAN K MANLEY
HILARIO MARTINEZ JR
MARCUS MARTINEZ
NIKKIA J BURNS MATETE
AREATHIA L MATHIS
CRAIG LEON MATHIS
DOROTHY MATHIS
MARCUS T MATHIS
NICRAISHA LYON MATHIS
REBECCA MATHIS
WILLIE MATHIS JR
CLAUDOLYN A MCCARTY
URSALA N MCCARTY
JESICA MCCLAIN
BARBARA MCDONALD

JAMES MCDONALD
JOHONN MCGOWAN SR
KRISHNA MCGOWAN
BLOSSIE T MCGREGOR
RHAUN CHRISTOPHER MCGREGOR
ROSCOE MCGREGOR JR
ROSCOE MCGREGOR SR
MILTON E MCNEIL SR
PATRICIA ANN MCNEIL
SHAWN MCNEIL
CHRISTOPHER MEJIAS
IRENE MEJIAS
MANUEL MEJIAS
MARCUS MEJIAS
MELISSA MEJIAS
JULIUS MILLER
CHELSEA MITCHELL
ANTHONY MOORE
CASIE J MOORE
CHAD MOORE
CHADRICK MOORE
CHARLIE JAMES MOORE
CHRISTOPHER S MOORE
CORNOLA MOORE
DOUGLAS N MOORE
EDNA MOORE
ERICA M MOORE
EURALENE MOORE
GERRY B MOORE
JONATHAN D MOORE
JONATHAN DEWAYNE MOORE
JOYSTENE C MOORE
KEI AMBER MOORE
LATASHA MOORE
LESTER S MOORE
MINNIE LEE MOORE
MIRANDA MOORE
RAVEEN MOORE
RICHARD MOORE JR
RICHARD MOORE SR
ROBERT A MOORE SR
ROBERT LEE MOORE
ROMAN MOORE
ROMAN B MOORE JR
ROMEO W MOORE
SHARLA MOORE

SHEILA MOORE
STEPHANIE E MOORE
WILLIE MAE MOORE
WILLIE MAE MOORE
JASMINE MOSES
JASMINE MOSES
MARY MOSES
MONICA MOSES
LISA ANN NICKERSON
MARCUS NICKERSON
MELONIE NICKERSON
BRENDA NICKS
BRENDA NICKS
BRIAN RACHAD NICKS
CANDACE NICKS
KENNETH P NIX
OLLIE H NIX
WALTER E NIX SR
LURISE PAGE
COURTNEY PARKER
MICHAEL PARKER
WINIFORD PARKER
BOBBY RAY PENNIE
GEORGE ALBERT PENNIE
MARGARET PENNIE
ENRIQUE PEREZ
JOSEPH PEREZ
OLIVER PHILLIPS
PAUL PHILLIPS
PAULA S PHILLIPS
PRENTISS GEORGE PHILLIPS
BEVERLY PLEASANT
LAKEISHA PLEASANT
PATRICE PLEASANT
PATRICK PLEASANT JR
PATRICK PLEASANT SR
HARLAN C PLUMBER
HARLEY PLUMBER
HERBCHELLE PLUMBER
HERBERT C PLUMBER JR
HERBERT PLUMBER JR
HILLARY PLUMBER
VICKIE PLUMBER
CHARLES POLITE
LABRAYLA POOL
KENNETH W PORTER

