# EXHIBIT G

1

15:52:48

```
 1              UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF TEXAS
 2                    AUSTIN DIVISION

 3   LEONARD EDWARD DAVIS,    ) Docket No. A 05-CA-464 SS
     ET AL                    )
 4                            )
     vs.                      ) Austin, Texas
 5                            )
     KOPPERS INDUSTRIES,      )
 6   INC., A FOREIGN          )
     CORPORATION, ET AL       ) October 6, 2006
 7

 8           TRANSCRIPT OF ALL PENDING MATTERS
            BEFORE THE HONORABLE SAM SPARKS
 9

10   APPEARANCES:

11   For the Plaintiff:        Mr. Grover G. Hankins
                               The Hankins Law Firm
12                             440 Louisiana Street, Suite 725
                               Houston, Texas 77002
13
                               Mr. Dwight E. Jefferson
14                             405 Main Street, Suite 950
                               Houston, Texas 770002
15
                               Mr. James Larry Wright
16                             Mithoff & Jacks
                               111 Congress Avenue, Suite 1010
17                             Austin, Texas 78701

18   For Vulcan Materials:     Mr. Joshua A. Norris
                               Fulbright & Jaworksi
19                             Fulbright Tower
                               1301 McKinney, Suite 5100
20                             Houston, Texas 77010

21   For Dow Chemical:         Mr. Frank L. Hill
                               Thompson & Knight
22                             98 San Jacinto Blvd., Ste. 1900
                               Austin, Texas 78701
23
                               Ms. Lise T. Spacapan
24                             Jenner & Block
                               One IBM Plaza
25                             330 North Wabash Avenue
                               Chicago, Illinois 60611
```

COPY

```
 1   (Appearances Continued:)

 2   For Monsanto Company:        Mr. Stephen W. Lemmon
                                  Brown McCarroll
 3                                111 Congress Avenue, Suite 1400
                                  Austin, Texas 78701
 4

 5   For Burlington Northern:     Mr. David E. Cowen
                                  McLeod, Alexander, Powel & Apffel
 6                                802 Rosenberg
                                  P.O. Box 629
 7                                Galveston, Texas 77553

 8   For Koppers Industries:      Mr. Leonard S. Kurfirst
                                  Wildman, Harrold, Allen & Dixon
 9                                225 West Wacker Dr., Suite 3000
                                  Chicago, Illinois 60606
10

11                               Ms. Susan E. Burnett
                                  Clark, Thomas, Winters
12                                P.O. Box 1148
                                  Austin, Texas 78767

13   Court Reporter:             Ms. Lily Iva Reznik, RPR, CRR
                                  200 W. 8th Street
14                                Austin, Texas 78701
                                  (512)916-5564
15

16

17

18

19

20

21

22

23

24

25   Proceedings recorded by mechanical stenography, transcript
     produced by computer.
```

13:11:08

3

| 13:11:08 | 1 | THE COURT:  05-CA-464, <u>Davis, et al vs. Koppers</u> |
| 13:53:48 | 2 | <u>Industries, et al</u>. |
| 13:53:52 | 3 | I'll have announcements. |
| 13:53:56 | 4 | MR. HANKINS:  Grover Hankins for the plaintiffs, your |
| 13:53:58 | 5 | Honor.  And we have Larry Wright, who's not been introduced to |
| 13:54:00 | 6 | the Court.  He's new to the case.  And Dwight Jefferson. |
| 13:54:10 | 7 | MR. KURFIRST:  Your Honor, Len Kurfirst and Susan |
| 13:54:12 | 8 | Burnett on behalf of Koppers, Inc. |
| 13:54:14 | 9 | MS. SPACAPAN:  Lise Spacapan for Dow Chemical, your |
| 13:54:14 | 10 | Honor. |
| 13:54:20 | 11 | MR. COWEN:  David Cowen, C-O-W-E-N, on behalf of B and |
| 13:54:22 | 12 | SF Railway Company, your Honor. |
| :54:24 | 13 | MR. NORRIS:  Josh Norris on behalf of Vulcan Materials. |
| 13:54:28 | 14 | MR. LEMMON:  Your Honor, Steve Lemmon for Monsanto. |
| 13:54:30 | 15 | MR. HILL:  Frank Hill for Dow Chemical. |
| 13:54:40 | 16 | THE COURT:  All right, counsel.  Here's where we are on |
| 13:54:44 | 17 | this lawsuit.  It was filed on June 16, 2005, sixteen months ago. |
| 13:55:08 | 18 | Answers in September, early September filing motions for judgment |
| 13:55:14 | 19 | on the pleadings, all overruled in October of 2005 without |
| 13:55:20 | 20 | prejudice to refiling.  We met in October on proposed discovery |
| 13:55:30 | 21 | plans, decided we couldn't go forward until there was an amended |
| 13:55:36 | 22 | complaint filed.  An amended complaint filed in December of 2005. |
| 13:55:44 | 23 | And then, at that time, we had 602 plaintiffs.  Then, rather than |
| 13:55:56 | 24 | dismiss the case, I required individual pleadings. |
| _3:56:00 | 25 | I went along with plaintiffs' counsel on attempting to |

