IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **VIRDA BELL BULLARD,** *et al.*;<br><br>    **Plaintiffs**,<br><br>VS.<br><br>**BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, KOPPERS INDUSTRIES, INC., MONSANTO COMPANY, DOW CHEMICAL COMPANY, AND VULCAN MATERIALS COMPANY;**<br><br>    **Defendants.** | §<br>§<br>§<br>§<br>§<br>§ **CASE NO. 07-C-6883**<br>§<br>§ Judge Kennelly<br>§ Magistrate Judge Ashman<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFFS' MOTION TO REMAND

Plaintiffs Virda Bell Bullard, *et al.* file their Motion to Remand.

### SUMMARY OF THE ARGUMENT

Although Defendants concede that Plaintiffs have not expressly requested a joint trial of their claims, they nonetheless seek removal of this action, contending that the mere filing of Plaintiffs' Complaint constitutes a proposal for joint trial of the claims of 100 or more persons under the "mass action" provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). Defendants' contention is incorrect. Under CAFA's mass action provisions, federal subject matter jurisdiction does not exist unless Defendants prove that, *inter alia*, the "claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common issues of law or fact." Defendants have failed to satisfy their burden. This Court can and should grant Plaintiffs' Motion to Remand because

- Plaintiffs have not proposed and do not propose to try jointly the claims of 100 or more persons;

- Plaintiffs stipulate that they will not seek to try jointly the claims of 100 or more persons;

- The mere filing of Plaintiffs' Complaint does not constitute a proposal to try Plaintiffs' claims jointly and, therefore, does not create a "mass action" under CAFA; and

- Plaintiffs' Motion for Voluntary Dismissal reduces the number of persons asserting claims to fewer than 100.

## BACKGROUND

On October 31, 2007, Plaintiffs filed claims against defendants Burlington Northern Santa Fe Railway Company ("BNSF"), Koppers Industries, Inc. ("Koppers"), Monsanto Company, Dow Chemical Company, and Vulcan Materials Company in the Circuit Court of Cook County, Illinois, styled *Virda Bell Bullard et al. v. Burlington Northern Santa Fe Railway Company, et al.*, Case No. 2007-L-012332.  Plaintiffs, citizens of Illinois, California, Arizona, Louisiana, and Texas, are residents and former residents of Somerville, Texas.  Plaintiffs have suffered cancer, bodily injuries, and other damages arising out of exposure to toxic chemicals that, upon information and belief, were manufactured, mixed, or consolidated at the Koppers Creosote facility in Cook County, Illinois.  Defendants Koppers and BNSF subsequently used these toxic chemicals at a wood treatment facility located in Somerville, Burleson County, Texas. (Ex. A ¶ 3.1, Not. of Removal.)

On December 6, 2007, Defendants filed their Notice of Removal in this Court, incorrectly claiming that this Court should exercise subject matter jurisdiction over this action as a "mass action" under 28 U.S.C. §§ 1332(d)(11) & 1453.  Plaintiffs timely file their motion to remand.

## ARGUMENT

**I.  DEFENDANTS HAVE FAILED TO MEET THEIR HEAVY BURDEN TO PROVE THAT FEDERAL SUBJECT MATTER JURISDICTION EXISTS.**

"Whichever side chooses federal court must establish jurisdiction; it is not enough to a file a pleading and leave it to the court or the adverse party to negate jurisdiction."  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005).  The

removing party must establish any disputed aspect of subject matter jurisdiction "by offering 'evidence which proves to a reasonable probability that jurisdiction exists.'" *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003) (quoting *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir.1997)). Any doubts concerning removal must be resolved in favor of remand to state court. *King v. Retailers Nat. Bank*, 338 F. Supp.2d 913, 914 (N.D. Ill. 2005). CAFA does *not* reassign this burden to the non-removing party. *Brill*, 427 F.3d at 449. If a district court determines that it lacks subject matter jurisdiction over an action that has been removed at any time before final judgment, it must remand the action back to state court. 28 U.S.C. §1447(c).

