IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **VIRDA BELL BULLARD**, *et al.*; § <br> § <br> **Plaintiffs**, § <br> § <br> VS. § <br> § **CASE NO. 07-C-6883** <br> **BURLINGTON NORTHERN SANTA** § <br> **FE RAILWAY COMPANY, KOPPERS** § Judge Kennelly <br> **INDUSTRIES, INC., MONSANTO** § Magistrate Judge Ashman <br> **COMPANY, DOW CHEMICAL** § <br> **COMPANY, AND VULCAN** § <br> **MATERIALS COMPANY;** § <br> § <br> **Defendants.** § <br> § | |

## MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF CERTAIN PLAINTIFFS

Plaintiffs, John G. Alexander, Elnora Bell, Paullette Blaylock, James Roy Booker, John R. Borgas, Kerwin Brooks, Florene J. Brown, Chenitha Lashone Burleson, James Earl Burnette, Charles Bynaum, Dorlisha Childs, Brenda Clifton, David Corona, Don Ray Darden, Walsh Davis, Eddie L. Everline, Sr., Melvin Fisher, Alter Mae Fletcher, Lee George, Jr., C.D. Green, Thomas Hank, Jr., Jimmie Heard, Jr., Lucy Henderson, Wesely Earl Henderson, Minnie Ola Jackson, Ruby Jewel Johnson, Pamela Denise Lankster, Jessie Ray Lavan, Patricia A. Lavan, Elmer Joan Lister, Felipe Ponce Lopez, Jr., Lupe P. Lopez, Stephanie Nicole Briscoe-Tyrone-Mathis, Charles Louis McNeil, James E. Melton, Jr., Melanie Chantel Moses, Belinda W. Nichols, Bobbie Jean Robinson, Helen D. Sams, Henry Leon Scarlett, Robbie Smith as special administrator of the Estate of Andrew James Smith, deceased, Warren Summer, Jr. as special administrator of

the Estate of Warren J. Summers, Sr., deceased, Everlene Sweed, Jane Thomas, Manuel James Thomas, Donell Travis, Jerome Wheeler, Charlesetta Mayherry as special administrator of the Estate of Robert Wilcox, Jr., deceased, Lee Charles Williams, Clemon J. Wilson, Sheila Wilson, Robert K. Wyatt, (hereinafter "Dismissing Plaintiffs") hereby move this Court, pursuant to Fed.R.Civ.P. 41(a)(2), for the entry of an order voluntarily dismissing their cause of action without prejudice. In support of their motion, Dismissing Plaintiffs state:

1. Plaintiffs initially filed this action in the Circuit Court of Cook County, Illinois on October 31, 2007.

2. Defendants thereafter on December 6, 2007 filed a Notice of Removal removing this action to this Court based upon the Class Action Fairness Act, 28 U.S.C. § 1332(d).

3. No discovery has yet taken place in this case. This case is at the very earliest stage.

4. At this early stage of the case, Defendants have not incurred any substantial expense or invested substantial time in litigating this case in this Court or incurred any additional expense or investment of time in litigating in federal court as opposed to State Court other than their efforts in filing the Notice of Removal and a Motion to Transfer, the latter of which they would likewise have filed in State Court. <u>Tyco Labs, Inc. v. Koppers Co.</u> 627 F.2d 54 (7th Cir. 1980).

5. Dismissing Plaintiffs seek to dismiss their cause of action for the purpose of allowing this action to proceed in Plaintiffs' chosen forum where it was originally filed, i.e., the Circuit Court of Cook County, Illinois, and further

ensuring that, contrary to their wishes, Plaintiffs' cases will not be tried jointly, as set forth in greater detail in Plaintiffs' Motion to Remand.

6. No inconvenience will be imposed upon the Defendants by the granting of this motion.

7. No motion for summary judgment has been filed by any party.

8. The Dismissing Plaintiffs are bringing this motion to dismiss at the earliest possible opportunity.

9. No prejudice will result to the Defendants by granting this motion.

10. "The dismissal of the Plaintiff's complaint without prejudice, pursuant to Fed.R.Civ.P. 41(a)(2) is within the sound discretion of the district court and may be reversed only if the appellant demonstrates the district court abused its discretion." U.S. v. Outboard Marine Corp., 789 F.2d 497, 502 (7th Cir. 1986). "The district court abuses its discretion only when it can be established that the defendant will suffer 'plain legal prejudice' as the result of the district court's dismissal of the plaintiff's action . . . [W]e delineated several factors for courts to consider in determining whether the defendant has suffered 'legal prejudice' as a result of the dismissal of an action without prejudice: [(1)]'[T]he defendant's effort and expense of preparation for trial, [(2)] excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [(3)] insufficient explanation for the need to take a dismissal, and [(4)] the fact that a motion for summary judgment has been filed by the defendant,'" Id., quoting, Pace v. Southern Express Co., 409 F.2d 331 (7th Cir. 1969).

11. The enumeration of these factors "is not equivalent to a mandate that each and every such factor be resolved in favor of the moving party before

dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests." Tyco Labs, Inc., 627 F.2d at 56.

12. As to the first factor, to date, Defendants have exerted little or no effort and have incurred little or no expense in preparing this case for trial as discovery is not yet even under way.

13. As to the second factor, the Dismissing Plaintiffs have not delayed the filing of this motion, let alone engaged in excessive delay.

14. As to the third factor, the granting of a motion for voluntary dismissal resulting in a removed case being remanded to State court does not constitute legal prejudice. Grivas v. Parmelee Transp. Co., 207 F.2d 334, 338 (7th Cir. 1953); Quad/Graphics, Inc. v. Fass, 724 F.2d 1230, 1233 (7th Cir. 1980). The fact that Plaintiffs may obtain some tactical advantage by the granting of the dismissal likewise is insufficient to justify denial of a motion for voluntary dismissal. Quad/Graphics, Inc., 724 F.2d at 1233. "Dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." 9 Fed. Prac. & Proc. Civ.2d § 2364, Wright & Miller; Tyco Labs, Inc., 627 F.2d at 56. That is true even where the court perceives some weaknesses in the justification offered for dismissal. Tyco Labs, Inc., 627 F.2d at 57. Plaintiffs are entitled to their forum of choice.

15. As to the fourth factor, no motion for summary judgment has been filed by any defendant.

16. Thus, all of these factors weigh strongly in favor of granting Dismissing Plaintiffs' motion for voluntary dismissal.

WHEREFORE, for the foregoing reasons, the Dismissing Plaintiffs respectfully pray that this Court enter an order, pursuant to Fed.R.Civ.P. 41(a)(2), voluntarily dismissing their cause of action without prejudice.

Respectfully submitted,

By: \s\ David S. Jasmer

DAVID S. JASMER, LLC
111 W. Washington Street
Suite 1150
Chicago, Illinois 60602
(312) 782-6344
Fax: (312) 372-1974

**ATTORNEY FOR PLAINTIFFS**

OF COUNSEL:

James L. "Larry" Wright
Watts Law Firm, LLC
111 Congress Avenue, Suite 1000
Austin, Texas 78701
(512) 479-0500
Fax: (512) 473-0328

Grover G. Hankins
The Hankins Law Firm
440 Louisiana Street, Suite 725
Houston, Texas 77002
(713) 292-2720
Fax: (713) 236-7731

Dwight E. Jefferson
Dwight E. Jefferson, P.L.L.C.
405 Main Street, Suite 950
Houston, Texas 77002
(713) 222-1222
Fax (713) 222-1223