# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2008 JAN 31 PM 2: 38

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____

LEON BRINSTON, et al.,
                    **Plaintiffs,**

-vs-                                                        Case No.  A-07-CA-902-SS

KOPPERS INDUSTRIES, INC., et al.,
                    **Defendants.**

_____

## O R D E R

BE IT REMEMBERED on the __31st__ day of January 2008 the Court reviewed the file in the

above-styled cause, specifically Plaintiffs' Motion to Amend Complaint [#54], Defendant Koppers

Industries, Inc. ("Koppers")'s Response thereto [#68], Koppers' Motion to Dismiss [#19], Koppers'

Supplement to the Motion to Dismiss [#23], Plaintiffs' Response to the Motion to Dismiss [#57],

Koppers' Motion for Summary Judgment [#25], Plaintiffs' Response thereto [#56], Koppers' Reply

[#66], Defendant Burlington Northern Santa Fe Railway Company ("Burlington")'s Motions to Join

Koppers' Motions to Dismiss and for Summary Judgment [#40, 41], Plaintiffs' Motion to Continue

or Deny Motions Pursuant to Rule 56(f) [#55], and Koppers' Response thereto [#63].  Having

reviewed these documents, the applicable law, and the case file as a whole, the Court now enters the

following opinion and orders.

### Background

Plaintiffs filed suit against Burlington and Koppers in Burleson County, Texas on October

25, 2007, seeking to represent a class of "all persons who own property or lease property within 1

mile" of a wood treatment plant in Somerville, Texas and who allegedly "have had their person

and/or property contaminated with ... toxins released from the Somerville plant." Compl. ¶ 37. Burlington owned and operated the Somerville plant from 1905 until 1995, when Koppers purchased the plant. Mot. Remand. 2–3. Plaintiffs allege that, even after the sale of the plant to Koppers, Burlington has maintained continued responsibility for compliance with reporting duties imposed by the Texas Natural Resource Conservation Commission in connection with a previous investigation of contamination from the plant. *Id.* Plaintiffs contend both Burlington and Koppers have operated the plant in a manner that released dangerous chemicals into the environment around the plant and thereby injured the Plaintiffs' property. Plaintiffs seek compensatory damages, punitive damages, and an injunction shutting down the plant.

The named Plaintiffs in this suit are residents of Texas, with the exception of Plaintiff Smith, who is a resident of Oregon. Defendant Koppers is a Pennsylvania corporation, while Burlington is a Texas corporation. On October 26, 2007, Koppers filed a notice of removal based on the Class Action Fairness Act ("CAFA"), which establishes federal jurisdiction over putative class actions in which (1) there are 100 or more members in the proposed class; (2) at least some members of the proposed class have a different citizenship from some defendants; and (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate. 28 U.S.C. § 1332(d)(2); *see also* 28 U.S.C. § 1453. Plaintiffs moved to remand based on the limited exceptions to CAFA jurisdiction, and the Court denied the motion to remand on December 19, 2007.

Defendants move for dismissal or, in the alternative, summary judgment on all Plaintiffs' claims for relief on several grounds. In particular, Defendants assert all Plaintiffs' claims arise out of an alleged permanent nuisance. Defendants argue Plaintiffs lack standing to bring claims based on a permanent nuisance, because those claims would have accrued to the owner of the property at

the time the nuisance allegedly began in 1905. Moreover, Defendants argue the statute of limitations on the nuisance claims began to run at that time, or at the latest when the Plaintiffs discovered their injuries and brought suit on similar claims in 2005. Because the Texas statute of limitations for a nuisance claim is two years, Defendants argue any claims Plaintiffs have standing to bring are time-barred.

Plaintiffs assert they have been assigned the right to pursue the claims at issue and therefore have standing to sue. Plaintiffs further assert the discovery rule operates to toll the statute of limitations on their claims, and the lawsuit filed in 2005 further tolled the limitations period. Alternatively, Plaintiffs assert their claims are not governed by the doctrine of permanent nuisance, but are instead a temporary (if recurring) nuisance, for which a new statute of limitations begins to run with each new occurrence.

