IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **VIRDA BELL BULLARD,** *et al.*;<br><br>    **Plaintiffs**,<br><br>VS.<br><br>**BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, KOPPERS INDUSTRIES, INC., MONSANTO COMPANY, DOW CHEMICAL COMPANY, AND VULCAN MATERIALS COMPANY;**<br><br>    **Defendants.** | §<br>§<br>§<br>§<br>§<br>§   **CASE NO. 07-C-6883**<br>§<br>§   Judge Kennelly<br>§   Magistrate Judge Ashman<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND AND CERTAIN PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Plaintiffs Virda Bell Bullard, *et al*. file their Reply in Support of Motion to Remand and Certain Plaintiffs' Motion for Voluntary Dismissal Without Prejudice.

**SUMMARY OF THE ARGUMENT**

Defendants' Response ignores CAFA's plain, unambiguous language and the Seventh Circuit's long-standing rules of statutory construction. Defendants claim that federal subject matter jurisdiction exists under CAFA's "mass action" provisions by incorrectly contending that (1) the mere filing of Plaintiffs' Complaint creates a "presumption" of federal subject matter jurisdiction; (2) Plaintiffs' stipulation that they never proposed a joint trial of the claims of 100 or more persons is invalid; and (3) Plaintiffs' voluntary dismissal would prejudice Defendants. Defendants are wrong on all counts. This Court can and should grant Plaintiffs' Motion to Remand and Certain Plaintiffs' Motion for Voluntary Dismissal Without Prejudice on the following grounds:

- Defendants do not dispute Plaintiffs' construction of CAFA's "mass action" provisions under the plain meaning of the statute and established rules of statutory construction;

- Defendants' claim that the mere filing of Plaintiffs' Complaint creates a presumption of jurisdiction under CAFA violates the longstanding presumption *against* federal subject matter jurisdiction;
- Plaintiffs' stipulation is valid because it merely seeks to clarify, as opposed to amend, the Complaint;
- Defendants may not "short circuit" the legislative process by relying on so-called "legislative history" published after the passage of CAFA;
- Unconditional voluntary dismissal without prejudice of certain Plaintiffs' claims is warranted because litigating the claims in state court would not cause Defendants "plain legal prejudice."

## ARGUMENT

### I. DEFENDANTS DO NOT DISPUTE PLAINTIFFS' CONSTRUCTION OF CAFA'S "MASS ACTION" PROVISIONS.

As stated in the Motion to Remand, under established rules of statutory construction, Congress's use of the terms "proposed to be tried jointly" instead of "filed" to define "mass action" under CAFA shows that the mere filing of claims of 100 or more persons does not create federal subject matter jurisdiction. (Mot. Remand at 6.) Thus, under the unambiguous and plain meaning of the statute, Defendants have failed to satisfy their burden to show that federal subject matter jurisdiction exists. Understandably, Defendants do not dispute these basic concepts of statutory construction.

Instead, Defendants, ignoring the plain meaning of the statute, claim that "the mere filing of a complaint with more than one plaintiff . . . raises the *presumption* that plaintiffs intend all claims to be tried jointly . . . ." (Defs. Resp. at 5 (emphasis added).)[1]

---

[1] Defendants argue that the Court should *presume* that Plaintiffs' Complaint proposes a joint trial of the claims of 100 or more persons because Plaintiffs did not burden the Illinois state court system by filing 144 separate complaints, making 144 separate appearances of counsel, and paying 144 separate filing fees. Defendants' argument fails. Under Defendants' proposal, Plaintiffs would be required to endure the inefficiencies and expense of separate filing fees, separate discovery schedules, separate sets of pre-trial motions and their potentially conflicting rulings, and potentially separate notices of removal to federal court merely to avoid *implying* a proposal for joint trial when, as Defendants admit, Plaintiffs' Complaint does not contain such a proposal. (Not. Removal ¶ 31; Defs. Resp. at 5 – 6.)

The Illinois state court rule regarding joinder of plaintiffs, 735 ILCS § 5/2-404, allows a court to order separate trials "upon motion by any party." Relying on this rule, Defendants make the novel claim that the mere filing of Plaintiffs' complaint constitutes a proposal for joint trial because Plaintiffs' Complaint did not include an accompanying motion for separate trials. (Defs. Resp. at 5.) This claim defies logic. As explained in the Motion to Remand, Plaintiffs filed their claims in a single complaint to obtain the efficiencies and savings associated with joint discovery and pre-trial proceedings, but intend to seek separate trials based on differing issues regarding causation and damages. (Mot.

