IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VIRDA BELL BULLARD; et. al.<br><br>Plaintiffs,<br><br>vs.<br><br>BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY; KOPPERS INDUSTRIES, INC.; MONSANTO COMPANY; DOW CHEMICAL COMPANY; AND VULCAN MATERIALS COMPANY<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 07-C-6883<br><br>Judge Kennelly<br>Magistrate Judge Ashman |

**DEFENDANTS' COMBINED SURREPLY TO
PLAINTIFFS' MOTION TO REMAND AND MOTION FOR
VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF CERTAIN PLAINTIFFS**

In their Reply in Support of their Motion to Remand and Motion for Voluntary Dismissal (the "Reply"), Plaintiffs claim for the first time that their "stipulation" to separate trials or trials of less than 100 plaintiffs is not a post-removal effort to defeat federal jurisdiction, but rather a "clarification" of an ambiguity in their Complaint. (*See* Reply at 3-6). They cite a laundry list of new case law that purportedly supports this claim. (*Id.* at 4-5). Plaintiffs' new argument is unavailing.

First, there is no ambiguity in Plaintiffs' Complaint that any post-removal "stipulation" could clarify. Plaintiffs' Complaint clearly seeks a joint trial of 100 or more plaintiffs on claims that allegedly involve common questions of law or fact. Plaintiffs did not file separate claims and ask the Cook County Circuit Court to consolidate those claims for pretrial proceedings only, as required under 735 ILCS § 5/2-1006. Instead, Plaintiffs, pursuant to

735 ILCS § 5/2-404, joined the alleged claims of 144 individual plaintiffs in one complaint under one caption, filed that complaint in the Circuit Court of Cook County, paid a single filing fee, filed a single appearance for each plaintiffs' attorney on behalf of all plaintiffs, and alleged one set of facts and one set of legal claims for all 144 plaintiffs collectively.

Courts have long held that jurisdiction is to be determined based on the allegations in the complaint at the time of removal and that post-removal amendments, stipulations, or dismissals will not defeat a court's removal jurisdiction. (*See* Defendants' Response at 9). Moreover, the Seventh Circuit has specifically refused to consider post-removal stipulations or amendments that purportedly "clarify" a complaint when the complaint was not ambiguous in the first place. *See, e.g., Chase v. Shop' N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429-30 (7th Cir. 1997) (refusing to remand based on plaintiff's stipulation that she would not seek more than $50,000 in damages where the injuries identified in her complaint made clear that she, in fact, sought more than $50,000). All of the cases cited by Plaintiffs in their Reply deal with amount-in-controversy stipulations under the traditional diversity rules, and arise in the unique situation where a complaint is vague about the specific damages sought – either because, for example, no discovery has occurred or where state law prohibits the clear pleading of an *ad damnum* clause.[1] And, in one of the cases cited in the Reply, the court refused to consider an amount-in-

---

[1] *See, e.g., Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Columbia v. Dow Quimica de Columbia, S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (considering affidavits that "clarify a petition that previously left the jurisdictional [amount-in-controversy] question ambiguous"); *Varboncoeur v. State Farm Fire and Cas. Co.*, 356 F. Supp. 2d 935, 952 (S.D. Iowa 2005) (considering amount-in- controversy stipulation where Iowa state law prohibits the clear pleading of amounts in controversy); *Vradenburgh v. Wal-Mart Stores, Inc.*, 397 F. Supp. 2d 76, 78 (D. Me. 2005) (considering amount-in-controversy affidavit where the "complaint offers few details regarding the harm she is alleged to have suffered."); *Lawson v. Tyco Elec. Corp.*, 286 F. Supp. 2d 639, 642 (M.D.N.C. 2003) (considering amount-in-controversy affidavit where "the amount in controversy is indeterminate from the face of the complaint."); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1309 (E.D. Ky. 1990) (considering amount-in-controversy stipulation where it "did not have the effect of changing the information on which [defendant] relied, but instead providing the information for the first time.").

2

controversy stipulation where the complaint left little ambiguity that the value of plaintiff's claims exceeded the jurisdictional requirement. *See Angus v. Shiley, Inc.*, 989 F.2d 142, 145 n.3 (3d Cir. 1993).

