## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6883 | **DATE** | 4/10/2008 |
| **CASE TITLE** | Bullard, et al. vs. Burlington Northern Santa Fe Ry. Co., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies plaintiffs' motion to remand [docket no. 34] but defers ruling on plaintiffs' motion to voluntarily dismiss the claims of certain plaintiffs. The case is set for a status hearing on April 24, 2008 at 9:30 a.m. Plaintiffs should be prepared to notify the Court at that time whether they still wish to voluntarily dismiss the claims of the fifty-three plaintiffs. The Court will also set at that time a schedule for briefing defendants' motion to transfer venue.

■[ For further details see text below.]      Docketing to mail notices.

### STATEMENT

This case is before the Court on two motions by plaintiffs. In the first, they ask the Court to remand the case to the Circuit Court of Cook County. In the second, they ask the Court to enter an order voluntarily dismissing without prejudice the claims of certain plaintiffs. For the reasons stated below, the Court denies plaintiffs' motion to remand. The Court defers ruling on plaintiffs' motion for voluntary dismissal until plaintiffs have had an opportunity to reconsider it in light of this decision.

On October 31, 2007, 144 individual plaintiffs filed this suit in the Circuit Court of Cook County against Burlington Northern Santa Fe Railway Company (BNSF), Koppers Industries, Inc., Monsanto Company, Dow Chemical Company, and Vulcan Materials Company. Plaintiffs asserted common law tort claims arising "out of the operations and activities of the Defendants with regard to the use and lack of containment of toxic chemicals used at [a wood treatment] facility" in Burleson County, Texas. Compl. ¶ 3.1.

Defendants removed the case to this court on December 6, 2007, asserting that the Court had jurisdiction over the case as a "mass action" pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) & 1453 (CAFA). Plaintiffs filed a motion to remand on January 4, 2008. That same day, fifty-three of the plaintiffs filed a motion for voluntary dismissal of their claims without prejudice.

Section 1453 permits removal to federal court of a "class action" as defined in 28 U.S.C. § 1332(d). Subject to certain exceptions that do not apply here, CAFA provides for federal jurisdiction "in any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* § 1332(d)(2)(A). The party proposing federal jurisdiction must establish that jurisdiction exists. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005). CAFA's definition of what is a "class action" includes what the statute calls a "mass action," an action in which the "monetary

**STATEMENT**

relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." *See* 28 U.S.C. § 1332(d)(11). As defendants note, at least one individual plaintiff must also seek recovery exceeding $75,000. *Id.* § 1332(d)(11)(B)(i). The term "mass action" excludes civil actions in which "the claims have been consolidated or coordinated solely for pretrial proceedings." *Id.* at 1332(d)(11)(B)(ii)(IV).

Plaintiffs allege in their complaint that "many of the claims asserted herein have a value in excess of $75,000." Compl. ¶ 2.3. Further, defendants contend that even if only half of the 144 individual plaintiffs are seeking damages of $75,000, their 72 claims would exceed $5 million in the aggregate. This is sufficient to carry defendants' burden of showing "a reasonable probability that the stakes exceed the minimum." *Brill*, 427 F.3d at 447-48. The minimal diversity requirement of CAFA is also easily satisfied. Plaintiffs allege that they are citizens of Illinois, California, Arizona, Louisiana, and Texas. BNSF is a citizen of Delaware and Texas; Koppers is a citizen of Pennsylvania and Michigan; Dow is a citizen of Delaware and Michigan; and Vulcan is a citizen of New Jersey and Alabama. Many individual plaintiffs are thus citizens of different states from Koppers, Dow, and Vulcan, and some likely are citizens of different states from BNSF.

The main dispute on the motion to remand concerns whether plaintiffs' claims were "proposed to be tried jointly." Plaintiffs contend that they have not proposed to try jointly the claims of 100 or more persons, and they stipulate that they will not seek to do so. Rather, plaintiffs assert that their claims were simply consolidated for pretrial purposes to avoid duplication of resources and to achieve the efficiencies of joint discovery. They argue that the filing of their complaint does not, in itself, constitute a proposal to try their claims jointly and that defendants have failed to meet their burden of proving that plaintiffs' suit qualifies as a mass action. In any event, plaintiffs contend, the voluntary dismissal of fifty-three plaintiffs will reduce the number of individuals asserting claims to ninety-one – below the 100-person threshold of CAFA.

Even were the Court to allow plaintiffs' motion for voluntary dismissal of certain plaintiffs, that would have no effect on the Court's subject matter jurisdiction over the case. The Seventh Circuit has stated that "[w]hile plaintiffs undoubtedly possess some power to seek to avoid federal jurisdiction by defining a proposed class in particular ways, they lose that power once a defendant has properly removed a class action to federal court." *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 681 (7th Cir. 2006). Whether defendants have satisfied the requirements of CAFA, including its 100-person minimum threshold, is determined at the time of removal. *See In Re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) ("Because jurisdiction is determined as of the instant of removal, a post-removal affidavit or stipulation is no more effective than a post-removal amendment of the complaint.").

Defendants contend that although plaintiffs' complaint does not expressly request a joint trial of common legal and factual issues, it makes clear that plaintiffs sought such a trial when they filed the case as a single suit in state court. Plaintiffs filed one action joining all 144 plaintiffs under a single caption. They paid the clerk of the state court a single jury fee and said in their prayer for punitive damages that they would ask "the jury" to award such damages. *See* Compl. ¶ 13.1. In the complaint, they refer to the case as a single "suit," "action," or "lawsuit." *See id.* ¶¶ 1.2, 3.1, 9.2, 11.1. Plaintiffs made no allegations that were specific to any individual plaintiffs but instead filed joint claims on behalf of all 144 plaintiffs, relying on a single common factual basis as to all plaintiffs. *See, e.g.*, *id.* ¶¶ 4.1-4.20, 5.1-5.8. Plaintiffs also alleged the common ways in which the operation of the Somerville Plant purportedly damaged all of them. *See id.* ¶ 3.29.

In short, it is evident from their complaint that plaintiffs anticipated a single jury trial of all their claims. Indeed, that is inherent in the very fact that plaintiffs filed a single joint complaint. In Illinois, joinder of

**STATEMENT**

multiple plaintiffs is proper only if their claims arise "out of the same transaction or series of transactions" and if "any common question of law or fact would arise." 735 ILCS 5/2-404. In such a situation, a single trial is the default rule; to obtain separate trials, someone has to ask, and the court has to allow the request. *See id.* (noting that upon motion of any party, "the court may order separate trials").

For these reasons, defendants have met their burden of showing that removal under the "mass action" provision of CAFA was appropriate in this case. The Court therefore denies plaintiffs' motion for remand.

Counsel are directed to appear for a status hearing on April 24, 2008 at 9:30 a.m. Plaintiffs should be prepared to notify the Court at that time whether they still wish to voluntarily dismiss the claims of the fifty-three plaintiffs. The Court will also set at that time a schedule for briefing defendants' motion to transfer venue.