**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VIRDA BELL BULLARD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 6883 |
| | ) | |
| BURLINGTON NORTHERN SANTA | ) | Judge Matthew F. Kennelly |
| FE RAILWAY COMPANY, et al., | ) | |
| | ) | Magistrate Judge Martin C. Ashman |
| Defendants. | ) | |

**DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION TO STRIKE AND OBJECTIONS TO DEFENDANTS' EXHIBITS**

Now that Defendants have submitted compelling evidence to demonstrate that this litigation should be transferred to the Western District of Texas ("Western District"), Plaintiffs belatedly moved to strike that evidence from the Court's consideration. Plaintiffs' motion lacks merit and should be denied. First, Plaintiffs' motion is remarkable not only for its absence of any supporting case law, but for its claim of surprise over the additional factual support offered in response to Plaintiffs' repeated charges that the Defendants' Motion to Transfer Venue lacked such support. It is well established, and a matter of common sense, that a party is permitted to offer additional evidence in reply to arguments raised in a response brief. Defendants' reply exhibits do just that by fairly addressing arguments that Plaintiffs raised in their response brief without surprising Plaintiffs with new reasons why this action should be transferred to the Western District.

Second, insofar as Plaintiffs contend that portions of certain exhibits constitute inadmissible hearsay, they fail to recognize that Federal Rule of Evidence 803(7) specifically provides that evidence of the non-existence of a certain matter among business records is not

subject to the hearsay rule. Each of the challenged portions falls within this exception. Third, even if this Court were to find that the challenged portions of Defendants' affidavits were hearsay, such a determination would go to the weight, not the admissibility of that evidence. Given that the collective affidavits do not contain vague generalizations or unsupported allegations, they are entitled to considerable weight because they are firmly grounded on the affiants' personal knowledge and on a review of the respective business records of each Defendant. Fourth, the challenged evidence also satisfies the requirement for admission under the residual hearsay exception of Rule 807. Therefore, the Court should deny Plaintiffs' motion to strike.

## ARGUMENT

I. **DEFENDANTS' EXHIBITS SHOULD NOT BE STRICKEN BECAUSE THEY FAIRLY ADDRESS ARGUMENTS THAT PLAINTIFFS RAISED IN THEIR RESPONSE BRIEF.**

In their Opposition to Defendants' motion to transfer venue, Plaintiffs repeatedly insisted that the Defendants should be required to provide factual support for their motion. Plaintiffs asserted the following: "Defendants' claim, **without factual support**, that . . .(2) Illinois has no connection with the dispute..." and that "Defendants have failed to satisfy their heavy burden to prove, through 'undisputed facts presented to the Court by **affidavit**, deposition, stipulation, or other relevant documents,' that trial in the Western District of Texas is clearly more convenient from this District." (Docket #50, at 2) (emphasis added). Plaintiffs went on to argue that "[a] defendant's mere allegations will not support transfer of venue; the Court may consider 'only undisputed facts presented to the Court by affidavit, depositions, stipulation or other relevant documents....'" (*Id.*, at 2-3). Thus, the exhibits offered by the Defendants are exactly what Plaintiffs demanded. Plaintiffs cannot now argue that it is somehow improper for the Defendants to respond to Plaintiffs' call for such evidence with such evidence.

Indeed, it is well-established that a movant may submit new evidence in its reply brief so long as those materials address arguments raised in a response brief. *See, e.g.*, *Beck v. Univ. of Wisconsin Bd. of Regents*, 75 F.3d 1130, 1134 n.* (7th Cir. 1996) (recognizing that new evidence may be submitted with reply brief when they "respond[] to matters placed in issue by the opposition brief and do[] not spring upon the opposing party new reasons" for granting the motion); *U.S. v. Wittje*, 333 F. Supp. 2d 737, 741 n.2 (N.D. Ill. 2004) (denying motion to strike because new evidence related to matters raised in response brief); *Porter v. Fairbanks Capital Corp.*, No. 01 C 9106, 2003 U.S. Dist. LEXIS 8636, at *22 (N.D. Ill. May 21, 2003) (same); *Estates of Ament v. Townsend*, No. 98 C 1918, 1998 U.S. Dist. LEXIS 8448, at *13-14 (N.D. Ill. May 29, 1998) (same). As reflected in the first six pages of Defendants' reply brief, all of the exhibits directly address arguments that Plaintiffs raised in their response brief. Therefore, the Court should not strike any of the exhibits submitted with Defendants' reply brief, and it should not allow Plaintiffs any opportunity to conduct discovery or submit further briefing on the motion.