JA'QUENTIN POWELL
MELVIA H POWELL
ORA LEE PRICE
ORA LEE PRICE
TARRANCE PRICE
FRANK QUINIERO
LUTHER ONEAL RAGSTON SR
SHERRY RAGSTON
BESSIE M RATLIFF
HEATHER RATLIFF
JOSHUA RATLIFF
MICHELLE RATLIFF
TONY RATLIFF
TRACY RATLIFF
WRIGHT C RATLIFF
WRIGHT RATLIFF JR
ANTHONY RAY
DONNA RAY
LUBELLA RAY
MORRIS RAY
NIKITA RAY
DOCK U REESE JR
EVERLENE RELIFORD
LACRESHIA RELIFORD
ROESHON RELIFORD
STANLEY B RELIFORD
ZEPHYR RELIFORD
DEBRA J RHODES
EUREKA S RHODES
A D ROBERSON
ALFRED D ROBERSON
ALMA ROBERSON
MILDRED ROBERSON
RAY ROBERSON
ARLINDA ROBERTS
GERALD WAYNE ROBERTS
KEVIN ROBERTS
KIASHA ROBERTS
OTIS ROBERTS JR
QUNEISHA ROBERTS
TANETTE L ROBERTS
OTIS ROBERTSS JR
EDWARD M ROGERS
NATHAN ROGERS
RHONDA ROGERS
JABORIE RUCKS

NICOLE SHUNTAE RUSSELL
MARY B SALDIVAR
JOSHUA SAMS
DAISY MAE SCARLETT
MICHAEL KESHAWN SCARLETT
QURISHA SCARLETT
DEBORAH SCHICLE
RARTERRIUS SCHICLE
ZOCCORRO SCHICLE
RAJANAE SCYRES
JAMES SIMPSON
JAMES DAVIS SIMPSON
JOSEPHINE SINGLETON
JAMES M SMITH
MICHEAL SMITH
MIKEL SOWDERS
AUDRESHA SPATES
CHRISTOPHER MICHAEL SPATES
BESSIE M SPENCER
ESTELLA J SPENCER
GEORGIA SPENCER
HERBERT SPENCER
HERBERT SPENCER
ROSALYN V SPENCER
BARBARETT STEVENSON
SHANETRA STEVENSON
MICHELLE STIFFLEMIRE
PATRICIA ANN STIFFLEMIRE
DORIS J STRAIT
DERRICK K STRINGFELLOW
BRALA D SWAIN
ALTON A SWEENEY JR
ALTON SWEENEY JR
WALLACE TAYLOR
MICHAEL TEALER
COURTNEY D TELSEDE
RHANLLER THOMAS
VESTER THOMAS
CLAUDIS THURMAN SR
DOROTHY JEAN THURMAN
DOROTHY THURMON
DOROTHY JEAN THURMON
CARNELL TOWNSEND
CHARLES TOWNSEND
GLORIA TOWNSEND
S USIE TOWNSEND

JAMES TOWSEND
J D TURNER
JAMES E TURNER
JATERIA TURNER
ONIE MAE TURNER
ONIE MAE TURNER
JOHNNIE P UNDERWOOD
RITA Y VASQUEZ
SYLVIA VEGA
DALIA VELA
JOHN M VELA
MIKE C VELA
PAULA K WALKER
CYNTHIA WASHINGTON
DOROTHY WASHINGTON
WILLIAM H WASHINGTON
JAMES WASHISNGTON
ANTHONY V WATSON
LEONARD WATSON
MARY E WATSON
VIVIAN WATSON
BILLY GENE WILEY
DONALD R WILEY
HENRY WILEY
WILLIE WILEY
CLIDY MAE WILLIAMS
DAVID WILLIAMS
EDWARD J WILLIAMS
ETTA J. WILLIAMS
FAFFY RENAE WILLIAMS
FREDDIE WILLIAMS
FREDDIE J WILLIAMS
JOHNNIE B WILLIAMS
MARY WOODFORK WILLIAMS
RUBY J WILLIAMS
TERRANCE WILLIAMS
ANTHONY G WILSON
BARBARA A WILSON
CARON WILSON
ERIC WILSON
FLORENCE GENTRY WILSON
LAKIETRA R WILSON
MINNIE WILSON
TYSON WILSON
DELOISE M WISE
MARTIN WISE SR

LELISHA WISEMAN
STACIE WOODBERRY
CLARA WOODFORD
JONAS WOODFORK
JAYCEE YOUNG
TERRANCE YOUNG