| | | |
|---|---|---|
| 13:56:04 | 1 | get sufficient information to classify and see what we could do |
| 13:56:08 | 2 | with the number of people. I drafted, because the parties |
| 13:56:14 | 3 | couldn't get together, the interrogatories, which were very easy |
| 13:56:22 | 4 | to answer. If counsel paid attention, which plaintiffs' counsel |
| 13:56:32 | 5 | did not pay attention, the amended complaint, then we follow |
| 13:56:38 | 6 | through, I ordered the answers on the 3rd. Really, the |
| 13:56:46 | 7 | interrogatories are a brief part of the Lone Pine Case Management |
| 13:56:54 | 8 | order that's, of course, been published. And then, the motion |
| 13:57:02 | 9 | started coming in in August to dismiss the lawsuit for the |
| 13:57:04 | 10 | failure of the plaintiffs to answer the interrogatories. |
| 13:57:12 | 11 | Plaintiffs' counsel have had over six months to answer the |
| 13:57:14 | 12 | interrogatories. |
| :57:20 | 13 | It appears that these folks had no guidance whatsoever |
| 13:57:24 | 14 | on answering the interrogatories. The answers do not give us any |
| 13:57:36 | 15 | information to determine who is suing for property damage, and if |
| 13:57:42 | 16 | they lived in Somerville, when they lived in Somerville, when the |
| 13:57:46 | 17 | symptoms came, who has personal injuries, who's a minor, who's a |
| 13:57:52 | 18 | major, who has limitations problems, what causes of action are |
| 13:57:56 | 19 | you actually suing. I love the one where everybody says -- gives |
| 13:58:04 | 20 | a post box number. You can't even tell if those people ever |
| 13:58:08 | 21 | lived in Somerville. Then, plaintiff, apparently, found out that |
| 13:58:16 | 22 | 30-something people never did live in Somerville who were |
| 13:58:18 | 23 | plaintiffs in this lawsuit. Stock answers to 3, 4 and 5. Stock |
| 13:58:26 | 24 | answers prepared by the lawyers, not the parties, that gives no |
| 3:58:32 | 25 | information whatsoever so that I can see if I can carry a mass |

| | | |
|---|---|---|
| 13:58:36 | 1 | tort claim. |
| 13:58:42 | 2 | What injuries are you claiming?  One of them says AIDS. |
| 13:58:52 | 3 | You've got all sorts -- and most people don't say anything.  Most |
| 13:58:54 | 4 | people say, we can't say anything until discovery.  They don't |
| 13:59:00 | 5 | even know what discovery is.  Another group of people who didn't |
| 13:59:04 | 6 | have any injuries at all were plaintiffs.  What time?  What time |
| 13:59:16 | 7 | are we talking about so we could see if there's a lawsuit at all. |
| 13:59:22 | 8 | It's amazing how many.  Five-hundred people, a period of exposure |
| 13:59:28 | 9 | coincides with period that plaintiff resides in proximity of the |
| 13:59:30 | 10 | plant. |
| 13:59:32 | 11 | So 16 months later, I have a lawsuit and I blame the |
| 13:59:38 | 12 | plaintiffs' counsel.  I gave them every opportunity to try to |
| :59:46 | 13 | prosecute this case.  And surely it was work to work with the |
| 13:59:50 | 14 | people who you represent so that they could have adequate answers |
| 13:59:52 | 15 | under the federal rules to the interrogatories so we could see if |
| 13:59:56 | 16 | we could move this case, but we cannot.  I know less now about |
| 14:00:02 | 17 | this case, with all of this paper, than we had in the beginning. |
| 14:00:10 | 18 | So I'm going to give the plaintiffs 30 days.  You can |
| 14:00:14 | 19 | move individual cases at $350 under this docket.  At the end of |
| 14:00:22 | 20 | 30 days, all individuals who have not severed out and started a |
| 14:00:28 | 21 | new file suing the appropriate people with an appropriate |
| 14:00:32 | 22 | complaint so that they can move their cases, I will dismiss this |
| 14:00:36 | 23 | lawsuit. |
| 14:00:42 | 24 | Now, you have whatever right you wish to make a record. |
| :4:00:44 | 25 | You can proceed to make a record.  I cannot -- I do not have |

6

| | | |
|---|---|---|
| 14:00:48 | 1 | anywhere close the information to group these people to have a |
| 14:00:54 | 2 | specimen trial as you wish.  There's just no way to proceed in |
| 14:00:58 | 3 | this mass of no information.  The only way to proceed is to have |
| 14:01:06 | 4 | individual cases, just as Beaumont ordered several years ago, and |
| 14:01:14 | 5 | I tried to avoid that problem because I know the plaintiffs' |
| 14:01:16 | 6 | counsel has a problem like that.  But when you don't work with |
| 14:01:20 | 7 | the Court in answering interrogatories that the Court drew so |
| 14:01:24 | 8 | that we could see if this case was going to maintain, I've got to |
| 14:01:28 | 9 | too many cases on this docket. |
| 14:01:30 | 10 | This docket happens to be the heaviest civil docket in |
| 14:01:32 | 11 | the country.  In the country.  And I don't have time to fool with |
| 14:01:40 | 12 | these cases and fool with lawyers who won't advise their clients |
| 1:01:46 | 13 | on how to answer interrogatories so that these parties could have |
| 14:01:50 | 14 | enough information to do it. |
| 14:01:52 | 15 | MR. WRIGHT:  Your Honor, may we just have a moment to |
| 14:01:54 | 16 | confer before we respond? |
| 14:01:56 | 17 | THE COURT:  You may.  I would dismiss this case today |
| 14:01:58 | 18 | if I wasn't worried about the statute of limitations problems. |
| 14:02:02 | 19 | The only reason I'm not dismissing this case for the absolute |
| 14:02:06 | 20 | failure to provide information on those interrogatories that were |
| 14:02:10 | 21 | designed to see if this case could float is that if I did it, |
| 14:02:18 | 22 | then the malpractice claims would outnumber the claims that would |
| 14:02:22 | 23 | come in, because many people lose their cause of action because |
| 14:02:26 | 24 | there would be no tolling of the causes of the statute of |
| 14:02:30 | 25 | limitations; that's why I'm giving everybody 30 days.  But you |