As shown below, Defendants cannot prove that Plaintiffs' Complaint constitutes a "mass action" under 28 U.S.C. § 1332(d)(11)(B). Accordingly, this Court lacks subject matter jurisdiction and should grant Plaintiffs' Motion to Remand.

**II.    PLAINTIFFS' COMPLAINT IS NOT A "MASS ACTION" UNDER CAFA.**

Defendants' removal of this action relies solely on the claim that CAFA confers diversity jurisdiction on this Court because Plaintiffs' Complaint is a "mass action" under 28 U.S.C. § 1332(d)(11)(A). (Not. Removal ¶¶ 26 – 42.) This claim is incorrect. Under Section 1332(D)(11)(B)(i),

> the term 'mass action' means any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common issues of law or fact.

28 U.S.C. § 1332(d)(4)(B) (emphasis added). As shown below, (1) Plaintiffs do not propose to try jointly the claims of 100 or more persons; (2) the mere filing of Plaintiffs' Complaint does not create a "mass action" under CAFA; and (3) Plaintiffs' Motion for Voluntary Dismissal reduces the number of persons asserting claims to fewer than 100. Accordingly, Defendants have not satisfied their burden to prove that Plaintiffs' Complaint qualifies a "mass action" and this Court must grant Plaintiffs' Motion to Remand.

> A. **Plaintiffs Do Not Propose to Try Jointly the Claims of 100 or More Persons.**
>
>> 1. <u>Plaintiffs Stipulate That They Will Not Seek a Joint Trial of Claims of 100 or More Persons.</u>

Defendants correctly concede that Plaintiffs have not requested a joint trial on the ground that their claims involve common issues of law or fact. (Not. Removal ¶ 31.) Plaintiffs do not propose and have never intended to propose the joint trial of the claims of 100 or more plaintiffs and hereby stipulate that they will not seek such a joint trial.

Plaintiffs filed their Complaint in reliance on the liberal severance rules of the Illinois State Courts, which allow courts to "order separate trial[s] of any causes of action . . . if it cannot be conveniently disposed of with other issues in the case." 735 ILCS 5/2-614(b). Plaintiffs anticipate that their claims will need to be tried either individually or in groups of fewer than 99 (most likely much fewer) based on differing issues concerning causation and damages. For example, the circumstances regarding the Plaintiffs' exposure to Defendants' toxic chemicals likely will depend on the particular conduct of each Defendant. Each Plaintiff's location relative to the Somerville Plant will also likely affect resolution of his or her claims. Additionally, Plaintiffs have contracted at least 19 different types of cancer that may require different causation analyses and expert testimony. For these reasons, Plaintiffs do not propose and have never intended to propose the joint trial of claims of 100 or more plaintiffs. This, of course, is the precise position that these Defendants have always taken, and taken successfully, in all of the related litigation.

>> 2. <u>Plaintiffs' Complaint Merely Seeks Joint Pretrial Proceedings</u>

By filing Plaintiffs' claims in a single complaint, Plaintiffs merely seek the administrative efficiencies allowed by joint discovery and pre-trial proceedings. As stated above, Plaintiffs intend to seek separate trials of their claims in groups of fewer than 99 (most likely much fewer) based on differing issues concerning causation and damages. Defendants apparently also intend to seek separate trials of Plaintiffs'

claims.[1]  Neither Plaintiffs nor Defendants, however, can recommend a plan for separate trials without conducting discovery regarding the conduct of each of Defendants and the general cause and nature of the damages suffered by Plaintiffs.  The filing of Plaintiffs' claims in a single complaint allows the Plaintiffs to conduct discovery in a single case, managed by a single court, according to a single schedule, significantly reducing pre-trial administrative costs and burdens for both the parties and the courts.  Similarly, the filing of a single complaint allows a court to resolve pre-trial issues in a single forum, avoiding duplication of resources and potentially conflicting rulings.

In sum, Plaintiffs absolutely do not propose a joint trial of the claims or 100 or more persons, but merely seek the administrative efficiencies of joint discovery and other pre-trial proceedings.  Accordingly, this Court should grant Plaintiffs' Motion to Remand because Defendants have failed to satisfy their burden to show that Plaintiffs' Complaint is a "mass action" under CAFA.