Plaintiffs have raised several procedural challenges in addition to their argument on the merits of their claims. First, Plaintiffs argue the Motion for Summary Judgment is premature under Federal Rule of Civil Procedure 56(f) and should therefore be dismissed. Second, Plaintiffs have moved to amend their complaint to withdraw both their class allegations and their request for injunctive relief. Plaintiffs contend the withdrawal of all class allegations negates federal jurisdiction under CAFA, and the case must therefore be remanded, as there is no other basis for federal jurisdiction.

### Analysis

### I. Motion to Amend

Plaintiffs seek leave to amend their complaint to withdraw all class allegations and withdraw their claims for injunctive relief. The amended complaint asserts no new theories or causes of

action. The amended complaint seeks property damages and punitive damages for each individual named Plaintiff, based on Defendants' alleged contamination of the soil and groundwater on Plaintiffs' property through Defendants' operation of the Somerville Plant.

Federal Rule of Civil Procedure 15(a)(2) dictates that the Court "should freely give leave [to amend] when justice so requires." Under this Rule, "a district court must possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). Factors the Court may consider in denying leave to amend include 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Though (as discussed below) this is not the first suit Plaintiffs have attempted to bring on these facts, there is no evidence in the instant record of undue delay, bad faith, or futility. This is Plaintiffs' first amended complaint in the above-styled cause. [1] Accordingly, the Court GRANTS leave to amend.

---

[1] The Amended Complaint is particularly appropriate in this case because it withdraws Plaintiffs' class action allegations. As the Court stated in Davis, et al. v. Koppers Indus., et al., No. A-05-CA-464-SS (W.D. Tex. Jun. 16, 2005), a putative class action filed by the same named plaintiffs against the same defendants in 2005, "[i]t seems implausible that all 562 plaintiffs, who range in age from minors to octagenarians, have identical claims against each Defendant, especially given that the Defendants were each involved with the allegedly polluted area during different time periods." Order of October 12, 2006. Though the instant complaint does not address personal injuries and alleges only property damage and fraud claims, the fact remains that "nature of this case makes it inevitable that not every plaintiff will be able to assert identical claims against all the defendants." *Id.* Plaintiffs in the instant case include individuals who owned land and individuals who only rented it; individuals who resided on the property for more than fifty years and individuals who last lived in Somerville almost thirty years ago. The only common issue in the suit is that all Plaintiffs allege the Defendants have polluted the area over the course of a hundred years. The time and circumstances of the alleged damage to each Plaintiff's property is not alleged with any specificity, and may vary wildly over that period. There is no suggestion on this record that the proposed class shares common injuries or defenses. Class certification was never appropriate, and

Plaintiffs contend the amended complaint should be remanded to state court because this Court lacks jurisdiction over state law claims between non-diverse parties. It is true that federal removal jurisdiction in this case is predicated solely on the Class Action Fairness Act, CAFA, 28 U.S.C. § 1332(d). Plaintiffs' amended complaint asserts no class claims.

Nevertheless, the amendment does not divest the court of jurisdiction under CAFA. *Garcia v. Boyar & Miller, P.C.*, No. 3:06-CV-1936-D, 2007 U.S. Dist. LEXIS 39072, *17-18 (N.D. Tex. May 30, 2007). The basis for federal jurisdiction under CAFA is established at the time of removal, and "once a federal court properly has jurisdiction over a case removed to federal court, subsequent events generally cannot 'oust' the federal court of jurisdiction." *Braud v. Transp. Serv. Co.*, 445 F.3d 801, 808 (5th Cir. 2006) (citing Judiciary Committee Report on Class Action Fairness Act, S. Rep. No. 109-14 (1st Sess. 2005), reprinted in 2005 U.S.C.C.A.N. 3, 2005 WL 627977, at *43). Even the fact that a purported class is not actually appropriate for certification does not destroy CAFA jurisdiction, because jurisdiction is based on class allegations in the pleadings at the time of removal. *Garcia*, 2007 U.S. Dist. LEXIS 39072, *17-18. Moreover, the Fifth Circuit has explicitly stated that post-removal amendments made "solely to destroy" CAFA jurisdiction do not justify remand. *Braud*, 445 F.3d at 808; *see also Garcia*, 2007 U.S. Dist. LEXIS 39072 at *18. Accordingly, the Plaintiffs' motion to amend the complaint is GRANTED, but to the extent Plaintiffs seek a remand of the case to state court, their request is DENIED.