2

Even if this claim were not directly contrary to the plain meaning of the CAFA, which it is, it still violates fundamental rules of Seventh Circuit removal law. Indeed, in a case cited by Defendants, the Seventh Circuit expressly stated that "[f]ederal courts are courts of limited jurisdiction: 'It is to be *presumed* that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hart v. FedEx Ground Package System, Inc.*, 457 F.3d 675, 679 (7th Cir. 2006) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (emphasis added)). Thus, the only presumption raised by the mere filing of a complaint is that federal subject matter jurisdiction does *not* exist. It is the Defendants' burden to "offer[] 'evidence which proves to a reasonable probability that jurisdiction exists.'" *Smith g. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003) (quoting *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)). Defendants have failed to satisfy their burden.

Accordingly, this Court lacks subject matter jurisdiction and should grant Plaintiffs' Motion to Remand.

## II. PLAINTIFFS' STIPULATION IS VALID BECAUSE IT MERELY CLARIFIES THE COMPLAINT.

Even if Defendants could satisfy their burden to prove that federal subject matter jurisdiction exists under CAFA, which they can not, Plaintiffs' stipulation that they have never intended to propose, did not propose at the time of removal, and will not propose the joint trial of 100 or more persons definitively shows that federal subject matter jurisdiction does not exist. (Mot. Remand at 4.) Defendants seek to evade this fact by

---

Remand at 4.) Neither Plaintiffs nor Defendants can recommend, in good faith, a cogent plan for separate trials, however, until the parties conduct discovery. Thus, a motion for separate trials filed with a complaint would be both meaningless and unnecessarily burdensome. Further, under 735 ILCS 5/2-1006, an Illinois state court can sever any action, "as an aid to convenience, whenever it can be done without prejudice to a substantial right." 735 ILCS 5/2-1006. Nothing in 735 ILCS 5/2-1006 requires a motion by a party.

3

contending that Plaintiffs' stipulation is equivalent to a post-removal amendment of the complaint. As shown below, Defendants are mistaken.

Although in some situations a party may not defeat removal by subsequently changing the allegations of her complaint, stipulations filed before a federal court has made a determination of subject matter jurisdiction are permissible if they *clarify*–as opposed to *amend*–an original complaint. *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), a*brogated on other grounds*, *Marathon Oil Co. v. Ruhrgas, A.G.*, 145 F.3d 211, 215 (5th Cir. 1998); *Wiggins v. Wells Fargo Bank, N.A.*, 2007 WL 1791657, *2 - *3 (S.D. Tex. June 19, 2007); *Vrandenburgh v. Wal-Mart Stores, Inc.*, 397 F. Supp.2d 76, 78 (D. Me. 2005); *Varboncoeur v. State Farm Fire and Cas. Co.*, 356 F. Supp.2d 935, 952 (S.D. Iowa 2005); *Satterfield v. F.W. Webb*, 334 F. Supp.2d 1, 5 (D. Me. 2004); *Dozier v. Kentucky Finance Company*, 319 F. Supp.2d 716, 719 (S.D. Miss. 2003); *Lawson v. Tyco Electronics Corp.*, 286 F. Supp.2d 639, 642 (M.D.N.C. 2002); *Fenger v. Idexx Laboratories, Inc.*, 194 F. Supp.2d 601, 603-04 (E.D. Ky. 2002); *Brooks v. Pre-Paid Legal Services*, 153 F. Supp.2d 1299, 1301-02 (M.D. Ala. 2001); *Moss v. Voyager Ins. Companies*, 43 F. Supp.2d 1298, 1302-03 (M.D. Ala. 1999); *Halsne v. Liberty Mutual Group*, 40 F. Supp.2d 1087, 1092 (N.D. Iowa 1999) (when, based on the face of the complaint, federal subject matter jurisdiction is ambiguous, "it is not only permissible for the court to consider the [clarifying] stipulation, but for the court to find on the basis of the stipulation that removal never attached, because this court never had subject matter jurisdiction . . . .") (citing *Chase*, 110 F.3d at 429); *Printworks, Inc. v. Dorn Co*, 869 F. Supp. 436, 440 (E.D. La. 1994); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1309 (E.D. Ky. 1990). *See also Angus v. Shiley*, 989 F.2d 142, 145 n.3 (3d Cir. 1993) ("We do indicate, however, that where a complaint is ambiguous . . . it is conceivable that a court justifiably might consider a subsequent stipulation as clarifying rather than amending an original pleading. There