Second, even if there were ambiguity in Plaintiffs' Complaint as to whether they sought such a joint trial, their purported "stipulation" does not provide the "clarification" that would mandate remand. In their Motion for Remand, Plaintiffs make the vague statement – which they call a "stipulation" – that "their claims will need to be tried either individually or in groups of fewer than 99 (most likely much fewer) based on differing issues concerning causation and damages." (Motion at 4). Plaintiffs then hedge this "stipulation" by claiming that "[n]either Plaintiffs nor Defendants, however, can recommend a plan for separate trials without conducting discovery regarding the conduct of each of the Defendants and the general cause and nature of the damages suffered by Plaintiffs." (*Id.* at 5). Plaintiffs make the following similar statement in their Reply: "Neither Plaintiffs nor Defendants can recommend, in good faith, a cogent plan for separate trials, however." (Reply at n.1). This purported "stipulation" clarifies nothing.

Further, Plaintiffs have not offered this court any proof that their vague "stipulation" would be binding on them if this case were remanded to state court. Plaintiffs have only made the vague allegation in their Motion to Remand and Reply that they will "stipulate" to separate trials or trials of less than 100 plaintiffs, but only after they can conduct discovery to determine whether such separate trials are appropriate. The Seventh Circuit has made clear that "[l]itigants who want to prevent removal must file a *binding* stipulation or affidavit with their complaints." *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (emphasis added); *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006) (denying remand based upon plaintiff's "disclaimer" of less than $75,000 in damages where plaintiff refused to file binding admission or

3

stipulation with district court). Indeed, in nearly all of the cases cited by Plaintiffs in their Reply, the courts remanded only after the plaintiffs signed clear and binding affidavits, declarations, or stipulations that would prevent them from seeking more damages in state court.[2] Plaintiffs have not done that here. They cannot have it both ways – they cannot claim they will probably seek separate trials in order to defeat federal jurisdiction, yet preserve their option to seek joint trials later in state court after taking some discovery.

Plaintiffs' "stipulation" changes nothing, and neither do their requested dismissals. Plaintiffs admit these dismissals are solely designed to evade jurisdiction (*see* Motion to Remand 10; Dismissal Motion at ¶ 5), yet they offer no response to Defendants' argument that such post-removal dismissals cannot win them a remand. (*See* Defendants' Response at 9-12). Plaintiffs' instead claim, irrelevantly, that the dismissals will cause no prejudice. (*See* Reply at 8-9). They are wrong. These plaintiffs and plaintiffs' attorneys have already filed serial, overlapping lawsuits based on the operation of the Somerville Plant. They have repeatedly forum-shopped to try to evade federal jurisdiction. (*See* Defendants' Notice of Removal at 5-9; Defendants' Memorandum in Support of Motion to Transfer at 4-9). An unconditional voluntary dismissal of their claims would allow them to re-file another "mass action" in another court and make yet another attempt to evade federal court. This would not only prejudice Defendants, but would undermine CAFA's purpose to "restore the intent of the framers of the United States Constitution by providing for federal court consideration of interstate cases of national importance under

---

[2] *See, e.g., Satterfield v. F.W. Webb, Inc.*, 334 F. Supp. 2d 1, 3-4 (D. Me. 2004) (plaintiff signed and filed binding affidavit and stipulation with district court); *Dozier v. Kentucky Fin. Co., Inc.*, 319 F. Supp. 2d 716, 719 (S.D. Miss. 2003) (plaintiff signed and filed binding declaration and plaintiff's counsel signed and filed binding stipulation with plaintiff's authority); *Fenger v. Idexx Laboratories, Inc.*, 194 F. Supp. 2d 601, 603-4 (E.D. Ky. 2002) (plaintiff signed and filed binding affidavit with motion to remand); *Brooks v. Pre-Paid Legal Servs., Inc.*, 153 F. Supp. 2d 1299, 1302 (M.D. Ala. 2001) (plaintiffs signed and filed binding affidavit); *Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1303 (M.D. Ala. 1999) (plaintiff signed and filed binding stipulation with motion to remand).

diversity jurisdiction." 28 U.S.C. § 1711; *see also Shappell v. PPL Corp.*, No. 06-2078, 2007 U.S. Dist. LEXIS 20041, at *9-11 (D.N.J. Mar. 20, 2007) (to avoid gerrymandering around CAFA, court granted plaintiffs' motion to voluntarily dismiss on the condition that they not file another case in any court in the United States asserting the same claims stemming from the same facts). This Court should therefore enter the conditional dismissal described in Defendants' Response.