      **A.**      **Exhibits A, B, C, D and E directly refute Plaintiffs' speculation that their claims arise from exposure to pentachlorophenol preservatives that were delivered from the Stickney Plant to the Texas Plant.**

Defendants argued in the motion that all of the material events underlying Plaintiffs' alleged claims (*i.e.*, alleged exposure to allegedly toxic chemicals) occurred exclusively in the Western District. (Docket #26, at 10-11). In response, without any supporting evidence, Plaintiffs claimed that Defendants the Dow Chemical Company ("Dow"), Monsanto and Vulcan each supplied pentachlorophenol ("PCP") to the Stickney Plant, which Plaintiffs further speculate were then delivered to the Texas Plant where Plaintiffs allegedly were exposed. Based on this rank speculation, Plaintiffs manipulated Defendants' affirmative defenses to argue that

3

some of the material events underlying their alleged claims occurred in this District. (Docket #50, at 6-9).

In response to Plaintiffs' argument, Defendants submitted affidavits from five separate individuals that directly refute any suggestion that the alleged claims arise from exposure to PCP delivered from the Stickney Plant to the Texas Plant. Paragraphs six and seven of Exhibit A show that Koppers never used or received shipments of PCP at the Texas Plant since its purchase in 1995. Paragraphs six through nine of Exhibit B further show that Koppers has never manufactured, used, received or distributed PCP at the Stickney Plant since its corporate inception in 1988. Consistent with those affidavits, Exhibits C, D and E similarly confirm that Dow, Monsanto and Vulcan do not possess any records which suggest that they delivered PCP to the Stickney Plant.

These exhibits fairly address the arguments raised in Plaintiffs' response brief. Therefore, their submission with Defendants' reply brief was entirely proper, and the Court should deny Plaintiffs' motion to strike.

> **B.      Exhibits F, G and H directly address Plaintiffs' failure to acknowledge that thousands of non-party witnesses and nearly all of the Plaintiffs currently reside in Texas.**

Defendants argued in the motion that transfer is appropriate because, "[m]ost of the Plaintiffs, as well as the chief witnesses – including Plaintiffs' treating physicians – likely reside" in Texas. (Docket #26, at 12). In response, despite the fact that their counsel currently represent more than 500 Texas residents as plaintiffs in nearly identical lawsuits pending in the Western District, Plaintiffs complained that Defendants failed to specifically identify any non-party witnesses who reside outside of this District, and Plaintiffs further argued that transfer

4

would be inconvenient because four non-party witnesses and one of the Plaintiffs (Ms. Bullard) allegedly reside in this District. (Docket #50, at 3-6).

To address these arguments and Plaintiffs' troubling omissions in their response brief, Defendants attached three separate exhibits to their reply brief. Exhibit F shows that, five months before the filing of this action, Ms. Bullard and 76 other Plaintiffs intervened in a Texas state court action involving nearly identical claims as the claims in this case, which undermines any suggestion that those individuals would be unduly burdened by litigation in the Western District. Exhibit G further refutes Plaintiffs' arguments by specifically identifying nearly 1,800 non-party Texas witnesses, many of whom are clients of Plaintiffs' counsel, who would be inconvenienced by litigation in this District. Finally, Exhibit H demonstrates that one of the four non-party witnesses identified in Plaintiffs' response brief, Dr. Raja Khuri, is a plaintiffs' expert who lacks significant knowledge regarding any relevant issues in this case.

Once again, these exhibits fairly address the arguments raised in Plaintiffs' response brief. Therefore, their submission with Defendants' reply brief was entirely proper.

    **C.    Exhibit I directly addresses Plaintiffs' argument that transfer is improper because BNSF and its predecessor, ATSF, maintain corporate offices in this District.**

In addition to their baseless speculation that any PCP allegedly used at the Texas Plant was delivered from the Stickney Plant, Plaintiffs argued in their response brief that transfer is improper because BNSF's predecessor maintained corporate offices in this District and "made most if not all policy decisions underlying Plaintiffs' claims" in this District. (Docket #50, at 11). Plaintiffs attempted to further bolster this argument with the suggestion that "BNSF still maintains a corporate executive office" in this District. (*Id.*). To refute this argument, Defendants submitted as Exhibit I for their reply brief an affidavit which confirms that BNSF's

corporate headquarters and principal place of business are located in Texas, rather than Illinois. This exhibit fairly addresses the arguments raised in Plaintiffs' response brief, and its submission with Defendants' reply brief was entirely proper.