| | | |
|---|---|---|
| 14:02:34 | 1 | have the right to chat, and I'll give you -- ten minutes?  Is |
| 14:02:38 | 2 | that all right? |
| 14:02:38 | 3 | MR. WRIGHT:  Yes, your Honor. |
| 14:02:40 | 4 | THE COURT:  All right.  Ten minutes. |
| 14:16:18 | 5 | (Recess.) |
| 14:16:26 | 6 | THE COURT:  Yes, sir. |
| 14:16:28 | 7 | MR. HANKINS:  Your Honor, I apologize to the Court for |
| 14:16:32 | 8 | totally misunderstanding what the Court did.  And it wasn't like |
| 14:16:36 | 9 | us, too, but we thought in working with these people, we sat down |
| 14:16:38 | 10 | with them, we went through interrogatories with them personally. |
| 14:16:42 | 11 | We talked to them about the interrogatories, and these are the |
| 14:16:46 | 12 | responses that we came up with.  We don't even know all the |
| 14:16:50 | 13 | chemicals that the defendants -- I mean, the plaintiffs were |
| 14:16:54 | 14 | exposed to.  We did the very, very best. |
| 14:16:58 | 15 | THE COURT:  There was no question about that.  The |
| 14:17:00 | 16 | question was, where did you live. |
| 14:17:04 | 17 | MR. HANKINS:  That was on the responses, your Honor. |
| 14:17:06 | 18 | THE COURT:  When did -- many of those responses are |
| 14:17:10 | 19 | post office addresses. |
| 14:17:10 | 20 | MR. JEFFERSON:  But, Judge, we had -- Judge, we don't |
| 14:17:14 | 21 | know between going to Map Quest, between talking to the people, |
| 14:17:18 | 22 | between using the technology trying to pinpoint where people |
| 14:17:26 | 23 | live.  These people are out in -- many of them were out in the |
| 14:17:28 | 24 | middle of nowhere, Judge. |
| 14:17:30 | 25 | MR. HANKINS:  That's true. |

| | | |
|---|---|---|
| 14:17:32 | 1 | THE COURT:  So what?  You filed a lawsuit for them and |
| 14:17:36 | 2 | you're required to answer the interrogatories.  It wasn't easy, |
| 14:17:40 | 3 | but it's rarely easy when you get 500 people. |
| 14:17:46 | 4 | MR. HANKINS:  Judge, if we -- |
| 14:17:48 | 5 | THE COURT:  No, no, no.  I'm going to give you time. |
| 14:17:50 | 6 | MR. JEFFERSON:  I understand, your Honor. |
| 14:17:50 | 7 | THE COURT:  What injuries do you have? |
| 14:17:54 | 8 | MR. HANKINS:  They were listed on the symptom survey. |
| 14:18:00 | 9 | The affidavits of our experts point to the injuries that they |
| 14:18:04 | 10 | suffered that can be tied in with the chemicals that the |
| 14:18:06 | 11 | defendants contaminated the entire community with, your Honor. |
| 14:18:16 | 12 | MR. JEFFERSON:  Judge -- I mean, Judge, we really did |
| 14:18:20 | 13 | act in good faith in trying to -- trying to answer the Court's |
| 14:18:26 | 14 | questions. |
| 14:18:28 | 15 | THE COURT:  All right.  The Court can't make hides nor |
| 14:18:30 | 16 | tails of it.  I can't even classify groups of plaintiffs.  I |
| 14:18:34 | 17 | can't classify those groups that may or may not have property |
| 14:18:38 | 18 | damage, those groups that may or may not have any injuries, those |
| 14:18:42 | 19 | groups that may or may not have serious injuries.  I can't -- |
| 14:18:48 | 20 | those that may be minors, those that have statute of limitations |
| 14:18:52 | 21 | defenses. |
| 14:18:54 | 22 | MR. JEFFERSON:  Judge -- |
| 14:18:56 | 23 | MR. HANKINS:  The age was on there, your Honor, for |
| 14:18:58 | 24 | every one of the plaintiffs. |
| 14:18:58 | 25 | THE COURT:  Age? |

| | | |
|---|---|---|
| 14:19:02 | 1 | MR. JEFFERSON: See, Judge, I just think that, you |
| 14:19:04 | 2 | know, we really did do a poor job of understanding what the Court |
| 14:19:06 | 3 | wanted in the answers. |
| 14:19:08 | 4 | THE COURT: No, you didn't. You understood what the |
| 14:19:08 | 5 | Court entered. You wanted to maintain a lawsuit with 600 |
| 14:19:12 | 6 | plaintiffs, and I told you there's no way to do that unless we |
| 14:19:18 | 7 | have the information so that we can see what the situation -- |
| 14:19:22 | 8 | MR. HANKINS: Well, we weren't trying to maintain a |
| 14:19:24 | 9 | lawsuit with 600 plaintiffs, your Honor, if it wasn't necessary. |
| 14:19:26 | 10 | We intend to call out people who don't belong in the lawsuit. We |
| 14:19:32 | 11 | were doing that. We've been doing that all along. We've also |
| 14:19:36 | 12 | been trying to indicate who owns property. That was responded to |
| 1:19:40 | 13 | in there. We indicated that the chemicals that they were exposed |
| 14:19:44 | 14 | to, we can't identify which defendant they belong to because we |
| 14:19:50 | 15 | don't have any discovery from any of the defendants. Nothing. |
| 14:19:54 | 16 | MR. JEFFERSON: And then, Judge, on the medical |
| 14:19:56 | 17 | condition we might have included things that the defendants say |
| 14:19:58 | 18 | cannot be related to this. But out of abundance of caution, we |
| 14:20:02 | 19 | just feel like we're going to provide information on all of -- |
| 14:20:04 | 20 | you know, tell us the conditions that you had. And that's the |
| 14:20:08 | 21 | purpose of attaching affidavits from the experts, Judge, is show |
| 14:20:12 | 22 | -- and then, the experts say these conditions -- |
| 14:20:14 | 23 | THE COURT: I'm not interested in the experts. That |
| 14:20:16 | 24 | comes later. I'm interested in the maintenance of the lawsuit. |
| .4:20:20 | 25 | Question 7 asks for the date and ownership of the plaintiffs' |

14:20:24   1   addresses.  You get post office boxes.  Most of them don't even

14:20:32   2   check "owner."  You don't know if they own the property or not,

14:20:36   3   so you can't confirm anything.  They don't have the time frames.