### B.  The Mere Filing of Plaintiffs' Complaint Does Not Create a "Mass Action" Under CAFA.

Defendants contend that the mere filing of Plaintiffs' Complaint constitutes a proposal for joint trial of all Plaintiffs' claims.  (Not. Removal ¶¶ 29-32.)  This contention is incorrect.  First, if Congress had intended the mere *filing* of claims of more than 100 persons to qualify as a "mass action," it would have used the term "filed" in the statutory definition–as it does in other portions of CAFA–instead of defining a mass action as claims "proposed to be tried jointly."  Second, Defendants' attempt to rely on so-called "legislative history" to support their faulty contention violates rules of statutory construction.

---

[1]  (Not. Removal ¶ 27 n. 13 & ¶ 31 n. 14.)

1. <u>Under Established Rules of Statutory Construction, the Mere Filing of Claims of 100 or More Persons Is Not a Proposal for Joint Trial.</u>

Under established rules of statutory construction, different words in a statute should be given different meanings. *Central States, Southeast and Southwest Areas Pension Fund*, 230 F.3d 934, 942 (7th Cir. 2000) (citing *Bailey v. United States*, 516 U.S. 137, 143 (1995)); *Trustees of Iron Workers Local 473 Pension Trust v. Allied Products Corp.*, 872 F.2d 208, 213 (7th Cir. 1989); *In re Hoerr*, 2004 WL 2926156, *4 (Bankr. C.D. Ill. Dec. 13, 2004). CAFA allows removal to federal court of two types of actions: (1) class actions; and (2) mass actions. CAFA defines a "class action" as "any civil action *filed* [under procedural rules] authorizing an action to be brought by 1 or representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B) (emphasis added). A "mass action," however, "means any civil action . . in which monetary relief claims of 100 or more persons *are proposed to be tried* jointly . . . ." 28 U.S.C. § 1332(d)(11)(B) (emphasis added). If Congress had intended the mere filing of joint claims to qualify as a mass action under CAFA, it would have used the term "filed" in the definition of "mass action" as it did in the definition of "class action," in the exclusions to the definition of "mass action,"[2] and in twelve (12) other places in the statute.[3] Instead, Congress used the phrase "proposed to be tried jointly" to define "mass action," indicating an intent to require some act by plaintiffs, other than the filing of a complaint, to create federal subject matter jurisdiction. As a result, the mere filing of Plaintiffs' Complaint does not create a removable "mass action" under CAFA.[4]

---

[2] 28 U.S.C. § 1332(d)(11)(B)(ii)(I).

[3] 28 U.S.C. §§ 1332(d)(3); 1332(d)(3)(B) & (E)-(F); 1332(d)(4)(A)(i)(I); 1332(d)(4)(A)(i)(II)(cc); 1332(d)(4)(A)(i)(III) & (III)(ii); 1332(d)(4)(B); 1332(d)(7).

[4] Instead, a mass action does not exist under CAFA until plaintiffs actually propose to try jointly the claims of 100 or more persons on the ground that the claims involve common issues of law or fact. Plaintiffs arguably could make such a proposal in a variety of ways, *e.g.*, in response to a pretrial order, in response to discovery requests, or in response to a defendant's motion to sever.

This interpretation of the subject matter jurisdiction provisions of CAFA is consistent with the statute's provisions regarding removal jurisdiction. Under 28 U.S.C. § 1453, a defendant is not subject to a one-year limitation for seeking removal of a case to federal court. 28 U.S.C. § 1453(b). Thus, even if a group of plaintiffs proposed a joint trial of the claims of more than 100 persons after the passage of

### 2. Defendants' Attempt to Rely on So-Called Legislative History Is Unavailing.

In support of their faulty claim that the mere filing of Plaintiffs' Complaint creates a "mass action" under CAFA, Defendants rely on the statement–made the day before the passage of CAFA–of a single legislator who claims that "there would be no other apparent reason to include all of those claimants in a single action unless the intent was to secure a joint trial of all the claims asserted in the action." (Not. Removal ¶ 31 (citing 151 Cong. Rec. H729 (daily ed. Feb. 17, 2005)).)  Defendants' reliance is misplaced.