## II. Rule 56(f) Motion

Plaintiffs next contend that the Court should not consider the merits of the pending Motion for Summary Judgment because it was filed before substantive discovery has been taken in the case,

---

any further pendency of this lawsuit would result in a severance for each plaintiff, with a separate filing fee required, and individual treatment of each complaint.

and additional discovery is necessary to determine whether and to what extent Defendants'
fraudulent concealment triggered the Texas "discovery rule," tolling the statute of limitations on
Plaintiffs' claims.

As Defendants point out, each of the Plaintiffs in the instant case participated in a lawsuit
filed against these same entities in this Court on June 16, 2005. *See Davis, et al. v. Koppers Indus.,
et al.*, No. A-05-CA-464-SS (W.D. Tex. Jun. 16, 2005). The complaint in the *Davis* case, like the
instant complaint, was based on alleged contamination from the operation of the Somerville Plant.
Furthermore, each individual plaintiff in the instant case was also a named plaintiff in the *Davis* case.

Under Texas law, "[t]he discovery rule defers the accrual of a cause of action until the
plaintiff knows, or should know with the exercise of reasonable diligence, the facts giving rise to
his claim." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734, 44 Tex. Sup. Ct. J. 1090 (Tex.
2001). The facts plead in the 2005 *Davis* complaint are substantively identical to the facts plead in
the original and amended complaints in the instant case. Plaintiffs have not alleged any newly-
discovered facts or post-2005 acts of defendants that might further toll the limitations period.

Of course, Plaintiffs claim they "need discovery regarding the conduct of Defendants" to
support their discovery rule argument, but without some specific argument "describ[ing] how further
discovery would enable [Plaintiffs] to oppose summary judgment," this general statement does not
justify a delay in considering the merits of the summary judgment motion. *Krim v. BancTexas
Group*, 989 F.2d 1435, 1443 (5th Cir. 1993). "A plaintiff's entitlement to discovery before a ruling
on a motion for summary judgment is not unlimited and may be cut off when the record shows that
the requested discovery will not be likely to produce facts he needs to withstand a summary
judgment motion." *Netto v. Amtrak*, 863 F.2d 1210, 1216 (5th Cir. 1989). Because the factual
allegations in the instant complaint are substantially identical to the factual allegations raised in

2005, there is no suggestion in the record that further discovery will support the application of the

discovery rule (beyond 2005) to the instant complaint.  Therefore, Plaintiffs' Rule 56(f) Motion is

DENIED.

The Court turns now to the merits of the Motion to Dismiss for Lack of Subject Matter

Jurisdiction and the Motion for Summary Judgment.[2]

## III.  Standard of Review

### A.  Standard for Rule 12(b)(1) motion

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to

challenge the subject matter jurisdiction of the district court to hear a case. FED. R. CIV. P. 12(b)(1).

Because subject matter jurisdiction is a threshold issue, the Court should determine the question of

jurisdiction before addressing the merits of the case. *Ramming v. United States*, 281 F.3d 158, 161

(5th Cir. 2001).  The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting

jurisdiction. *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995).

In determining the issue of subject matter jurisdiction, the Court may consider: (1) the

complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3)

the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts.

*Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). "Ultimately, a motion to

dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the

plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."

---

[2] To the extent Defendants' Motion to Dismiss raises additional arguments under Fed. R. Civ.
P. 12(b)(6), these issues are better considered in light of the evidentiary record submitted in support
of the motion for summary judgment.  Therefore, the Court construes the 12(b)(6) motion as a
summary judgment motion and evaluates Defendants' arguments using the summary judgment
standard of review. *See* Fed. R. Civ. P. 12(b).