is, after all, a distinction between explaining and amending a claim."). Both the Seventh Circuit Court of Appeals and lower courts within that circuit have recognized this distinction. *Chase*, 110 F.3d 424, 429-30 (recognizing that "the exception created in [*Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC)*, 988 F.2d 559 (5th Cir. 1993)] was based on a record void of any assertion by plaintiff of the value of his claim" but that the court "was not faced with the same void here"); *Durbin v. Wal-Mart Stores, Inc.*, 2004 WL 2750256, *2 (S.D. Ind. Oct. 27, 2004) (post-removal stipulation places jurisdictional issue in dispute); *King v. Wal-Mart Stores, Inc.*, 940 F. Supp. 213, 216 (S.D. Ind. 1996) (same); *Reason v. Gen. Motors Corp.*, 896 F. Supp. 829, 834 (S.D. Ind. 1995) (same); *Oder v. Buckeye State Mutual Ins.*, 817 F. Supp. 1413, 1413-1414 (S.D. Ind. 1992).[2]

In this case, Plaintiffs' stipulation that they have never intended to propose, did not propose at the time of removal, and will not propose the joint trial of 100 or more persons is valid because it merely seeks to clarify, as opposed to amend, the Complaint. Nothing in Plaintiffs' Complaint proposes a joint trial of 100 or more persons. Indeed, Defendants twice have admitted this fact. (Not. Removal ¶ 31; Defs. Resp. at 5 – 6.)

---

[2] The authorities relied upon by Defendants do not dictate a different result. In *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938), and *In re Shell Oil Company*, 970 F.2d 355 (7th Cir. 1992), the plaintiffs sought to use post-removal stipulations to *amend* the facts in their complaints that invoked federal subject matter jurisdiction. *St. Paul Mercury Indem. Co.*, 303 U.S. at 285 ("[A]t the time of removal of a cause from state court, the complaint disclosed an amount in controversy requisite to the federal court's jurisdiction"); *In re Shell*, 970 F.2d at 356 ("Plaintiff's complaint, alleging breach of contract to pay $70,000 per year, shows that the amount in controversy exceeds $50,000 . . . ."). Similarly, the post-removal events in *Moniz v. Bayer A.G.*, 447 F. Supp.2d 31 (D. Mass. 2006), *Garcia v. Boyar & Miller, P.C.*, 2007 WL 1556961 (N.D. Tex. May 30, 2007), and *Colomar v. Mercy Hosp., Inc.*, 2007 WL 2083562 (S.D. Fla. July 20, 2007), attempted to amend allegations in the plaintiffs' earlier complaints that invoked federal subject matter jurisdiction. *Moniz*, 447 F. Supp.2d at 36 (relevant complaint alleged class claims sufficient to create federal subject matter jurisdiction); *Garcia*, 2007 WL 1556961 at *1 (same); *Colomar*, 2007 WL 2083562 at *2 ("At the time Mercy removed this case from state court CAFA's jurisdictional prerequisites were satisfied on the face of the Complaint so that removal was proper.") In this case, however, the face of Plaintiffs' Complaint does not invoke federal subject matter jurisdiction (*i.e.*, does not propose to jointly try the claims of 100 or more persons). This Court, therefore, must consider Plaintiffs' stipulation because it only seeks to clarify, as oppose to amend, Plaintiffs' Complaint.

In *Workman v. United Parcel Service*, 234 F.3d 998 (7th Cir. 2000), the court held that the plaintiff had waived his challenge to subject matter jurisdiction and did not decide the issue of whether a post-removal stipulation may be considered in resolving a motion to remand. *Id.* at 999 – 1000.

This Court's removal jurisdiction, therefore, never attached; Defendants have yet to satisfy their burden to show that federal subject matter jurisdiction exists. As a result, this Court must not only consider Plaintiffs' stipulation, it must also conclude on the basis of the stipulation that federal subject matter jurisdiction does not exist.

Accordingly, this Court lacks subject matter jurisdiction and should grant Plaintiffs' Motion to Remand.