Plaintiffs could have but chose not to file separate actions and seek pretrial consolidation under Section 5/2-1006. They instead chose to join 144 claimants and 144 claims under one cause and, absent a later severance under Section 5/2-404, that one cause would be tried together. Plaintiffs give no explanation for this, other than to try to twist Defendants' argument and insist there is a presumption against federal jurisdiction. (*See* Reply at 2-3). That is irrelevant where, as here, jurisdiction exists. As important, CAFA was intended to expand federal court jurisdiction over "mass actions" just like this one. *Hart v. FedEx Ground Package Sys.*, 457 F.3d 675, 681 (7th Cir. 2006). "Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." S. Rep. No. 109-14, at 34 (2005). If Plaintiffs are allowed to evade federal jurisdiction by making vague "stipulations" to, in effect, amend a complaint that seeks a joint trial of more than 100 plaintiffs, then CAFA's "mass action" provision will be rendered virtually meaningless.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court (1) deny Plaintiffs' Motion to Remand and (2) deny Plaintiffs' Motion for Voluntary Dismissal Without Prejudice of Certain Plaintiffs or, in the alternative, grant the conditional dismissal described in Defendants' Response.

Dated: February 25, 2008

Respectfully submitted,

BNSF RAILWAY COMPANY

By: /s/ Daniel J. Mohan (by permission)

Daniel J. Mohan (6187721)
Daley & Mohan, PC
150 N. Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 422-9999
Facsimile: (312) 201-9368

**Attorneys for Defendant, BNSF Railway Company**

OF COUNSEL:

Douglas W. Poole
    (motion for *pro hac vice* admission to be filed)
McLeod, Alexander, Powel & Apffel
A Professional Corporation
802 Rosenberg; P.O. Box 629
Galveston, Texas 77553
Telephone: (409) 763-2481
Facsimile: (409) 762-1155

7

Respectfully submitted,

KOPPERS INC.

By: /s/ Robert L. Shuftan

Robert L. Shuftan (3124475)
Brent R. Austin (6220501)
Leonard S. Kurfirst (6187651)
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 201-2000
Facsimile: (312) 201-2555

**Attorneys for Defendant, Koppers Inc.**

Respectfully submitted,

MONSANTO COMPANY


By: /s/ Marla R. Shade (by permission)


Darren VanPuymbrouck (6193910)
Marla R. Shade (6273036)
Renee C. Kelley (6289904)
Schiff Hardin LLP
6600 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6473
Telephone: (312) 258-5559
Facsimile: (312) 258-5600

**Attorneys for Defendant, Monsanto Company**


OF COUNSEL:

Kenneth R. Heineman
    (motion for *pro hac vice* admission to be filed)
Joe Kilpatrick
    (motion for *pro hac vice* admission to be filed)
Charles Ron Hobbs, II
    (motion for *pro hac vice* admission to be filed)
Husch & Eppenberger, LLC
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505

Respectfully submitted,

THE DOW CHEMICAL COMPANY

By: /s/ Lise T. Spacapan (by permission)

Lise T. Spacapan (6188257)
Gabrielle Sigel (6186108)
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

**Attorneys for Defendant, The Dow Chemical Company**

Respectfully submitted,

VULCAN MATERIALS COMPANY

By:  /s/ Larry J. Chilton (by permission)

Larry J. Chilton (6185236)
Chilton Yambert Porter & Young LLP
150 South Wacker Drive, Suite 2400
Chicago, IL 60606
Telephone: (312) 460-8000
Facsimile: (312) 460-8299

**Attorneys for Defendant, Vulcan Materials Company**

OF COUNSEL:

Stephen C. Dillard
    (admitted *pro hac vice*)
Fulbright & Jaworski L.L.P.
1301 McKinney, Suite 5100
Husch & Eppenberger, LLC
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

## CERTIFICATE OF SERVICE

I, Robert L. Shuftan, an attorney, state that I have served true and correct copies of the foregoing *Defendants' Combined Surreply to Plaintiffs' Motion to Remand and Motion for Voluntary Dismissal Without Prejudice of Certain Plaintiffs* upon the below attorneys via overnight mail on February 25, 2008 and upon all other attorneys of record through the Court's CM/ECF system:

James L. "Larry" Wright
Christopher V. Goodpastor
Daniel A. Longoria
Watts Law Firm, LLC
111 Congress Avenue, Suite 1000
Austin, Texas 78701

Grover G. Hankins
The Hankins Law Firm
440 Louisiana Street, Suite 725
Houston, Texas 77002

Dwight E. Jefferson
Dwight E. Jefferson, P.L.L.C.
405 Main Street, Suite 950
Houston, Texas 77002

David S. Jasmer
Davis S. Jasmer, LLC
111 W. Washington Street, Suite 1150
Chicago, Illinois 60602

*Attorneys for Plaintiffs*

/s/ Robert L. Shuftan