      **D.    Exhibit J directly addresses Plaintiffs' argument that the relative congestion of dockets weighs against transfer.**

In further opposition of the motion to transfer, Plaintiffs argued that the relative congestion of dockets in this District and the Western District does not favor transfer. To support this argument, Plaintiffs cited a number of out-dated judicial caseload statistics, but they failed to recognize that cases proceed from filing to trial almost twice as quickly in the Western District as in this District. Because this Court has previously held on numerous occasions that the median time from filing to trial is the appropriate measure for comparing the congestion of dockets, Defendants submitted Exhibit J for the Court's consideration. This exhibit fairly addresses the arguments raised in Plaintiffs' response brief, and its submission with Defendants' reply brief was proper.

      **E.    Exhibit K directly addresses Plaintiffs' failure to acknowledge the filing of six additional Texas lawsuits three weeks <u>after</u> the motion to transfer.**

Finally, Plaintiffs opposed the motion by arguing that transfer of this action would not result in judicial efficiency because the *Brinston* and *Davis* actions are no longer pending in the Western District. Curiously, Plaintiffs neglected to mention that, just a few weeks after Defendants filed the motion, their counsel filed six new cases against Koppers and BNSF in Texas state court. Plaintiffs further failed to mention that all of those six cases involve nearly identical claims and allegations as this case, and all of those cases are currently pending in the Western District. Those cases did not exist when Defendants filed the motion, so Defendants could not have discussed them in their original motion. Nevertheless, because Plaintiffs failed to

6

inform the Court of their existence, Defendants properly addressed Plaintiffs' omission by attaching a Complaint from one of the cases as Exhibit K of their reply brief.

## II. THE DISPUTED PORTIONS OF EXHIBITS B, C, D AND E DO NOT CONSTITUTE INADMISSIBLE HEARSAY.

As an alternative to their baseless request that this Court strike all of the reply exhibits as untimely, Plaintiffs contend that certain portions of various affidavits constitute inadmissible hearsay and, therefore, should be stricken. Notably, Plaintiffs do not cite any legal authority for this argument other than Federal Rule of Evidence 803, which specifically sets forth those categories of statements that are <u>not</u> inadmissible hearsay. In any event, because none of the disputed portions of the affidavits contain inadmissible hearsay, the Court should deny Plaintiffs' request to strike those portions.

Federal Rule of Evidence 803(7) specifically excepts from the hearsay rule any "[e]vidence that a matter is not included in" a company's business records "to prove the nonoccurrence or nonexistence of the matter . . . ." FED. R. EVID. 803(7) (West 2008). Accordingly, "[t]he absence of any record, or a negative record, is generally admissible into evidence over a hearsay objection." *U.S. v. Lee*, 589 F.2d 980, 987 (9th Cir. 1979). Consistent with this long-standing principle, courts in the Seventh Circuit routinely reject challenges to evidence that a search of business records uncovered no proof that a particular event occurred. *See, e.g.*, *United States v. Zeidman*, 540 F.2d 314, 318-19 (7th Cir. 1976) (concluding that trial court properly overruled hearsay objection to account manager's testimony that employee conducted normal search of files and reported no record of money collected); *Tickanen v. Harris & Harris, Ltd.*, 461 F. Supp. 2d 863, 867-68 (N.D. Ill. 2006) (holding affidavit regarding absence of correspondence in company records to prove that plaintiff did not reject change of credit agreement was admissible over hearsay objection).

### A.   Paragraphs 10 and 11 of Exhibit B do not contain inadmissible hearsay.

Plaintiffs contend that Paragraphs 10 and 11 of Exhibit B should be stricken. Plaintiffs' contention lacks merit because neither of those paragraphs contains inadmissible hearsay. The affiant, Michael J. Mancione, has been employed by Koppers since its corporate inception. (Mancione Aff. ¶ 2). Between 1988 and 2002, Mr. Mancione worked at the Stickney Plant with responsibilities for supervision of production and management of plant operations. (*Id.* ¶ 4). From 2002 to the present, Mr. Mancione has worked at Koppers' corporate headquarters in Pittsburgh, Pennsylvania, where his responsibilities include supervision of manufacturing and sales operations at the Stickney Plant. (*Id.* ¶ 3).