14:20:46   4        Not only I but all of these defendants who have a right

14:20:50   5   to a prompt trial, they don't have any more information than I

14:20:58   6   do.  Now, they may on liability, but we're not to liability.

14:21:02   7   We're on whether or not we got enough infor -- I mean, if they

14:21:08   8   came in here for sanctions for the answering of these

14:21:12   9   interrogatories, I would give it to them.

14:21:16  10        MR. HANKINS:  Your Honor, you mentioned the fact that

14:21:20  11   we give post office boxes.  This is a rural area.  Many of these

14:21:24  12   people do not have street addresses.  We tried to identify it as

1:21:30   13   close as we possibly could with regard to that.

14:21:34  14        THE COURT:  But they have to live in the immediate

14:21:38  15   area.  If I was going to draw a circle to say, these are -- this

14:21:44  16   is the area that the plaintiffs could live in after some

14:21:48  17   discovery, you can't do it.  I don't know where these people

14:21:52  18   live.

14:21:52  19        MR. JEFFERSON:  Judge, what we attempted to do was to

14:21:54  20   identify -- and I worked with this with my paralegal.  We tried

14:21:58  21   to identify crossroads, like someone would give us -- well, they

14:22:04  22   gave us a P.O. Box, and we're trying to find out where is that,

14:22:06  23   where are you?  And so, we've tried to identify crossroads that

14:22:10  24   would be nearest within four miles of 36 or within four miles of

.4:22:16  25   FM 720.

| | | |
|---|---|---|
| 14:22:20 | 1 | But, Judge, what we would do is to pray to the Court -- |
| 14:22:24 | 2 | I mean, if we have failed, as the Court has so determined, to |
| 14:22:30 | 3 | this point, I mean, many -- |
| 14:22:34 | 4 | THE COURT: Sixteen months is long enough. Six months |
| 14:22:36 | 5 | is long enough. You've culled through, you've decided which ones |
| 14:22:42 | 6 | you want to sever out, pay the fee, and we'll proceed along. |
| 14:22:46 | 7 | Each one of these people have individual claims, in any event -- |
| 14:22:52 | 8 | MR. HANKINS: Can we group family units together, your |
| 14:22:54 | 9 | Honor? |
| 14:22:56 | 10 | THE COURT: I can't control what you file. The only |
| 14:22:58 | 11 | thing that I control is that I'm not -- if I just dismiss this |
| 14:23:02 | 12 | lawsuit for the failure of progress, the statute of limitations |
| :23:08 | 13 | could run on 590-something people, and I'm not going to do that. |
| 14:23:14 | 14 | I'm going to allow you 30 days to decide which one of those |
| 14:23:16 | 15 | people, if not all of them, to put an individual case, and then, |
| 14:23:22 | 16 | their statute of limitations have run; then, we'll run this just |
| 14:23:26 | 17 | like we do any other case. You can have individual |
| 14:23:28 | 18 | interrogatories. |
| 14:23:30 | 19 | You could have a combination of common discovery, if |
| 14:23:36 | 20 | you wish. But at least the defendants and the Court would get |
| 14:23:40 | 21 | sufficient information to know what these cases are about. I do |
| 14:23:44 | 22 | not have this information, and there's no way I can organize |
| 14:23:48 | 23 | them. |
| 14:23:48 | 24 | MR. HANKINS: Can we get some help from the Court in |
| .4:23:50 | 25 | identifying chemicals that the defendants have produced so we can |

| | | |
|---|---|---|
| 14:23:54 | 1 | have our individual clients say, yes, we believe that they |
| 14:23:58 | 2 | contaminated -- |
| 14:24:00 | 3 | THE COURT:  You don't need that.  You need the person |
| 14:24:02 | 4 | to say, I lived in Somerville in these years, or I lived near it, |
| 14:24:08 | 5 | or I lived a mile from the plant, or the railroad track, or |
| 14:24:12 | 6 | whatever, and in 1992, I started having nosebleeds and I went to |
| 14:24:18 | 7 | the doctor.  I own the property.  I can't sell it.  You need |
| 14:24:26 | 8 | answers like that.  That's what you need.  You don't have to try |
| 14:24:28 | 9 | to make 590 people expert witnesses on what caused anything. |
| 14:24:34 | 10 | That discovery would come later.  We just needed the information. |
| 14:24:38 | 11 | Now, you know, this started out as a -- where you try -- |
| 14:24:46 | 12 | MR. HANKINS:  Class action. |
| 14:24:46 | 13 | THE COURT:  Yeah, a class action, but you can't |
| 14:24:48 | 14 | maintain it as a class action.  I tried to see if we could |
| 14:24:52 | 15 | maintain it as a mass tort, but you can't.  You just can't in a |
| 14:24:56 | 16 | mass tort situation where you've got a medical device, you know |
| 14:25:02 | 17 | the date the medical device went in, you know the date that the |
| 14:25:06 | 18 | doctor's visit.  There are a lot of things that are in common |
| 14:25:10 | 19 | that you can calculate.  But there's no way to calculate this. |
| 14:25:14 | 20 | There's not going to be -- you're going to have to do that |
| 14:25:16 | 21 | individual discovery, anyway, eventually. |
| 14:25:20 | 22 | MR. JEFFERSON:  Judge, one thing that's happening now, |
| 14:25:22 | 23 | the Railroad defendant had, in fact, been out contacting some of |
| 14:25:26 | 24 | our clients.  They've received an order from the state to |
| 14:25:30 | 25 | actually go out onto the property and start doing some on-site |