First, courts should not resort to legislative history–particularly such a sketchy, incomplete legislative history–when, as here, the intent of Congress can be derived from the clear and unambiguous statutory language. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 568 (2005) ("[T]he authoritative statement is the statutory text, not the legislative history or any other extrinsic material."); *United States v. Logan*, 453 F.3d 804, 805 (7th Cir. 2006) ("Even the plainest legislative history does not justify going against an unambiguous enactment."); *Allied Products Corp.*, 872 F.2d at 212-13.  As stated by the Seventh Circuit,

> Discarding the plain language of a statute in favor of committee reports or other legislative history ignores the realities of the legislative process.  The crafting of specific language often reflects legislative compromise reached after hard fought battles over the means to reach even common goals. Courts should only reluctantly turn to legislative history for fear of upsetting the delicate balance reflected in a finally worded piece of legislation.
>
> * * *
>
> 'Committee reports that contradict statutory language or purport to explicate the meaning or applicability of particular statutory provisions can short-circuit the legislative process, leading to results never approved by Congress or the President.'

---

one year-*e.g.*, after completing discovery-a defendant still would have an opportunity to remove the case at that time.

*Allied Products Corp.*, 872 F.2d at 213 & n. 9 (quoting *Wallace v. Christensen*, 802 F.2d 1539, 1560 (9th Cir. 1986)).  As shown above, Congress's use of the clear and unambiguous terms "proposed to be tried jointly" instead of "filed" in the definition of "mass action" indicates that it did not intend for the mere filing of a complaint by 100 or more plaintiffs to create federal subject matter jurisdiction under CAFA.  Ignoring the plain statutory language by relying on the contrary statement of a single legislator (made the day before the passage of CAFA) to determine the meaning of "proposed to be filed jointly" would violate established rules of statutory construction and would ignore the legislative compromise expressed in CAFA.  This Court, therefore, should enforce the mass action provisions of CAFA according to their plain language, as expressed by Plaintiffs above.

Second, the statement of the single legislator cited by Defendants is not a reliable source of Congressional intent.   As the United States Supreme Court has recognized, "judicial reliance on legislative materials . . . may give unrepresentative committee members–or, worse yet, unelected staffers and lobbyists–the power and incentive to attempt strategic manipulations of legislative history to secure results they were unable to achieve through the statutory text." *Allapattah Servs., Inc.*, 545 U.S. at 568.  In this case, the statement upon which Defendants rely was made by a single legislator only one day before the passage of the Act.  Such a statement is not part of bona fide deliberations by Congress, but is merely an eleventh-hour manipulation of the legislative history of a statute in an attempt to imply a meaning contrary to the statute's text.  This Court should reject Defendants' attempts to "short-circuit" the legislative process and enforce the statute according to its plain meaning.

Third, even in the unlikely event this Court considers the statement of the single legislator relied upon by Defendants, it should reject the statement's faulty reasoning.  According to the legislator, the mere filing of a complaint by more than 100 persons

should be considered because "there would be no other apparent reason to include all of those claimants in a single action unless the intent was to secure a joint trial of all the claims asserted in the action." (Not. Removal ¶ 31.) This statement is simply incorrect. As shown above, Plaintiffs filed their claims jointly to take advantage of the administrative efficiencies of joint discovery and pre-trial proceedings.

Fourth, the statement of the single legislator relied upon by Defendants conflicts with statements of other legislators in the Congressional Record. Indeed, according to statements of Senators Lott and Durbin, the mass action provisions of CAFA are intended to apply only to those states that lack procedural rules for class action certification–*i.e.*, Mississippi and West Virginia. As explained by Senator Lott,

> [m]ass torts and mass actions are not the same. The phrase 'mass torts' refers to a situation in which many persons are injured by the same underlying cause, such as a single explosion, a series of events, or *exposure to a particular product*. In contrast, the phrase 'mass action' refers to a specific type of lawsuit in which a large number of plaintiffs seek to have all their claims adjudicated in one combined trial.
> * * *
> More specifically, the provision was intended to ensure that in states without class action certification, suits joining many plaintiffs' claims for adjudication in one trial . . . would be treated the same as actions in states with procedural rules akin to Rule 23.[5]