*Ramming*, 281 F.3d at 162 (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

## B. Standard for Summary Judgment

Summary judgment may be granted if the moving party shows there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In deciding summary judgment, the Court construes all facts and inferences in the light most favorable to the nonmoving party. *Richter v. Merchs. Fast Motor Lines, Inc.*, 83 F.3d 96, 98 (5th Cir. 1996). The standard for determining whether to grant summary judgment "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the nonmoving party based upon the record evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990).

Both parties bear burdens of production in the summary judgment process. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). First, the moving party has the initial burden of showing there is no genuine issue of any material fact and judgment should be entered as a matter of law. FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322–23; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The nonmoving party must then come forward with competent evidentiary materials establishing a genuine fact issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256–57; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). However, "[n]either 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the non-movant's burden." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

## IV. Permanent or Temporary Nuisance

All of Plaintiffs' claims for relief arise out of an alleged nuisance created by Defendants. *See,*

*e.g. Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 268 (Tex. 2004) (evaluating claims for

nuisance, trespass, negligence, negligence per se, negligent endangerment, and gross negligence in

light of the Texas law regarding permanent and temporary nuisances). The right to sue for a

nuisance-based injury to property "is a personal right that belongs to the person who owns the

property at the time of the injury." *Exxon Corp. v. Pluff*, 94 S.W.3d 22, 27 (Tex. App. 2002) (citing

*Abbott v. City of Princeton*, 721 S.W.2d 872, 875 (Tex. App.- Dallas 1986, writ ref'd n.r.e.); *Lay v.*

*Aetna Ins. Co.*, 599 S.W.2d 684, 686 (Tex. App.- Austin 1980, writ ref'd n.r.e.)). Such an interest

can also arise through right of occupancy as a tenant, *Schneider Nat'l Carriers, Inc. v. Bates*, 147

S.W.3d 264, 268 n.2 (Tex. 2004), or through ownership of an easement, *Freedman v. Briarcroft*

*Prop. Owners*, 776 S.W.2d 212, 215-16 (Tex. App.-Houston [14th Dist.] 1989, writ denied). Because

it is a personal right, however, standing to pursue such a claim does not pass to a subsequent

purchaser of the property unless it is expressly assigned. *Ceramic Tile Int'l, Inc. v. Balusek*, 137

S.W.3d 722, 724 (Tex. App.-San Antonio 2004, no pet.)

Under Texas law, a nuisance may be characterized as either temporary or permanent. Several

consequences flow from this characterization. In particular, the character of an alleged nuisance

determines whether a nuisance claim accrues with the first or each subsequent injury. *Schneider* ,

147 S.W.3d at 269-83. If a nuisance is permanent, the claim accrues when the injury occurs, even

if the landowner does not discover the injury until a later date. *Santanna Natural Gas Corp. v.*

*Hamon Operating Co.*, 954 S.W.2d 885, 891 (Tex. App.-Austin 1997, pet. denied). Even where

fraudulent concealment and/or the discovery rule operate to toll the statute of limitations, "[t]he

discovery rule cannot work to transfer the ownership of a cause of action from one person to another

simply because the second person claims to have discovered the injury." *Senn v. Texaco*, 55 S.W.3d 222, 225-27 (Tex. App.-Tyler 2002, pet. denied). Therefore, if the Somerville Plant's alleged operations constitute a permanent nuisance, Plaintiffs must establish standing by showing (1) each Plaintiff owned or leased the property in 1905, when the allegedly damaging plant operations began; or (2) each Plaintiff has been expressly assigned the personal right to pursue nuisance claims by one who owned or leased the property at the time the Somerville Plant began operations.

The same rules apply to a nuisance that is temporary in nature, with the important distinction that a new temporary nuisance claim accrues each time the injury occurs. *Schneider*, 147 S.W.3d at 279 (citing *Kraft v. Langford*, 565 S.W.2d 223, 227 (Tex. 1978)). Therefore, if the nuisance is temporary in nature, Plaintiffs have standing to sue for each injury that occurred while each Plaintiff owned or leased the affected properties. *See id.*

In *Schneider Nat'l Carriers, Inc. v. Bates*, the Texas Supreme Court conducted a comprehensive analysis of the distinctions between temporary and permanent nuisances and held nuisances should be characterized as a matter of law based on the following criteria:

> A nuisance should be deemed temporary only if it is so irregular or intermittent over the period leading up to filing and trial that future injury cannot be estimated with reasonable certainty. Conversely, a nuisance should be deemed permanent if it is sufficiently constant or regular (no matter how long between occurrences) that future impact can be reasonably evaluated.