### III. DEFENDANTS MAY NOT "SHORT CIRCUIT" THE LEGISLATIVE PROCESS BY RELYING ON A POST-ENACTMENT COMMITTEE REPORT.

Unable to achieve their desired result under the unambiguous, plain meaning of the statute, Defendants contend that Senate Judiciary Committee Report 109-14,[3] published *after* the passage of CAFA, supports their claim that the mere filing of a complaint establishes federal subject matter jurisdiction. (Defs. Resp. at 6 & 8 - 9.) Defendants' contention fails.

As Plaintiffs explained in their Motion to Remand, courts should not resort to legislative history and "short circuit" the legislative process when the intent of Congress may be derived from the clear and unambiguous statutory language. (Mot. Remand at 7.) Defendants have not even claimed, much less shown, that the mass action provisions of CAFA are ambiguous. Plaintiffs, on the other hand, have shown that the statute is *not* ambiguous.

Moreover, the purported "legislative history" upon which Defendants primarily rely, Senate Judiciary Committee Report 109-14, was published ten days after the effective date of CAFA and, therefore, "is merely post-enactment legislative history, of little or no value in interpreting the statute." *Kitson v. Bank of Edwardsville*, 2006 WL 3392752, *10 (S.D. Ill. Nov. 22, 2006) (Chief Dist. J. Murphy) (Senate Judiciary

---

[3] S. Rep. No. 109-14 (2005).

Committee Report 109-14 "is too flimsy a basis upon which to interpret the language of CAFA"). As explained by the Seventh Circuit,

> Legislative history is valuable only to the extent it reveals the background of the law and the assumptions shared by those who wrote and voted on the bills. * * * Statements and thoughts that not only did not but also could not have come to the attention of Congress at the time do not reveal the process of deliberations. By definition, words written after the vote and the President's signature were uninfluential in the process leading to the vote. That is why 'subsequent legislative history' is not helpful as a guide to understanding a law.

*Covalt v. Carey Canada, Inc.*, 860 F.2d 1434, 1438 (7th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552 (1988)). *Accord Continental Can Co. v. Chicago Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund*, 916 F.2d 1154, 1157 (7th Cir. 1990) ("[S]tatements after enactment do not count . . . ."). Indeed, in another case, two of the Defendants, represented by the same lawyers in this matter, agreed, stating that "[t]he Senate Report [109-14] was issued ten days after CAFA's enactment and, therefore, is not indicative of legislative intent."[4] As a result, Defendants' arguments that rely on this so-called legislative history–*i.e.*, "mass actions are simply class actions in disguise," (Defs. Resp. at 6); post-removal stipulations can not be considered by a court in determining subject matter jurisdiction, (*id*. at 9-10); and, reducing the number of plaintiffs to fewer than 100 does not affect subject matter jurisdiction, (*id*. at 11)–are without support and must fail.

As Defendants themselves admit, the purported legislative history upon which their removal relies "in not indicative of legislative intent." Accordingly, this Court lacks subject matter jurisdiction and should grant Plaintiffs' Motion to Remand.

---

[4] Ex. A, Defendants' Joint Response to Plaintiffs' Motion to Remand, *Leon Brinston, et al. v. Koppers Industries, Inc., et al.*, Case No. 1:07-cv-00902, In the United States District Court for the Western District of Texas (Dec. 3, 2007) (excerpt).

### IV. THIS COURT SHOULD GRANT CERTAIN PLAINTIFFS' VOLUNTARY DISMISSAL WITHOUT CONDITIONS.

Defendants contend that this Court should deny Plaintiffs' motion for voluntary dismissal without prejudice because such dismissal would prejudice Defendants and is sought for an improper purpose. Defendants' contentions are without merit.

#### A.    Dismissal Would Not Cause Defendants "Plain Legal Prejudice."

The voluntary dismissal of a plaintiff's complaint is within the sound discretion of the district court and may be reversed only upon a showing of abuse of discretion. *Kovalic v. DEC Int'l*, 855 F.2d 471, 473 (7th Cir. 1988). A district court abuses its discretion only when a defendant can show that it has suffered "plain legal prejudice" as a result of the dismissal of an action without prejudice. *Id.* at 473-74. The prospect of facing a suit in state court instead of federal court, however, does not constitute plain legal prejudice. *Id.* at 474; *Grivas v. Parmalee Transp. Co.*, 207 F.2d 334, 337-38 (7th Cir. 1953); *In re Bridgestone/Firestone, Inc. ATX, ATX II & Wilderness Tires Prods. Liab. Litig.*, 199 F.R.D. 304, 306 (S.D. Ind. 2001) (citing *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983)). "The fact that a case can be removed to federal court does not vest in a defendant a right to trial in federal court." *Futch v. AIG, Inc.*, 2007 WL 1752200, *3 (S.D. Ill. June 15, 2007) (citing *Grivas*, 207 F.2d at 337-38).