Based on his personal knowledge regarding production and sales operations at the Stickney Plant over the past 20 years, which as a matter of common sense includes familiarity with business records related to sales of products from the Stickney Plant, Mr. Mancione verified that Koppers does not possess any records that (a) PCP was delivered from the Stickney Plant to the Texas Plant at any time, or (b) any wood treatment preservatives were delivered from the Stickney Plant to the Texas Plant before 1996. (*Id.* ¶¶ 10-11). These statements do not constitute inadmissible hearsay, as Rule 803(7) specifically excepts from the hearsay rule any evidence that a particular matter is not included in a company's business records. Accordingly, the Court should deny Plaintiffs' motion to strike Paragraphs 10 and 11 of Exhibit B.

### B.   Lines 7 through 11 of Exhibit C do not contain inadmissible hearsay.

The product sales records of Vulcan's former chemicals business are maintained in an electronically-accessible database, which is available to Vulcan's affiant, Mr. Floyd, an attorney, from his desktop computer, as well as available to others, including paralegals under his supervision. When available records were electronically searched in this matter, it was

8

confirmed that there were no records of relevant sales, as explained in Mr. Floyd's affidavit. It is the absence of relevant business records, where such records would be found if they existed, that is the basis of Mr. Floyd's affidavit, which is based upon his personal knowledge. Conducting discovery concerning the information set forth in Mr. Floyd's affidavit would reveal no additional information to that contained in the affidavit, and would therefore be a waste of judicial and party resources.

### C. Paragraph 4 of Exhibit D does not contain inadmissible hearsay.

Dr. Kaley's statements that a review of Old Monsanto's business records conducted at his direction establishes the absence of any record of any sale of "... pentachlorophenol to Koppers Inc.'s Stickney Plant in Cook County, Illinois, or to Atchison, Topeka and Santa Fe Railway Company in Cook County, Illinois from 1970 to the present" (Kaley Aff. ¶ 4) is exactly the kind of evidence exempted from the hearsay rule by Rule 803(7) because it proves the nonoccurrence of an alleged event based on business records. As such, Plaintiffs' argument that it should be stricken is wrong and must be rejected.

Moreover, as will be discussed below, even if 803(7) did not apply to his statement, it should not be stricken, but instead should be given considerable weight because Dr. Kaley's long tenure with Old Monsanto and his direct involvement with that company's PCP products puts the content of paragraph four more than reasonably within the knowledge of someone in his position. Moreover, his statement is neither a vague generalization nor unsupported. Rather, it is quite specific as to time, place, and subject matter and it is supported not only by Dr. Kaley's personal knowledge, but on a review of Old Monsanto's sales records. Finally, as will also be discussed below, Dr. Kaley's statement is admissible under the residual hearsay exception of Rule 807 because: (1) it is sufficiently trustworthy as it was made under oath; (2) it is extremely

9

material and probative to the issue whether there is any connection between this case and Illinois; (3) it serves the interests of justice because it will aid the Court in deciding the Motion to Transfer Venue by clarifying Plaintiffs' mistaken allegation that Old Monsanto supplied PCPs to the Kopper's facility in Illinois; and (4) because Monsanto made Dr. Kaley's statements, its intention to rely on the same, and the particulars of the same known to plaintiffs sufficiently in advance of any hearing on the pending Motion to Transfer Venue.  Thus, paragraph four of Dr. Kaley's affidavit should be considered by this Court in deciding on the pending Motion to Transfer Venue.

> **D.  Paragraphs 2 through 4 of Exhibit E do not contain inadmissible hearsay.**

Plaintiffs argue that Paragraphs 2 through 4 of Exhibit E, the affidavit of Ellen Burchfield, should be stricken on the ground that they allegedly contain inadmissible hearsay. This argument is without merit.  As discussed above, Ms. Burchfield's affidavit falls under Federal Rule of Evidence 803(7), and is thus not governed by the general hearsay rule.  Her affidavit is evidence that a matter -- in this case records of any sales of PCP to Koppers Inc. or Atchison, Topeka and Santa Fe Railway Company in the state of Illinois – is not included in the sales records of PCP that are maintained by Dow in its regular course of business.  This evidence, offered to prove the "nonoccurrence or nonexistence" of such sales, falls squarely under the ambit of Rule 807(3).