| | | |
|---|---|---|
| 14:25:34 | 1 | testing, which would show that there is even limited information |
| 14:25:38 | 2 | with regard to the state as to exactly which chemicals are out |
| 14:25:44 | 3 | and exactly to the extent -- as we told you before we filed this |
| 14:25:50 | 4 | suit, we did some testing in order to identify chemical compounds |
| 14:25:56 | 5 | that were related to these specific defendants that then led to |
| 14:26:00 | 6 | us bringing the suit, in the first place. |
| 14:26:04 | 7 | And the Court has enlightened us here today |
| 14:26:14 | 8 | substantially to the extent, your Honor, of the specificity of |
| 14:26:24 | 9 | the type of information that the Court was seeking in the seven |
| 14:26:34 | 10 | interrogatories that was presented and -- |
| 14:26:40 | 11 | THE COURT:  This is a standard set of interrogatories |
| 14:26:44 | 12 | that each defendant would have filed with their answer in state |
| 1:26:48 | 13 | court.  In federal court you have to wait 32 days on Rule 26, |
| 14:26:52 | 14 | then they would have filed it.  That's the information they're |
| 14:26:54 | 15 | entitled to receive.  They haven't received it yet, counsel. |
| 14:26:58 | 16 | MR. JEFFERSON:  But, Judge, it's a -- |
| 14:27:00 | 17 | THE COURT:  There's no way to proceed with this number |
| 14:27:02 | 18 | of people.  And we've wasted way too much time.  We've wasted all |
| 14:27:08 | 19 | of the expense of the defendants.  We've wasted your time, and |
| 14:27:10 | 20 | you've wasted your clients' time.  I'm in no better position now |
| 14:27:16 | 21 | than I was when you filed this lawsuit. |
| 14:27:18 | 22 | MR. HANKINS:  May I ask the Court a question? |
| 14:27:20 | 23 | THE COURT:  Sure. |
| 14:27:20 | 24 | MR. HANKINS:  How does the Court want us to identify |
| 14:27:22 | 25 | where these people own their property because we've done the very |

| | | |
|---|---|---|
| 14:27:26 | 1 | best that we can? |
| 14:27:28 | 2 | THE COURT:  Well, I don't know, but they're going to |
| 14:27:30 | 3 | take a deposition.  They don't have to take a deposition in every |
| 14:27:34 | 4 | case.  They can get that in interrogatory:  Where did you live? |
| 14:27:38 | 5 | When did you live there?  How did you do that?  I mean -- |
| 14:27:40 | 6 | MR. HANKINS:  No.  That's not what I'm talking about, |
| 14:27:44 | 7 | your Honor.  When they say, post office box or rural route, |
| 14:27:46 | 8 | that's the only address they have.  How else can we identify it |
| 14:27:50 | 9 | for the Court and for the defendants? |
| 14:27:52 | 10 | THE COURT:  Well, what are you suing for, a plant?  Is |
| 14:27:56 | 11 | it a plant? |
| 14:27:58 | 12 | MR. JEFFERSON:  Yes, Judge. |
| 1:28:00 | 13 | MR. HANKINS:  Yes, your Honor. |
| 14:28:02 | 14 | THE COURT:  I would start off by saying, I'm |
| 14:28:04 | 15 | one-quarter a mile away, or I'm 400 feet away, or I'm within a |
| 14:28:08 | 16 | mile of it, or what -- |
| 14:28:12 | 17 | MR. JEFFERSON:  Bu, Judge, that's what I'm saying.  We |
| 14:28:14 | 18 | totally misunderstood.  We thought by providing -- |
| 14:28:16 | 19 | MR. HANKINS:  The address. |
| 14:28:16 | 20 | MR. JEFFERSON:  -- the mailing address of where people |
| 14:28:18 | 21 | receive their mail and where they all are, by providing that |
| 14:28:22 | 22 | information, the defendants could go to the records and say, |
| 14:28:24 | 23 | okay, here's P.O. Box 720. |
| 14:28:28 | 24 | THE COURT:  They don't have to.  All they have to do is |
| 4:28:30 | 25 | give an interrogatory to you.  You've got to answer these, |

| | | |
|---|---|---|
| 14:28:34 | 1 | anyway.  But, counsel -- |
| 14:28:36 | 2 | MR. HANKINS:  One another question. |
| 14:28:38 | 3 | THE COURT:  -- don't push on my intelligence. |
| 14:28:40 | 4 | MR. JEFFERSON:  I'm not, your Honor. |
| 14:28:42 | 5 | THE COURT:  This is the information I told you you're |
| 14:28:44 | 6 | going to have to try to maintain this case that you wanted to. |
| 14:28:46 | 7 | We had to have this information, so all of these motions that |
| 14:28:52 | 8 | were coming that I put on the shelf, I've got to rule on these |
| 14:28:56 | 9 | motions.  And you don't have the information to add to answer it |
| 14:29:04 | 10 | yet. |
| 14:29:04 | 11 | MR. JEFFERSON:  Well, Judge, can't you give us one |
| 14:29:06 | 12 | additional bite at the apple?  I mean, can you do that?  Can you |
| :29:10 | 13 | give us one additional bite?  Judge, can you give us one |
| 14:29:14 | 14 | additional bite at the apple to try to get this right?  That's |
| 14:29:16 | 15 | what we would pray to the Court on behalf of these clients.  One |
| 14:29:22 | 16 | additional bite at the apple to get the answers to the Court in a |
| 14:29:26 | 17 | manner that the Court has instructed us to do it. |
| 14:29:30 | 18 | We thought by providing the address, the P.O. Box, it |
| 14:29:32 | 19 | was sufficient.  We know now it needs to be more detailed |
| 14:29:36 | 20 | information that needs to be distance from the site. |
| 14:29:38 | 21 | THE COURT:  Forget about the residence.  Four, 5, 6, no |
| 14:29:48 | 22 | one attempted to answer those questions with any type of |
| 14:29:50 | 23 | specificity, and that was the whole heart of everything.  And, |
| 14:30:00 | 24 | counsel, I've got confidence in -- y'all are smart people.  You |
| .4:30:04 | 25 | knew the information that we had to have if we were going to try |