In response to Senator Lott's statements, Senator Durbin withdrew a proposed amendment, stating

> I heard from proponents . . . that the bill is designed to affect only mass actions and not mass torts. * * * And I understand from the statements made by Senator Lott, the U.S. Chamber of Commerce, and many other proponents of the bill, that these so-called mass actions are currently filed only in Mississippi and West Virginia. In other words, this provision of S. 5 will have no impact on mass torts cases filed in the other 48 states.[6]

According to the legislative history, therefore, Plaintiffs' Complaint is a "mass tort" case and is not a "mass action" under CAFA because Plaintiffs allege injury by the same underlying cause and the action was not filed in Mississippi or West Virginia.

---

[5]   151 Cong. Rec. S1082 (daily ed. Feb. 8, 2005) (statement of Sen. Lott) (emphasis added).

[6]   151 Cong. Rec. S1236 (daily ed. Feb. 10, 2005) (statement of Sen. Durbin).

In sum, under CAFA's unambiguous statutory language, the mere filing of Plaintiffs' Complaint does not create a "mass action" that is subject to removal. Accordingly, this Court should grant Plaintiffs' Motion to Remand because Defendants have failed to satisfy their burden to show that Plaintiffs' Complaint is a "mass action" under CAFA.

### C. Plaintiffs' Motion for Voluntary Dismissal Reduces the Number of Persons Asserting Claims to Fewer Than 100.

Finally, under the "mass action" provisions of CAFA, federal subject matter jurisdiction does not exist unless, *inter alia*, "claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common issues of law or fact. 28 U.S.C. § 1332(d)(4)(B). In cases removed from State court, "[i]f at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case *shall* be remanded. 28 U.S.C. § 1447(c) (emphasis added).

Plaintiffs' Complaint originally asserted claims on behalf of 144 plaintiffs. (Ex. A, Not. Removal.) Fifty-three (53) of these plaintiffs have filed a motion for voluntary dismissal of their claims without prejudice. Assuming this Court grants Plaintiffs' motion for voluntary dismissal, Plaintiffs' Complaint will assert the claims of only 91 persons and cannot qualify as a "mass action" under CAFA. As a result, this Court will lack subject matter jurisdiction and must remand the case pursuant to 28 U.S.C. § 1447(c).

In sum, Plaintiffs stipulate that they will not seek to try jointly the claims of 100 or more persons; the mere filing of Plaintiffs' Complaint does not create a "mass action" under CAFA; and, in any event, Plaintiffs' Motion for Voluntary Dismissal reduces the number of persons asserting claims to fewer than 100. Accordingly, Defendants have not satisfied their burden to prove that Plaintiffs' Complaint qualifies a "mass action" under CAFA and this Court must grant Plaintiffs' Motion to Remand.

## CONCLUSION AND PRAYER

For the foregoing reasons, this Court should grant Plaintiffs' Motion to Remand and remand this matter to the Circuit Court of Cook County, Illinois.

>Respectfully submitted,
>
>By: \s\ David S. Jasmer
>
>DAVID S. JASMER, LLC
>111 W. Washington Street
>Suite 1150
>Chicago, Illinois 60602
>(312) 782-6344
>Fax: (312) 372-1974
>
>**ATTORNEY FOR PLAINTIFFS**

OF COUNSEL:

James L. "Larry" Wright
Watts Law Firm, LLC
111 Congress Avenue, Suite 1000
Austin, Texas 78701
(512) 479-0500
Fax: (512) 473-0328

Grover G. Hankins
The Hankins Law Firm
440 Louisiana Street, Suite 725
Houston, Texas 77002
(713) 292-2720
Fax: (713) 236-7731

Dwight E. Jefferson
Dwight E. Jefferson, P.L.L.C.
405 Main Street, Suite 950
Houston, Texas 77002
(713) 222-1222
Fax (713) 222-1223