*Id.* at 280. Whether Plaintiffs seek past or future damages is irrelevant; "Texas law forbids splitting one claim into several suits when a single suit will suffice." *Id.* (citing *Pustejovsky v. Rapid-Am. Corp.*, 35 S.W.3d 643, 646–47 (Tex. 2000)). A nuisance is permanent "when either the defendant's operations or the plaintiff's injuries make it so." *Id.*

In the instant case, Plaintiffs have alleged the Somerville Plant operated continuously from 1905 to the present day, and throughout that time period the Plant contaminated the air, soil, and

groundwater in the surrounding areas with chemicals used in its wood treatment operations. Plaintiffs' Amended Complaint is vague about the "relevant time period," stating "[a]t some point in time unknown to Plaintiffs, these chemicals began to contaminate their property and homes." Am. Compl. ¶ 32. However, the Original Complaint clearly indicates that the Plaintiffs complain of activities that have taken place continuously since 1905: "Beginning in 1905 and continuing until the present, the defendants breached this duty [not to unreasonably interfere with the rights of the plaintiffs to enjoy their property] . . . and caused abnormally dangerous substances to escape [Defendants'] Somerville property." Compl. ¶ 24. *See also* Compl. ¶ 31 ( "this lawsuit addresses over 100 years of misconduct by the defendants."); Compl. ¶ 36 ("The Defendants, over the course of approximately 100 years, indiscriminately contaminated the plaintiffs' and putative class members' property."); Compl. ¶ 52 ("The coal tar creosote mixtures at issue here represent 100 years of different formulations used at the Somerville site.").

The fact that Plaintiffs have carefully redacted any reference to a particular time period in their Amended Complaint does not change the nature of their allegation: A plant in continuous operation since 1905 has contaminated their property. As the *Schneider* Court explained, "if a nuisance occurs several times in the years leading up to a trial and is likely to continue, . . . . the nuisance should be treated as permanent, even if the exact dates, frequency, or extent of future damage remain unknown." 147 S.W.3d at 280. Among other things, Plaintiffs' Amended Complaint asserts the Plaintiffs have experienced "intermittent flooding of their property" with contaminated surface water from the Somerville Plant or waterways affected by it; the groundwater lying under Plaintiffs' properties "has been and remains contaminated with the chemicals used by [Defendants] . . ."; and Plaintiffs' properties have "become contaminated with dioxins/furans, PAHs and other toxic molecules released from the wood treatment facility." Am. Compl. ¶ 41. Though Plaintiffs do

not state the alleged frequency of these occurences, these allegations establish "constant or regular" contamination. *See Schneider*, 147 S.W.3d at 280. Therefore, all of Plaintiffs' claims for relief arise out of an alleged permanent nuisance that began in 1905 when the Plant commenced its allegedly contaminating operations.

## A. Standing

Defendants argue Plaintiffs lack standing to pursue claims based on a permanent nuisance, because they did not own or lease the affected land at the time the nuisance commenced in 1905. Plaintiffs have not alleged the character of the nuisance was substantially altered or changed so as to become a separate occurrence during their ownership of the land. *See, e.g.Schneider*, 147 S.W.3d at 271. Accordingly, Defendants argue, Plaintiffs have no standing to pursue the original nuisance, despite the fact that it has allegedly continued during their ownership of the property, unless that personal right was expressly assigned by the one who previously held it. *Exxon*, 94 S.W. 3d at 27.