The only so-called "prejudice" alleged by Defendants is the claim that granting Plaintiffs' voluntary dismissal would allow Plaintiffs' to file their claims "in another court." (Defs. Resp. at 13.) The prospect of facing a second suit in a different forum, however, does not constitute "plain legal prejudice" sufficient to prevent the voluntary dismissal of Plaintiffs' claims without prejudice.

Accordingly, this Court should grant Plaintiffs' Motion for Voluntary Dismissal and Plaintiffs' Motion to Remand.

### B. Plaintiffs' Motive to Proceed According to the Allegations of Their Complaint Does Not Preclude Voluntary Dismissal.

"Motions for voluntary dismissal have frequently been granted in cases removed by defendant to federal court, even when plaintiff's only motive is to commence the action in state court." *Miller v. Stewart*, 43 F.R.D. 409, 412 (E.D. Ill. 1967). *Accord Futch*, 2007 WL 175220 at *3 (removal of a case to federal court does not preclude a plaintiff from seeking voluntary dismissal in order to re-file her claims in state court).

Contrary to Defendants' claim, Plaintiffs requesting voluntary dismissal do not seek to "evade this Court's CAFA jurisdiction" because no such jurisdiction never existed. As Defendants admit, Plaintiffs' Complaint does not propose to try jointly the claims of more than 100 persons. Accordingly, Plaintiffs' request for dismissal is merely an attempt to proceed according to the allegations of Plaintiffs' Complaint.

Even if federal subject matter jurisdiction existed, however, Plaintiffs' desire to litigate their claims in the forum in which they filed their Complaint is not grounds to deny Plaintiffs' motion for voluntary dismissal without prejudice or to impose conditions on such dismissal.[5]

Accordingly, this Court should grant Certain Plaintiffs' Motion for Voluntary Dismissal and Plaintiffs' Motion to Remand.

---

[5] The cases relied upon by Defendants are unavailing. For example, the court's opinion in *Bassett v. Subaru-Isuzu Automotive, Inc.*, 948 F. Supp. 811 (N.D. Ind. 1996), did not address the dismissal of an "action"–*i.e.*–all claims against a particular party–under Rule 41(a)(2) of the Federal Rules of Civil Procedure, but instead only addressed a plaintiff's effort to amend his Complaint to remove a single claim based upon federal law. *See e.g.*, *Quad/Graphics*, 724 F.2d at 1233 (Rule 41(a) was designed for dismissal of entire actions only and not for dismissal of one of several claims against a defendant).

Further, unlike this case in which Plaintiffs filed only *direct* claims, the plaintiffs in *Shappell v. PLL Corp.*, 2007 WL 893910 (D. N.J. Mar. 21, 2007), *Nelson v. Mission Foods, Inc.*, 2001 U.S. Dist. LEXIS 1259 (N.D. Tex. Feb. 7, 2001), and *In re Phillips Petroleum Secs. Litig.*, 109 F.R.D. 602 (D. Del. 1986), filed *class action* claims. Thus, unlike this case, Rule 23(e) of the Federal Rules of Civil Procedure allowed these courts to attach conditions to the dismissal of claims by class representatives. *E.g.*, *Phillips*, 109 F.R.D. at 607.

Finally, Defendants' proposed "conditions" for voluntary dismissal–that each Plaintiff file her claims in a separate suit–violates the policy favoring conservation of judicial resources. Indeed, under Defendants' proposal, the courts would be required to endure the inefficiencies and expense of 53 separate filing fees, 53 separate discovery schedules, 53 sets of pre-trial motions and their potentially conflicting rulings, and potentially 53 separate notices of removal to federal court.

## CONCLUSION AND PRAYER

For the foregoing reasons, this Court should grant Plaintiffs' Motion to Remand and Certain Plaintiffs' Motion for Voluntary Dismissal Without Prejudice and remand this matter to the Circuit Court of Cook County, Illinois.