In addition, Plaintiffs have not, and cannot, offer any reason to question the trustworthiness of Ms. Burchfield's statement.  Ms. Burchfield is employed as a paralegal at Dow (Burchfield Aff. ¶ 1) and is familiar with the records of Dow's sales of PCP.  Her statement was made under oath and is based on her personal knowledge of the search of these business records that was performed at her direction.  Moreover, Ms. Burchfield's affidavit is both

material and probative to the question of whether venue is proper in Illinois, and the interests of justice in resolving that question will best be served by the admission of the statement into evidence. For these same reasons, Ms. Burchfield's affidavit is sufficiently trustworthy to warrant protection from exclusion under Federal Rule of Evidence 807, should the Court find that Rule 803(7) does not apply.

Finally, Ms. Burchfield's statements are simply not hearsay. Her affidavit is based on her personal knowledge and experience as a paralegal, her "review of corporate records and other documents maintained by Dow in the regular course of business," and information from colleagues and others with knowledge of pertinent facts concerning Dow's sales of pentachlorophenol. (*Id.* at ¶ 2). Ms. Burchfield has personal knowledge of how she obtained the information to which she averred.

### III. PLAINTIFFS' ARGUMENTS CONFUSE THE ISSUES OF ADMISSIBILITY AND WEIGHT.

In addition, Plaintiffs' argument that the disputed portions of the challenged exhibits should be stricken as inadmissible hearsay confuses the issues of admissibility and weight. In *Dirks v. Pioneer Financial Services, Inc.*, No. 97 C 3906, 1997 WL 587702, *1 (N.D. Ill. Sep. 18, 1997), the Court was urged to strike the declaration of a plaintiff opposing a transfer of venue on the basis that it contained hearsay. The court refused to strike the declaration, however, holding that despite the alleged hearsay, it would "accord plaintiff's statements with the weight that they deserve in observance of the principles of the Federal Rules of Evidence." *Id.* at *1. Here, the affiants' statements warrant considerable weight given that they are long-time employees of their respective companies who were either directly involved with their respective company's chemical products or the business records related to the same. Moreover, given the passage of time and the breadth of the Defendants' businesses, that the affiants directed that their

companies' business records be reviewed rather than relying on their memory alone makes the exhibits even more reliable, not less. Thus, as in *Dirks*, the Court should not strike the challenged portions of those affidavits, but, instead, should grant them considerable weight in deciding Defendants' Motion to Transfer Venue.

Similarly, in *Search Force, Inc. v. Dataforce Intern. Inc.*, 112 F. Supp. 2d 771 (S.D. Ind. 2000), the court refused to strike plaintiff's affidavit in opposition to defendant's motion to dismiss or transfer venue despite its alleged hearsay nature. There, the court held that it would consider as "evidence" those statements that were not "merely vague generalizations or unsupported allegations." *Id.* at 775. Moreover, the Court noted that it would consider such evidence particularly where the statements of the affiant "appear to be reasonably within the knowledge of someone in [the affiant's] position – i.e., a senior officer of a corporation." *Id.* Here, the affiants' long tenure with their respective companies and their direct involvement with their company's products and business records puts the content of their affidavits more than reasonably within the knowledge of someone in their positions. Moreover, none of the challenged statements are vague generalizations or unsupported allegations. Rather, they are quite specific as to time, place, and subject matter and are supported not only by the affiants' personal knowledge, but by review of their respective business records. Thus, as in *Search Force*, the challenged statements should be considered by this Court in deciding the pending Motion to Transfer Venue.

**IV. THE CHALLENGED STATEMENTS ARE ADMISSIBLE UNDER THE RESIDUAL HEARSAY EXCEPTION OF RULE 807.**

Furthermore, the challenged statements fall under the hearsay exception of Federal Rule of Evidence 807 and thus, for this reason alone, should not be stricken. Under this residual exception, hearsay statements are admissible provided they are sufficiently trustworthy, material,

probative, in the interests of justice, and given to opposing parties with sufficient notice. *See F.T.C. v. Amy Travel Service, Inc.*, 875 F.2d 564, 576 (7th Cir. 1989) (citing Rule 803 (24), recodifed to Rule 807). In this case, the disputed statements are sufficiently trustworthy because they were all: (a) made under oath; (b) they are extremely material and probative to the issue of whether there is any connection between this case and Illinois; (c) they serve the interests of justice because they will aid the Court in deciding the Motion to Transfer Venue by clarifying Plaintiffs' mistaken allegation that any of the Defendants supplied PCP to the Stickney Plant; and (d) the statements are timely because the Defendants made the statements, their intention to rely on the same, and the particulars of the same known to Plaintiffs sufficiently in advance of any hearing on the pending Motion to Transfer Venue which this Court has postponed pending resolution of Plaintiffs' Petition for Appeal from this Court's order denying their motion to remand.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Amended Motion to Strike and Objections to Defendants' Exhibit.