| | | |
|---|---|---|
| 14:30:08 | 1 | to figure out how to try a lawsuit with 500-plus persons. |
| 14:30:16 | 2 | There's no way to classify them.  There's no way -- there's no |
| 14:30:18 | 3 | maneuvering -- |
| 14:30:20 | 4 | MR. JEFFERSON:  Judge, can you give us one more bite at |
| 14:30:24 | 5 | the apple? |
| 14:30:24 | 6 | THE COURT:  Y'all have a seat.  Let me hear from the |
| 14:30:26 | 7 | defense. |
| 14:30:26 | 8 | MR. HANKINS:  Your Honor, I have just one question. |
| 14:30:28 | 9 | THE COURT:  Yes, sir. |
| 14:30:28 | 10 | MR. HANKINS:  For the people that we don't convert, |
| 14:30:30 | 11 | will they be dismissed without prejudice? |
| 14:30:32 | 12 | THE COURT:  Yes.  Oh, yes.  There's no question about |
| :30:34 | 13 | that. |
| 14:30:38 | 14 | All right.  Anybody want to speak from the defense |
| 14:30:40 | 15 | side? |
| 14:30:54 | 16 | MR. KURFIRST:  Thank you, your Honor.  Len Kurfirst on |
| 14:30:56 | 17 | behalf of Koppers. |
| 14:30:58 | 18 | I think the Court had articulated our position in terms |
| 14:31:02 | 19 | of our briefs that we filed.  We'll stand on what the briefs say. |
| 14:31:08 | 20 | I think, really, the relief that we were looking for is very |
| 14:31:12 | 21 | similar to the type of relief that was provided in the Greene vs. |
| 14:31:14 | 22 | Mobil Oil case that we've cited many times beforehand.  In that |
| 14:31:18 | 23 | case, Judge Cobb was also faced with a similar situation of |
| 14:31:22 | 24 | trying to manage a case like this, and basically came down to the |
| :31:24 | 25 | same conclusions.  In fact, the types of interrogatories that he |

| | | |
|---|---|---|
| 14:31:28 | 1 | had asked -- in fact, Mr. Hankins was involved in that case, and |
| 14:31:34 | 2 | asked them to provide those types of responses, almost identical |
| 14:31:38 | 3 | to the types of questions, interrogatories that this court had |
| 14:31:40 | 4 | proposed.  Similar in that case, they went unanswered, and those |
| 14:31:44 | 5 | cases were dismissed, as well.  I think that is the type of |
| 14:31:48 | 6 | relief that we're seeking here. |
| 14:31:50 | 7 | With respect to the personal injury claims, we have no |
| 14:31:56 | 8 | information whatsoever that allows us to distinguish which cases |
| 14:31:58 | 9 | would apply to which defendants.  For example, my client didn't |
| 14:32:02 | 10 | even come into the picture until 1995, which is when they |
| 14:32:06 | 11 | acquired the plant. |
| 14:32:06 | 12 | THE COURT:  I understand the importance of the -- |
| :32:10 | 13 | MR. KURFIRST:  And so, as we see, as you can imagine, |
| 14:32:12 | 14 | your Honor, is that, you know, when we got a litany of virtually |
| 14:32:14 | 15 | a whole lifetime worth of illnesses and somehow, you know, we're |
| 14:32:18 | 16 | supposed to -- it's supposed to be up to the defendants to decide |
| 14:32:20 | 17 | which one of those many claims, you know, somehow apply to which |
| 14:32:24 | 18 | defendants.  The problems that we ran into with respect to the |
| 14:32:28 | 19 | many different types of illnesses that clearly could not have |
| 14:32:30 | 20 | been related to any sort of chemical exposures, whether it be |
| 14:32:34 | 21 | HIV, Alzheimer's, broken feet, broken back, those sorts of things |
| 14:32:38 | 22 | that, again, we -- you were saying earlier, we came in today, and |
| 14:32:44 | 23 | we're no better off than we were back on March 31st. |
| 14:32:46 | 24 | Some people lived in Somerville -- I mean, some people |
| 4:32:50 | 25 | never lived in Somerville.  Many people had indicated that they |

| | | |
|---|---|---|
| 14:32:52 | 1 | had never worked in Somerville.  Many said that they didn't even |
| 14:32:56 | 2 | have any injuries, and yet, somehow it's up to the defendants to |
| 14:32:58 | 3 | try to sort through all that.  You can't do that from the |
| 14:33:04 | 4 | defendants' perspective. |
| 14:33:04 | 5 | With respect to the chemicals, if they -- in good faith |
| 14:33:06 | 6 | they're saying that they have injuries that are related to penta, |
| 14:33:10 | 7 | then they should say that.  If they think that it's creosote, |
| 14:33:12 | 8 | they should say that, but not all the defendants here dealt in |
| 14:33:16 | 9 | creosote.  In fact, the majority of them did not.  My client |
| 14:33:20 | 10 | clearly, in 1995 onward, did some treatment with creosote, but I |
| 14:33:26 | 11 | can tell you that we never dealt with penta.  We never dealt with |
| 14:33:28 | 12 | CCA.  And so, it was very important to know whether or not any of |
| :33:32 | 13 | these claims of alleged injuries are related to which chemicals. |
| 14:33:36 | 14 | And again, we see nothing that allows us to try to figure out |
| 14:33:38 | 15 | which way we're going on that. |
| 14:33:42 | 16 | Misrepresentation claims, warranty clams, those are in |
| 14:33:46 | 17 | the complaints, and those are just totally ignored.  In other |
| 14:33:48 | 18 | words, you know:  What are the alleged injuries with the |
| 14:33:50 | 19 | misrepresentations?  What are the alleged injuries with respect |
| 14:33:54 | 20 | to the warranties?  What were the statements made, to whom, when? |
| 14:33:56 | 21 | None of that information.  How do you possibly defend a |
| 14:33:58 | 22 | misrepresentation case or a warranty claim when you don't even |
| 14:34:02 | 23 | know what it is that's being alleged?  We can't do that. |
| 14:34:06 | 24 | The property damage claim.  Once again, in our earlier |
| 14:34:08 | 25 | briefs, we had mentioned, I think, the Schneider decision, which |

14:34:12 1   is going to be controlling in this case, and how important it is

14:34:14 2   to know not only who owned the property, when they owned the

14:34:18 3   property, and then, when they're alleging the property was

14:34:20 4   damaged.  It's very basic information that they have not told us.