Plaintiffs allege they "occupied, owned, or have been assigned rights to any cause of action that could be asserted by previous owners of property in the Somerville area at the time during which the injury alleged herein occurred." Resp. at 2. However, as described above, the mere fact that Plaintiffs owned or occupied property at the time *an* injury occurred does not confer standing if that injury is part of a permanent nuisance. *See, e.g. Brooks v. Chevron USA Inc.*, No. 13-05-029-CV, 2006 Tex. App. LEXIS 4479 (Tex. App.— Corpus Christi, May 25, 2006 pet. rev. denied). The key inquiry is whether Plaintiffs had an interest in the property at the time the nuisance originally commenced (in this case, in 1905). The earliest date any individual Plaintiff is alleged to have a property interest in the Somerville area is 1912. Am. Compl. ¶ 9. Accordingly, Plaintiffs have not established they owned or occupied property "at the time during which the injury alleged herein occurred." Resp. at 2.

Plaintiffs' standing therefore depends on whether each has "an express provision in a deed or an assignment granting [Plaintiff] that power." *Brooks*, 2006 Tex. App. LEXIS 44709 at * 23. A general warranty deed is insufficient to convey an interest in nuisance claims. *Id.* (citing *Vann v. Bowie Sewerage Co.*, 127 Tex. 97, 90 S.W.2d 561, 562 (Tex. 1936)). Nor can any implied covenant concerning the right to pursue a nuisance claim run with the land. *Brooks*, 2006 U.S. App. LEXIS 44709 at *27. "The only manner in which [Plaintiffs] could have acquired such an interest is by express assignment from their predecessor in interest." *Id.* at *28. Plaintiffs have made only a conclusory allegation that such assignments exist, and have not presented the Court with any deed or other document in support of this assertion. Though Plaintiffs have generally asserted a need for further discovery in the case, evidence of the assignment of nuisance claims is uniquely within the control of the Plaintiffs and no discovery from the Defendants is necessary.

**B. Statute of Limitations**

Defendants assert that, even assuming the Plaintiffs could establish ownership of century-old nuisance claims, they have not brought suit within the applicable limitations period. The limitations period for a private nuisance claim is two years. TEX. CIV. PRAC. & REM. CODE § 16.003. Plaintiffs assert the discovery rule, discussed above, operates to toll the statute of limitations on their claims. Assuming Plaintiffs are correct, the record establishes each Plaintiff in the instant suit was aware of the factual basis of his claims for relief on June 16, 2005, when each Plaintiff participated as a named plaintiff in the filing of a class action lawsuit based on factual allegations identical to the ones in this suit. *See Davis, et al. v. Koppers Indus., et al.*, No. A-05-CA-464-SS (W.D. Tex. Jun. 16, 2005).

Plaintiffs assert the statute of limitations was further tolled during the pendency of the *Davis* action. The filing of a class action tolls the statute of limitations for putative class members pending a decision on class certification. *Salazar-Calderon v. Presidio Valley Farmers Asso.*, 765 F.2d 1334,

1351 (5th Cir. 1985) (citing *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983)). Plaintiffs

argue the discovery rule tolled the statute of limitations until June 16, 2005, and the pendency of

class certification tolled the statute of limitations until at least October 12, 2006, when this Court

ruled the *Davis* Case "is not a class action. . . . the only efficient and equitable means of trying

[Plaintiffs'] claims is in individual lawsuits." *Davis, et al. v. Koppers Indus., et al.*, No. A-05-CA-

464-SS at 7 (W.D. Tex. October 12, 2006).

        Defendants assert the tolling rule does not apply to named plaintiffs in a putative class action.

This argument is based on an incomplete reading of the legal reasoning behind the tolling rule. Class

action tolling is meant to protect the interests of absent class members, but it is equally important in

that it discourages the filing of multiple individual lawsuits when one class action might suffice. *See,*

*e.g.,* See *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 551 (U.S. 1974).

> [T]he commencement of the action satisfie[s] the purpose of the limitation provision
> as to all those who might subsequently participate in the suit as well as for the named
> plaintiffs. To hold to the contrary would frustrate the principal function of a class
> suit, because then the sole means by which members of the class could assure their
> participation in the judgment if notice of the class suit did not reach them until after
> the running of the limitation period would be to file earlier individual motions to join
> or intervene as parties -- precisely the multiplicity of activity which Rule 23 was
> designed to avoid in those cases where a class action is found "superior to other
> available methods for the fair and efficient adjudication of the controversy." Rule 23
> (b)(3).