> Respectfully submitted,
>
> By: \s\ David S. Jasmer
>
> DAVID S. JASMER, LLC
> 111 W. Washington Street
> Suite 1150
> Chicago, Illinois 60602
> (312) 782-6344
> Fax: (312) 372-1974
>
> **ATTORNEY FOR PLAINTIFFS**

OF COUNSEL:

James L. "Larry" Wright
Christopher V. Goodpastor
Watts Law Firm, LLC
111 Congress Avenue, Suite 1000
Austin, Texas 78701
(512) 479-0500
Fax: (512) 473-0328

Grover G. Hankins
The Hankins Law Firm
440 Louisiana Street, Suite 725
Houston, Texas 77002
(713) 292-2720
Fax: (713) 236-7731

Dwight E. Jefferson
Dwight E. Jefferson, P.L.L.C.
405 Main Street, Suite 950
Houston, Texas 77002
(713) 222-1222
Fax (713) 222-1223

**CERTIFICATE OF SERVICE**

      I, David Jasmer, an attorney, state that I have served true and correct copies of the foregoing *Reply in Support of Motion to Remand and Certain Plaintiffs' Motion for Voluntary Dismissal Without Prejudice* upon all attorneys of record through the Court's CM/ECF system.


                                                                                __/s/David S. Jasmer____

Case 1:07-cv-06883   Document 44   Filed 02/19/2008   Page 11 of 18

# EXHIBIT A

Case 1:07-cv-06883   Document 44   Filed 02/19/2008   Page 12 of 18

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LEON BRINSTON; MABEL MUNSON DAVIS; JAMES DOUGLAS; KARDERO JAMES HARRIS; MINNIE LEE MOORE; SANDRA MURRAY; MILDRED ROBERSON; ALFRED D. ROBERSON, JR; MABEL SMITH; GLORIA C. TOWNSEND; RUBY WILLIAMS; EDDIE B. WASHINGTON;<br><br>    Plaintiffs,<br><br>vs.<br><br>KOPPERS INDUSTRIES INC. [sic], A FOREIGN CORPORATION; THE BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, A FOREIGN CORPORATION;<br><br>    Defendants. | Civil Action No. 1:07-cv-902 SS |

## DEFENDANTS' JOINT RESPONSE
## TO PLAINTIFFS' MOTION TO REMAND

### INTRODUCTION

Plaintiffs filed their Complaint against Defendants, Koppers Inc. ("Koppers")[1] and BNSF Railway Company ("BNSF"),[2] in the District Court of Burleson County, Texas on October 25, 2007, challenging both defendants' operation of a wood treatment facility near Somerville, Texas (the "Somerville Plant"). Plaintiffs claim to represent a class of current property owners within one mile of the Somerville Plant. Complaint, ¶ 37. Koppers timely removed this action on October 26, 2007.

---

[1] Koppers is incorrectly identified as "Koppers Industries Inc" in Plaintiffs' Complaint.
[2] BNSF is incorrectly identified as "The Burlington Northern Santa Fe Railway Company" in Plaintiffs' Complaint.

Report and variously claim that a "primary defendant" is a defendant "that would be expected to incur most of the loss if liability is found," a defendant "that is allegedly liable to the vast majority of the members of the proposed class," or a defendant that "is the subject of claims by all class members." *See* Motion at pp. 6-7. The Senate report was issued ten days after CAFA's enactment and, therefore, is not indicative of legislative intent. *See, e.g., Brook v. UnitedHealth Group, Inc.*, No. 06-12954, 2007 U.S. Dist. LEXIS 73640, at *19 (S.D.N.Y. Sep. 27, 2007) (Senate Report No. 109-14 "was issued ten days after CAFA's enactment thereby suggesting it is of minimal value in discerning legislative intent"). Plaintiffs identify no decision in which a court has ever relied on either Congressional report.

Indeed, if courts did apply Plaintiffs' proposed definitions, a named plaintiff could easily avoid federal court by alleging that at least some of the class members do not have a claim against the out-of-state defendant. And some cases could have no primary defendant at all, if no defendant faced claims from an entire proposed class. Exceptions to jurisdiction under CAFA, including the "home-state controversy" exception, are to be interpreted narrowly. *Evans v. Walter Industries, Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006); *Escoe v. State Farm Fire & Cas. Co.*, No. 07-1123, 2007 U.S. Dist. LEXIS 30088, at *5-6 (E.D. La. Apr. 23, 2007). An interpretation of the term "primary defendants" that allows class action plaintiffs to easily plead their way around CAFA is directly at odds with the authority cited above and would thwart Congress's intent in enacting the statute.