Dated: July 9, 2008

Respectfully submitted,

BNSF RAILWAY COMPANY

By: /s/ Daniel J. Mohan

Daniel J. Mohan (6187721)
Daley & Mohan, PC
150 N. Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 422-9999
Facsimile: (312) 201-9368

**Attorneys for Defendant, BNSF Railway Company**

Respectfully submitted,

KOPPERS INC.

By: /s/ Robert L. Shuftan

Robert L. Shuftan (3124475)
Brent R. Austin (6220501)
Leonard S. Kurfirst (6187651)
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 201-2000
Facsimile: (312) 201-2555

**Attorneys for Defendant, Koppers Inc.**

Respectfully submitted,

MONSANTO COMPANY

By: /s/ Darren VanPuymbrouck

Darren VanPuymbrouck (6193910)
Marla R. Shade (6273036)
Renee C. Kelley (6289904)
Schiff Hardin LLP
6600 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6473
Telephone: (312) 258-5559
Facsimile: (312) 258-5600

**Attorneys for Defendant, Monsanto Company**

Respectfully submitted,

THE DOW CHEMICAL COMPANY


By: /s/ Lise T. Spacapan

Lise T. Spacapan (6188257)
Gabrielle Sigel (6186108)
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

**Attorneys for Defendant, The Dow Chemical Company**



Respectfully submitted,

VULCAN MATERIALS COMPANY


By: /s/ Larry J. Chilton


Larry J. Chilton (6185236)
Chilton Yambert Porter & Young LLP
150 South Wacker Drive, Suite 2400
Chicago, Illinois  60606
Telephone: (312) 460-8000
Facsimile: (312) 460-8299

Stephen C. Dillard (Admitted Pro hoc)
Fulbright & Jaworski L.L.P.
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5507
Facsimile:  (713) 651-5246

**Attorneys for Defendant, Vulcan Materials Company**

## CERTIFICATE OF SERVICE

  The undersigned attorney states that a copy of <u>Defendants' Joint Response in Opposition to Plaintiffs' Amended Motion to Strike and Objections to Defendants' Exhibits</u> was served upon the following counsel of record by means of the Court's electronic filing system (CM/ECF) this 9th day of July, 2008:

| | |
|---|---|
| James L. "Larry" Wright<br>Watts Law Firm, LLC<br>111 Congress Avenue, Suite 1000<br>Austin, Texas 78701 | Robert L. Shuftan<br>Brent R. Austin<br>Leonard S. Kurfirst<br>Wildman, Harrold, Allen & Dixon LLP<br>225 W. Wacker Drive, Suite 3000<br>Chicago, Illinois 60606<br>*Attorneys for Defendant, Koppers Inc.* |
| Dwight E. Jefferson<br>Dwight E. Jefferson, P.L.L.C.<br>405 Main Street, Suite 950<br>Houston, Texas 77002 | |
| Grover G. Hankins<br>The Hankins Law Firm<br>440 Louisiana Street, Suite 725<br>Houston, Texas 77002 | Lise T. Spacapan<br>Gabrielle Sigel<br>Jenner & Block LLP<br>330 N. Wabash Avenue<br>Chicago, Illinois 60611-7603<br>*Attorneys for Defendant, The Dow Chemical Company* |
| David S. Jasmer<br>Davis S. Jasmer, LLC<br>111 W. Washington Street, Suite 1150<br>Chicago, Illinois 60602<br><br>*Attorneys for Plaintiffs* | |
| | Larry J. Chilton<br>Chilton Yambert Porter & Young LLP<br>150 South Wacker Drive, Suite 2400<br>Chicago, Illinois 60606 |
| | Stephen C. Dillard<br>Fulbright & Jaworski L.L.P.<br>Fulbright Tower<br>1301 McKinney, Suite 5100<br>Houston, Texas  77010-3095<br>Telephone:  (713) 651-5507<br>Facsimile:  (713) 651-5246<br>*Attorneys for Defendant, Vulcan Materials Company* |

>Daniel J. Mohan
>Daley & Mohan, PC150 N. Wacker Drive
>Chicago, Illinois 60606
>*Attorneys for Defendant, BNSF Railway Company*
>
>  /s/ Darren VanPuymbrouck

CH1\5871729.3