14:34:26 5   Nowhere is there any suggestion in terms of when did that

14:34:28 6   property first become damaged so that we can determine whether or

14:34:32 7   not it would be dismissed under Schneider as a result of being a

14:34:36 8   permanent nuisance.

14:34:36 9         What they do allege is they say, well, either they

14:34:38 10   owned it or maybe they got some sort of assignment of a right to

14:34:44 11   pursue the cause of action later.  But, of course, once again, in

14:34:48 12   order to figure out if there's any validity to that sort of

.:34:50 13   assertion, you'd have to know who was the owner, and then, was

14:34:54 14   there any type of information, or was there any sort of

14:34:56 15   assignment of claim made.  And again, none of that is provided

14:34:58 16   anywhere.

14:35:00 17         It's my understanding with respect to the addresses,

14:35:04 18   which are very important to try to figure out proximity to the

14:35:06 19   plant, where they lived, that even though many people may have

14:35:10 20   rural numbers in Texas, especially in these rural areas, they

14:35:12 21   have now emergency response addresses, or emergency response

14:35:16 22   location addresses, so that the emergency crews know where to go

14:35:22 23   just for that reason.  So for them to come in and say, well, all

14:35:26 24   we have are post office box numbers, I don't think that that's

.4:35:28 25   the way it's done now.  But again, that's my understanding of the

14:35:32   1    facts, your Honor.

14:35:32   2         Again, as far as the affidavits that were filed, I

14:35:38   3    don't think they have any relevancy to the issues which are

14:35:40   4    before us today, which is that there's no way for the defendants

14:35:44   5    to figure out what it is that's being alleged with respect to

14:35:48   6    each particular defendant, at which time.  And those are all

14:35:50   7    critical issues that I think will allow us -- once that

14:35:52   8    information is provided to us, will allow us, then, to whittle

14:35:56   9    down which claims are against which defendants.  But until we get

14:36:00   10    that information, we can't possibly do that.

14:36:04   11         So we would certainly go along with what the Court did

14:36:06   12    in Greene and in Mobil Oil and with the proposed order that the

14:36:10   13    Court has at this point in time.  Thank you, your Honor.

14:36:18   14         THE COURT:  Any other on the east side of the room?

14:36:24   15         MS. SPACAPAN:  Your Honor, Lise Spacapan for Dow

14:36:28   16    Chemical.

14:36:28   17         As I understand it, your Honor is preparing to order

14:36:30   18    that they have 30 days to file a claim that has the specificity

14:36:36   19    contemplated in the Court's prior orders or lose their claim but

14:36:42   20    without prejudice.  Is that --

14:36:44   21         THE COURT:  No --

14:36:44   22         MS. SPACAPAN:  No.  Okay.

14:36:46   23         THE COURT:  -- because I didn't think because of

14:36:46   24    holding the defendants in this lawsuit for well over a year and

14:36:54   25    over six months to get these answers to interrogatories, I didn't

| | | |
|---|---|---|
| 14:37:00 | 1 | think it was appropriate to ask the defendants to stipulate that |
| 14:37:06 | 2 | the time from June 16, 2005 to the time I dismissed would be |
| 14:37:16 | 3 | tolling on the statute of limitations.  If I had that authority, |
| 14:37:20 | 4 | I would do it.  And then, counsel could file whatever lawsuit or |
| 14:37:26 | 5 | lawsuits they felt that they should do.  But I don't have that |
| 14:37:32 | 6 | authority, and I decided I could not, after 16 months, ask that |
| 14:37:38 | 7 | of the parties. |
| 14:37:40 | 8 | So I've decided that I will keep this lawsuit open, and |
| 14:37:44 | 9 | anybody who wishes to sever out of it in the next 30 days, and |
| 14:37:50 | 10 | pay the filing fee, and have an individual lawsuit here can do |
| 14:37:54 | 11 | so.  Or if they want to file it in another jurisdiction, they |
| 14:38:04 | 12 | could ask for a transfer, and I would transfer it to whatever |
| 1:38:10 | 13 | jurisdiction that they wish.  But they will be individual cases |
| 14:38:14 | 14 | as we proceed. |
| 14:38:18 | 15 | MR. HANKINS:  Your Honor, I just want to clarify one |
| 14:38:20 | 16 | thing that the gentleman talked about in the Green case.  The |
| 14:38:24 | 17 | interrogatories did not go unanswered in that case.  What |
| 14:38:28 | 18 | happened was the plaintiffs' attorneys decided that because they |
| 14:38:30 | 19 | had to pay the filing fee for a number of plaintiffs, they were |
| 14:38:36 | 20 | not going to carry the case forward.  That's what happened. |
| 14:38:38 | 21 | THE COURT:  You told me that the last time and that's |
| 14:38:40 | 22 | why I really -- |
| 14:38:42 | 23 | MR. HANKINS:  I just wanted to make sure that that was |
| 14:38:44 | 24 | clear because he indicated that we didn't answer it, and that's |
| 4:38:46 | 25 | incorrect. |