*Id.*

        Defendants point out that, with regard to state law causes of action, this Court must apply

"not only state statutes of limitation but also any accompanying tolling rules." *Vaught v. Showa*

*Denko K.K.*, 37 Fed. R. Serv. 3d 134, (5th Cir. 1997) (citing *Walker v. Armco Steel Co.*, 446 U.S.

740, 750-53, 64 L. Ed. 2d 659, 100 S. Ct. 1978 (1980). The Texas rule, however, is the same as the

federal tolling rule: Texas law "suspends the applicable statute of limitations as to *all* purported

members of the class upon the filing of the class action, such that any time remaining on the statute

-14-

of limitations of the class members' individual causes of action on the date of the filing of the lawsuit is restored and begins to run again on the date the class action is dismissed." *Ventura v. Banales*, 905 S.W.2d 423, 425 (Tex. App. – Corpus Christi, 1995, writ overruled) (citing *Grant v. Austin Bridge Const. Co.*, 725 S.W.2d 366, 370 (Tex. App.--Houston [14th Dist.] 1987, no writ)) (emphasis added). Under Texas and federal law, the statute of limitations is tolled as to all putative class members, named and unnamed.

Defendants are correct, however, in their contention that the *Davis* plaintiffs' subsequent voluntary dismissal of their claims negates the tolling period as to the same individuals' claims in the instant case, because "a plaintiff's voluntary dismissal of an earlier suit without prejudice does not toll a statute of limitations." *Buerger v. Southwestern Bell Tel. Co.*, 982 F. Supp. 1253, 1256 (E.D. Tex. 1997) (citing *Taylor v. Bunge Corp.*, 775 F.2d 617, 619 (5th Cir. 1985)). "The effect of [a voluntary dismissal is] to put the plaintiff in the same legal position in which he would have been had he never brought the first suit." *Buerger*, 775 F.2d at 619 (citing WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1056 (1987)).

Each individual plaintiff in the instant case brought suit as a named plaintiff in the *Davis* case, which was a putative class action. On October 12, 2006, the Court ruled the *Davis* claims must be brought in individual actions. The *Davis* plaintiffs, as individuals, subsequently voluntarily dismissed their claims for relief, which included claims for property damage identical to those in the instant suit. The time during which the class certification issue was pending tolled the statute of limitations on Plaintiffs' individual claims. When Plaintiffs voluntarily dismissed those individual claims, however, it was "as if [they] never brought the first suit." *Buerger*, 775 F.2d at 619.

It is undisputed that Plaintiffs' dismissal of their individual claims could not affect the class action tolling for unnamed class members who did not voluntarily dismiss claims themselves; but

-15-

there is no reason why the named Plaintiffs' voluntary dismissal of their own individual claims should not have the same effect in this context as in an individual suit. The Court warned Plaintiffs of this very consequence in the *Davis* action, and specifically gave the Plaintiffs thirty days to file amended individual claims in the *Davis* action in order to avoid the operation of the statute of limitations that would result from dismissal. *See* Transcript of October 6, 2006 hearing in *Davis*, No. A-05-cv-464-SS, at 22-23. Plaintiffs opted instead to dismiss their claims in the *Davis* action.

Defendants in this case have established Plaintiffs lack standing to sue as a matter of law, and furthermore have not brought suit within the applicable limitations period. Because Plaintiffs have no standing to sue, the Court lacks subject matter jurisdiction and Defendants' Motion to Dismiss must be granted. The Court has no jurisdiction to pass on the Motion for Summary Judgment, but notes that the statute of limitations would provide an alternative ground for dismissing all claims in this suit even if Plaintiffs could establish standing to sue.

### Conclusion

In accordance with the foregoing,

IT IS ORDERED that Plaintiffs' Motion to Amend Complaint is GRANTED;

IT IS FURTHER ORDERED that Plaintiffs' Rule 56(f) Motion is DENIED;

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss [19] is GRANTED;

IT IS FINALLY ORDERED that all other motions pending in the above-styled case are DISMISSED AS MOOT.


SIGNED this the 31 st day of January 2008.

SAM SPARKS
UNITED STATES DISTRICT JUDGE

-16-