Respectfully submitted,

**CLARK, THOMAS & WINTERS**
**A PROFESSIONAL CORPORATION**


By: _____/s/ Susan E. Burnett_____
     Michael R. Klatt
     State Bar No. 11554200
     Susan E. Burnett
     State Bar No. 20648050
     P.O. Box 1148
     Austin, Texas 78767
     (512) 472-8800 (Telephone)
     (512) 474-1129 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**KOPPERS INC.**

OF COUNSEL:

Robert L. Shuftan (admitted *pro hac vice*)
Leonard S. Kurfirst (admitted *pro hac vice*)
Paul K. Freeborn (admitted *pro hac vice*)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Suite 2800
Chicago, IL 60606
(312) 201-2000 (Telephone)
(312) 201-2555 (Facsimile)

Case 1:07-cv-00023-SS Document 143 Filed 02/19/2007 Page 15 of 18

        **McLEOD, ALEXANDER, POWEL & APFFEL**
        A Professional Corporation


    By:    */s/ Douglas W. Poole* by permission
        Attorney-in-Charge for Defendant
        BNSF Railway Company
        Douglas W. Poole
        State Bar No. 16115600
        William R. Floyd
        State Bar No. 07188407
        David E. Cowen
        State Bar No. 04926700
        802 Rosenberg, P.O. Box 629
        Galveston, Texas 77553
        (409) 732-2481 Ext. 116
        (409) 762-1155 (Facsimile)

    **ATTORNEYS FOR
    BNSF RAILWAY COMPANY**

Case 4:07-cv-00683-SS Document 443 Filed 02/29/2008 Page 16 of 18

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically on the 3rd day of December, 2007, and is available for viewing and downloading from the ECF system. Notice of Electronic Case Filing has been sent automatically to all parties listed in the Service List in effect on the date of electronic filing, which constitutes service of same, and satisfies the requirements of Fed. R. Civ. P. 5(b)(2)(D).

| | |
|---|---|
| Grover G. Hankins<br>**THE HANKINS LAW FIRM, PLLC**<br>440 Louisiana Street, Suite 725<br>Houston, Texas 77002 | *Via ECF* |
| Dwight E. Jefferson<br>Twelve Greenway Plaza #1100<br>Houston, Texas 77046 | *VIA ECF* |
| James L. Wright<br>**THE WATTS LAW FIRM**<br>111 Congress Avenue, Suite 1000<br>Austin, Texas 78701 | *VIA ECF* |
| Douglas W. Poole<br>**MCLEOD, ALEXANDER, POWEL & APFFEL, P.C.**<br>802 Rosenberg<br>P.O. Box 629<br>Galveston, Texas 77553 | *VIA ECF* |
| William R. Floyd<br>**MCLEOD, ALEXANDER, POWEL & APFFEL, P.C.**<br>802 Rosenberg<br>P.O. Box 629<br>Galveston, TX 77553 | *VIA ECF* |
| Paul K. Freeborn<br>**WILDMAN, HARROLD, ALLEN & DIXON**<br>225 West Wacker Drive, Suite 2800<br>Chicago, IL 60606 | *VIA ECF* |
| Leonard S. Kurfirst<br>**WILDMAN, HARROLD, ALLEN & DIXON**<br>225 West Wacker Drive, Suite 2800<br>Chicago, IL 60606 | *VIA ECF* |
| Brent R. Austin | *Via Regular Mail* |

11

**WILDMAN, HARROLD, ALLEN & DIXON**
225 West Wacker Drive, Suite 2800
Chicago, IL  60606

Matthew J. Caccamo                                               *Via Regular Mail*
**WILDMAN, HARROLD, ALLEN & DIXON**
225 West Wacker Drive, Suite 2800
Chicago, IL  60606

Robert L Shuftan                                                 *Via Regular Mail*
**WILDMAN, HARROLD, ALLEN & DIXON**
225 West Wacker Drive, Suite 2800
Chicago, IL  60606


                                                    _____/s/ Susan E. Burnett_____

Case 1:07-cv-09633-SS Document 443 Filed 02/29/2008 Page 18 of 18