22

| | | |
|---|---|---|
| 14:38:46 | 1 | THE COURT: No. I knew that money was a major factor, |
| 14:38:52 | 2 | and it's a major factor in this lawsuit. The Court's not blind |
| 14:38:56 | 3 | to that fact. That's why I've held up for as long as I have. |
| 14:39:00 | 4 | MR. HANKINS: The other thing that we did show was the |
| 14:39:04 | 5 | date of birth on our document. We also showed that the penta, |
| 14:39:10 | 6 | creosote, arsenic and extender oil, all of which -- all of these |
| 14:39:16 | 7 | defendants were engaged in making, or had some culpable action in |
| 14:39:22 | 8 | producing, were a part of the creosote mix. And we understand |
| 14:39:30 | 9 | that there were people who showed that they owned property. When |
| 14:39:34 | 10 | they owned it, we need to find out for the Court and that's |
| 14:39:38 | 11 | important. Emergency response address, many of the people gave |
| 14:39:42 | 12 | us addresses that they claim were emergency response, but we will |
| :39:46 | 13 | check and find out to make sure. |
| 14:39:50 | 14 | MR. JEFFERSON: And so, Judge, that, you know, that |
| 14:39:52 | 15 | goes back to -- I know the Court has made up its mind on this, |
| 14:40:00 | 16 | but goes back to the request that the Court allows, you know, |
| 14:40:08 | 17 | like I said, one last bite at the apple to get the specific |
| 14:40:14 | 18 | information that the Court was seeking in these interrogatories |
| 14:40:18 | 19 | to these defendants, Judge. |
| 14:40:20 | 20 | THE COURT: The very fact that we're here that the -- |
| 14:40:30 | 21 | this isn't an octopus, it's a millipede that's as big as an |
| 14:40:36 | 22 | octopus -- shows the difference in the variety of injuries, |
| 14:40:46 | 23 | causes of action, parties. There's not enough information to |
| 14:40:58 | 24 | even get to the first step here. You might work forever and not |
| 4:41:02 | 25 | get to the first step. That was my fear when we started out. |

| | | |
|---|---|---|
| 14:41:08 | 1 | But I've given too much time.  I've got responsibilities to all |
| 14:41:14 | 2 | parties, not just the plaintiffs.  I've given the plaintiffs 16 |
| 14:41:16 | 3 | months, and I'm not going to change my mind.  Yes, sir. |
| 14:41:18 | 4 | MR. WRIGHT:  I understand, your Honor.  Could I just |
| 14:41:20 | 5 | make sure that we're clear on going forward?  So we have 30 days |
| 14:41:28 | 6 | from today, I assume. |
| 14:41:30 | 7 | THE COURT:  Well, 30 days from the day I enter the |
| 14:41:32 | 8 | order.  You'll actually have more than 30 days. |
| 14:41:34 | 9 | MR. WRIGHT:  Okay.  And then, the issue is for the |
| 14:41:36 | 10 | cases that we want to maintain here, we pay separate filing fee. |
| 14:41:44 | 11 | THE COURT:  For each case. |
| 14:41:46 | 12 | MR. WRIGHT:  Okay. |
| :41:46 | 13 | THE COURT:  But you need to be careful.  I would also |
| 14:41:50 | 14 | file them here and then, ask for a transfer if you're going to |
| 14:41:54 | 15 | transfer them to another court because you need that tolling.  If |
| 14:42:00 | 16 | you just file it in another court, I don't believe that there's |
| 14:42:04 | 17 | going to be tolling because I'm going to dismiss without |
| 14:42:06 | 18 | prejudice. |
| 14:42:06 | 19 | MR. WRIGHT:  I understand, your Honor. |
| 14:42:08 | 20 | THE COURT:  So you're going to need to file it here. |
| 14:42:10 | 21 | And if you want a transfer to another jurisdiction, I will do |
| 14:42:14 | 22 | that. |
| 14:42:14 | 23 | MR. WRIGHT:  Okay. |
| 14:42:14 | 24 | THE COURT:  Because it wouldn't have been filed here in |
| :42:16 | 25 | the first place.  But if you want to keep it here, that's your |

| | | |
|---|---|---|
| 14:42:20 | 1 | business, too. |
| 14:42:22 | 2 | MR. WRIGHT:  Now, are you saying that you don't want to |
| 14:42:24 | 3 | transfer the single action.  You want to -- you want us to |
| 14:42:30 | 4 | convert them to individual actions first and then, transfer them? |
| 14:42:34 | 5 | THE COURT:  Yes, sir.  I think that's the only safe way |
| 14:42:36 | 6 | to do it. |
| 14:42:38 | 7 | MR. WRIGHT:  Okay.  And then, for the cases that we do |
| 14:42:40 | 8 | not do that process with. |
| 14:42:46 | 9 | THE COURT:  I'm going to dismiss this lawsuit for the |
| 14:42:48 | 10 | failure to proceed and answer those interrogatories without |
| 14:42:52 | 11 | prejudice. |
| 14:42:52 | 12 | MR. WRIGHT:  Without prejudice. |
| :42:54 | 13 | THE COURT:  Yes, sir. |
| 14:42:54 | 14 | MR. WRIGHT:  Thank you, your Honor. |
| 14:42:56 | 15 | THE COURT:  All right.  Everybody got their signal |
| 14:42:58 | 16 | straight?  All right.  Thank you, counsel. |
| | 17 | (End of proceedings.) |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

1                                * * * * * *

2

3

4    UNITED STATES DISTRICT COURT)

5    WESTERN DISTRICT OF TEXAS    )

6

7        I, LILY I. REZNIK, Official Court Reporter, United States

8    District Court, Western District of Texas, do certify that the

9    foregoing is a correct transcript from the record of proceedings

10   in the above-entitled matter.

11       I certify that the transcript fees and format comply with

12   those prescribed by the Court and Judicial Conference of the

13   United States.

14       WITNESS MY OFFICIAL HAND this the 16th day of October, 2006.

15

16

17                            _____

18                            LILY I. REZNIK, RPR, CRR
                              Official Court Reporter
19                            United States District Court
                              Austin Division
20                            200 W. 8th Street, 2nd Floor
                              Austin, Texas 78701
21                            (512)916-5564
                              Certification No. 4481
22                            Expires:  12-31-08

23

24

25

LILY I. REZNIK, OFFICIAL COURT REPORTER
U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)